CLARK A. WALDON (SBN 312696)
CWaldon@HollandLawLLP.com
CHRISTOPHER T. HOLLAND (SBN 164053)
CHolland@HollandLawLLP.com
**HOLLAND LAW LLP**
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone:     (415) 200-4980
Facsimile:     (415) 200-4989

Attorneys for Defendant and Counterclaimant
TRRS MAGNATE LLC
d/b/a HYDRA CUP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, | Case No.: 2:22-cv-02222-TLN-CKD |
| Plaintiff and Counterdefendant, | **DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | **JURY TRIAL DEMANDED** |
| TRRS MAGNATE LLC d/b/a HYDRA CUP, a California limited liability company, | |
| Defendant and Counterclaimant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant and Counterclaimant TRRS Magnate LLC d/b/a Hydra Cup ("Defendant" or "Hydra Cup"), by and through its attorneys, hereby answers the Complaint of Plaintiff and Counterdefendant Trove Brands, LLC d/b/a The BlenderBottle Company ("Plaintiff" or "BlenderBottle") in paragraphs numbered to correspond with those of the Complaint, as follows:

Defendant denies each and every allegation contained in the Complaint, except as specifically and expressly admitted or explained herein. To the extent that the headings or any other non-numbered statements in the Complaint are found to contain any allegations to which Defendant should respond, Defendant denies each and every such allegation.

## I.   NATURE OF THE ACTION

1.      Defendant admits that Plaintiff seeks the relief it describes in Paragraph 1 but denies all remaining allegations, including but not limited to that Plaintiff is entitled to such relief.

## II.   PARTIES

2.      Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 2, and on that basis denies each and every allegation contained therein.

3.      Defendant admits the allegations of Paragraph 3.

## III.   JURISDICTION AND VENUE

4.      Defendant admits that this Court has jurisdiction over Plaintiff's alleged claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and 15 U.S.C. § 1121, and that Plaintiff asserts claims and seeks relief pursuant to 35 U.S.C. §§ 271 and 281 and 15 U.S.C. §§ 1114, 1116, and 1125(a).  However, Defendant denies that any of Plaintiff's claims against it are valid, and further denies that the asserted design patents and/or trade dress are valid, enforceable, and/or infringed. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 4.

5.      Defendant admits that this Court has personal jurisdiction over it solely with respect to the claims in the instant action.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 5.

6.      Defendant admits that this judicial district is a proper venue with respect to the claims in the instant action and that Hydra Cup's principal place of business is in this District. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 6.

## IV.    GENERAL ALLEGATIONS

7.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 7, and on that basis denies each and every allegation contained therein.

8.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, and on that basis denies each and every allegation contained therein.

9.    Defendant admits that Exhibit 1 to the Complaint appears to be a true and correct copy of the asserted D510,235 Patent (the "D235 Patent"). Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D235 Patent and on that basis denies those allegations. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 9.

10.    Defendant admits that Exhibit 2 to the Complaint appears to be a true and correct copy of the asserted D696,551 Patent (the "D551 Patent"). Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D551 Patent and on that basis denies those allegations. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 10.

11.    Defendant admits that Exhibit 3 to the Complaint appears to be a true and correct copy of the asserted D697,798 Patent (the "D798 Patent"). Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D798 Patent and on that basis denies those allegations. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 11.

12.    Defendant denies each and every allegation of Paragraph 12.

13.    Defendant denies each and every allegation of Paragraph 13.

14.    Defendant denies each and every allegation of Paragraph 14.

15.    Defendant denies each and every allegation of Paragraph 15.

16.    Defendant denies each and every allegation of Paragraph 16.

17.    Defendant denies each and every allegation of Paragraph 17.

18.    Defendant admits that Exhibit 4 to the Complaint appears to be a true and correct copy of the asserted U.S. Trademark Registration No. 6,245,626 (the "Agitator Trade Dress").

Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 18.

19. Defendant denies each and every allegation of Paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 20, and on that basis denies each and every allegation contained therein.

21. Defendant denies each and every allegation of Paragraph 21.

22. Defendant denies each and every allegation of Paragraph 22.

23. Defendant denies each and every allegation of Paragraph 23.

24. Defendant denies each and every allegation of Paragraph 24.

25. Defendant denies each and every allegation of Paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff sells its products and on that basis denies those allegations.  Defendant denies all of the remaining allegations of Paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to references of Plaintiff's products by the media and on that basis denies those allegations. Defendant denies all of the remaining allegations of Paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to references of Plaintiff's products by the media and on that basis denies those allegations. Defendant denies all of the remaining allegations of Paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 29, and on that basis denies each and every allegation contained therein.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 30, and on that basis denies each and every allegation contained therein.

31. Defendant denies each and every allegation of Paragraph 31.

32. Defendant denies each and every allegation of Paragraph 32.

33. Defendant denies each and every allegation of Paragraph 33.

34. Defendant denies each and every allegation of Paragraph 34.

35. Defendant denies each and every allegation of Paragraph 35.

36. Defendant denies each and every allegation of Paragraph 36.

**D'S ANSWER AND COUNTERCLAIMS**
Case No. 2:22-cv-02222-TLN-CKD

37.     Defendant denies each and every allegation of Paragraph 37.

38.     Defendant denies each and every allegation of Paragraph 38.

39.     Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's corporate logo or Plaintiff's use of same, and on that basis denies those allegations. Defendant denies all of the remaining allegations of Paragraph 39.

40.     Defendant denies each and every allegation of Paragraph 40.

41.     Defendant admits that it has sold, offered for sale, advertised, and/or imported the ten (10) Hydra Cup Shaker Bottles shown in Paragraph 41.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 41, including but not limited to that those shaker bottles infringe any of Plaintiff's alleged intellectual property rights.

42.     Defendant admits that it has sold, offered for sale, advertised, and/or imported certain shaker bottles that include lids.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 42, including but not limited to that those shaker bottles and/or lids infringe any of Plaintiff's alleged intellectual property rights.

43.     Defendant admits that Exhibit 5 to the Complaint appears to be a true and correct copy of a letter Plaintiff sent to Defendant dated January 21, 2021, which Defendant responded to by letter on or around February 11, 2021.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 43, including but not limited to that Defendant's products infringe any of Plaintiff's asserted intellectual property rights.

44.     Defendant admits that it has sold shaker bottles with the labels shown in Paragraph 44.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 44, including but not limited to that those labels infringe any of Plaintiff's alleged Label Trade Dress.

45.     Defendant admits that Exhibit 6 to the Complaint appears to be a true and correct copy of a letter Plaintiff sent to Defendant dated March 21, 2022.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 45, including but not limited to that Defendant's products infringe Plaintiff's alleged Label Trade Dress and/or any of Plaintiff's other asserted intellectual property rights.

46.     Defendant admits that Exhibit 7 to the Complaint appears to be a true and correct copy of a letter Plaintiff sent to Defendant dated August 17, 2022, which Defendant responded to by letter on or around August 30, 2022.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 46, including but not limited to that Defendant's products infringe any of Plaintiff's asserted intellectual property rights.

47.     Defendant admits that it continues to sell shaker bottles.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 47, including but not limited to that Defendant's products infringe any of Plaintiff's asserted intellectual property rights.

48.     Defendant denies each and every allegation of Paragraph 48.

49.     Defendant denies each and every allegation of Paragraph 49.

50.     Defendant denies each and every allegation of Paragraph 50.

51.     Defendant denies each and every allegation of Paragraph 51.

52.     Defendant denies each and every allegation of Paragraph 52.

## V.     FIRST CLAIM FOR RELIEF

## PATENT INFRINGEMENT (35 U.S.C. § 271)

53.     As to Paragraph 53 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 52 of the Complaint, and its other responses above, as though set forth here in full.

54.     Defendant admits that Plaintiff is asserting a claim for patent infringement under 35 U.S.C. § 271.  Defendant denies the remaining allegations of Paragraph 54, including but not limited to that Defendant's products infringe any of the patents asserted by Plaintiff.

55.     Defendant denies each and every allegation of Paragraph 55.

56.     Defendant denies each and every allegation of Paragraph 56.

57.     Defendant denies each and every allegation of Paragraph 57.

58.     Defendant is without knowledge or information sufficient to form a belief regarding the *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008) case cited by Plaintiff, and on that basis denies those allegations.  Defendant denies the remaining

allegations of Paragraph 58, including but not limited to that Defendant's products infringe any of the patents asserted by Plaintiff.

59.     Defendant denies each and every allegation of Paragraph 59.

60.     Defendant denies each and every allegation of Paragraph 60.

61.     Defendant denies each and every allegation of Paragraph 61.

62.     Defendant denies each and every allegation of Paragraph 62.

## VI.     SECOND CLAIM FOR RELIEF

## DEFENDANT'S TRADE DRESS INFRINGEMENT (15 U.S.C §1125(a))

63.     As to Paragraph 63 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 62 of the Complaint, and its other responses above, as though set forth here in full.

64.     Defendant admits that Plaintiff is asserting a claim for patent infringement under 15 U.S.C. § 1125(a).  Defendant denies the remaining allegations of Paragraph 64, including but not limited to that Defendant's products infringe the trade dress asserted by Plaintiff.

65.     Defendant denies each and every allegation of Paragraph 65.

66.     Defendant denies each and every allegation of Paragraph 66.

67.     Defendant denies each and every allegation of Paragraph 67.

68.     Defendant denies each and every allegation of Paragraph 68.

69.     Defendant denies each and every allegation of Paragraph 69.

70.     Defendant denies each and every allegation of Paragraph 70.

71.     Defendant denies each and every allegation of Paragraph 71.

72.     Defendant denies each and every allegation of Paragraph 72.

73.     Defendant denies each and every allegation of Paragraph 73.

## VII.     THIRD CLAIM FOR RELIEF

## TRADE DRESS INFRINGEMENT (15 U.S.C §1114)

74.     As to Paragraph 74 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 73 of the Complaint, and its other responses above, as though set forth here in full.

75.     Defendant admits that Plaintiff is asserting a claim for trade dress infringement under 15 U.S.C. § 1114.  Defendant denies the remaining allegations of Paragraph 75, including but not limited to that Defendant's products infringe the trade dress asserted by Plaintiff.

76.     Defendant denies each and every allegation of Paragraph 76.

77.     Defendant denies each and every allegation of Paragraph 77.

78.     Defendant denies each and every allegation of Paragraph 78.

79.     Defendant denies each and every allegation of Paragraph 79.

80.     Defendant denies each and every allegation of Paragraph 80.

### VIII.     FOURTH CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN, PASSING OFF, & FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

81.     As to Paragraph 81 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 80 of the Complaint, and its other responses above, as though set forth here in full.

82.     Defendant admits that Plaintiff is asserting a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).  Defendant denies the remaining allegations of Paragraph 82, including but not limited to that Defendant has unfairly competed with Plaintiff and/or falsely designated the origin of its products.

83.     Defendant denies each and every allegation of Paragraph 83.

84.     Defendant denies each and every allegation of Paragraph 84.

85.     Defendant denies each and every allegation of Paragraph 85.

86.     Defendant denies each and every allegation of Paragraph 86.

87.     Defendant denies each and every allegation of Paragraph 87.

88.     Defendant denies each and every allegation of Paragraph 88.

89.     Defendant denies each and every allegation of Paragraph 89.

### IX.     FIFTH CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE (Cal. Bus. & Prof. Code §§ 17200, *et. seq.*)

90.     As to Paragraph 90 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 89 of the Complaint, and its other responses above, as though set forth here in full.

91.     Defendant admits that Plaintiff is asserting a claim for unfair competition under California Business & Professions Code §§ 17200, et seq.  Defendant denies the remaining allegations of Paragraph 91, including but not limited to that Defendant has unfairly competed with Plaintiff.

92.     Defendant denies each and every allegation of Paragraph 92.

93.     Defendant denies each and every allegation of Paragraph 93.

94.     Defendant denies each and every allegation of Paragraph 94.

## X.     SIXTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

### (California Common Law)

95.     As to Paragraph 95 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 94 of the Complaint, and its other responses above, as though set forth here in full.

96.     Defendant admits that Plaintiff is asserting a claim for unfair competition under California common law.  Defendant denies the remaining allegations of Paragraph 96, including but not limited to that Defendant has unfairly competed with Plaintiff.

97.     Defendant denies each and every allegation of Paragraph 97.

98.     Defendant denies each and every allegation of Paragraph 98.

99.     Defendant denies each and every allegation of Paragraph 99.

100.    Defendant denies each and every allegation of Paragraph 100.

## XI.     PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in its Complaint, or any portion thereof and/or any other form of relief whatsoever. If anything, Defendant should be awarded its fees and costs in connection with responding to the allegations of Plaintiff's Complaint.

### **AFFIRMATIVE DEFENSES**

In further response to the Complaint, Defendant asserts the following defenses. Defendant reserves the right to amend its Answer with additional, supplemental, and or different defenses as its investigation and discovery in this case may merit, and as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.      Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Lacks Standing)**

2.      Plaintiff's claims are barred, in whole or in part, because it lacks standing, including but not limited to because, upon information and belief, Plaintiff does not own or otherwise have the right to enforce the asserted patents and trade dresses.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Patent Non-Infringement)**

3.      Plaintiff's patent infringement claims are barred, in whole or in part, because Defendant has not infringed any of Plaintiff's asserted patents or any claims thereof.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Patent Invalidity Under 35 U.S.C. §§ 102 and 103)**

4.      Plaintiff's patent infringement claims are barred, in whole or in part, because, upon information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is invalid, unenforceable, and void because they fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102 and/or 103.

### **FIFTH AFFIRMATIVE DEFENSE**

### **(Patent Invalidity Under 35 U.S.C. §§ 101, 112, and 171)**

5.      Plaintiff's patent infringement claims are barred, in whole or in part, because, upon information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is

invalid, unenforceable, and void because they fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 112, and/or 171.

### SIXTH AFFIRMATIVE DEFENSE

**(Patent Invalidity – Designs Primarily Functional)**

6.      Plaintiff's patent infringement claims are barred, in whole or in part, because, upon information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is invalid, unenforceable, and void because the claimed designs are primarily functional rather than ornamental.  At a minimum, the scope of the claimed designs should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed designs.

### SEVENTH AFFIRMATIVE DEFENSE

**(Patent Misuse)**

7.      Plaintiff's patent infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, Plaintiff has misused the asserted patents by attempting to impermissibly broaden the physical and/or temporal scope of the patents with anticompetitive effect.  Plaintiff's patent misuse includes without limitation its assertion of its invalid and/or vastly narrow and limited patent rights against numerous competitors in the beverage container industry for the sole purpose of stifling competition without any good-faith infringement or other legal claims, and by attempting to impermissibly extend the life of its design and utility patents by registering them as trade dresses and asserting those trade dress registrations along with unregistered ones against Defendant and numerous other competitors.

### EIGTH AFFIRMATIVE DEFENSE

**(Limitation on Patent Infringement Damages Under 35 U.S.C. § 286)**

8.      Plaintiff's alleged damages for patent infringement are limited to the six (6) years before it filed the Complaint pursuant to 35 U.S.C. § 286.

### NINTH AFFIRMATIVE DEFENSE

**(Trade Dress Non-Infringement)**

**D'S ANSWER AND COUNTERCLAIMS**
Case No. 2:22-cv-02222-TLN-CKD

9.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because Defendant has not infringed any of Plaintiff's asserted trade dresses or any claims thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Trade Dress Invalidity - Nondistinctive)

10.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the trade dresses asserted by Plaintiff, and each and every design feature thereof, are invalid, unenforceable, and void because they are generic, not inherently distinctive, and have not acquired distinctiveness through secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Trade Dress Invalidity - Functional)

11.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the trade dresses asserted by Plaintiff, and each and every design feature thereof, are invalid, unenforceable, and void because they are functional.  At a minimum, the scope of the claimed trade dresses should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed features.

## TWELFTH AFFIRMATIVE DEFENSE

### (Trade Dress Abandonment Through Non-Use)

12.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, Plaintiff has abandoned any and all rights in the asserted trade dresses by non-use of the trade dresses with the express or implied intent not to resume their use.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Trade Dress Abandonment - Becoming Generic or Losing Significance)

13.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the asserted trade dresses have become

generic or otherwise have lost trade dress significance including but not limited due to Plaintiff's failure to control third-party uses of the alleged trade dresses.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Remote Good Faith User)

14.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, under the remote good faith user doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Senior User of Trade Dresses)

15.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part because, upon information and belief, Defendant is the senior user of the asserted trade dresses.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

16.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part because, upon information and belief, any use of the asserted trade dresses was a fair use.

## SEVENTEETH AFFIRMATIVE DEFENSE

### (Trade Dress Misuse)

17.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, Plaintiff has misused the asserted trade dresses by attempting to impermissibly broaden the physical and/or temporal scope of both its asserted trade dresses and patents with anticompetitive effect.  Plaintiff's trade dress misuse includes without limitation its assertion of its invalid and/or vastly overbroad, vague, and/or ambiguous trade dresses against numerous competitors in the beverage container industry for the sole purpose of stifling competition without any good-faith infringement or other legal claims, and by attempting to impermissibly extend the life of its design and utility patents by registering them as trade dresses and asserting those trade dress registrations along with unregistered ones against Defendant and numerous other competitors.

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      18.     Plaintiff's claims are barred, in whole or in part, because, on information and

4    belief, Plaintiff has engaged in unconscionable conduct that has an immediate and necessary

5    relation to the matters at issue in the case and is attempting to benefit from that unconscionable

6    conduct.

7

## NINETEENTH AFFIRMATIVE DEFENSE

8

### (Statute of Limitations)

9      19.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of

10    limitations, including but not limited to 35 U.S.C. § 286, Cal. Civ. Proc. Code § 337, 338, 340,

11    and/or 343, and/or Cal. Bus. & Prof. Code § 17208.

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

### (Acquiescence)

14      20.     Plaintiff's claims are barred, in whole or in part, because, on information and

15    belief, Plaintiff has implicitly and/or explicitly acquiesced to the conduct described in the

16    Complaint and has therefore waived any purported claim for relief against Defendant.

17

## TWENTY-FIRST AFFIRMATIVE DEFENSE

18

### (Antitrust)

19      21.     Plaintiff's claims are barred, in whole or in part, because, on information and

20    belief, Plaintiff's alleged patents and/or trade dresses have been or are being used to violate the

21    antitrust laws of the United States.

22

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23

### (Estoppel)

24      22.     Plaintiff's claims are barred, in whole or in part because, upon information and

25    belief, Plaintiff unreasonably delayed in filing this action, and Defendant's detrimental reliance

26    upon that delay and/or non-enforcement activity estops Plaintiff from asserting any prospective

27    relief.

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Laches)**

23.     Plaintiff's claims are barred, in whole or in part, because, upon information and belief, Plaintiff unreasonably delayed in filing this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

24.     Plaintiff's claims are barred, in whole or in part, because, upon information and belief, Plaintiff is seeking to recover more than it is entitled to recover under the circumstances of this case (any amount of which Defendant expressly denies), and as such, an award of any recovery by Plaintiff would constitute unjust enrichment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Public Policy)**

25.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims and its actions violate public policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(No Basis for Enhanced Damages)**

26.     Any conduct of Defendant was in good faith and/or non-willful and precludes all claims for enhanced damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Basis for Attorneys' Fees)**

27.     Plaintiff has failed to allege an adequate and/or reasonable basis upon which to seek attorneys' fees.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Equitable and/or Injunctive Relief)**

28.     If Plaintiff suffered any injury (which Defendant does not concede), it could be adequately compensated in an action at law, and accordingly, Plaintiff is not entitled to equitable relief.  Further, Plaintiff has not suffered any harm, including the type of irreparable harm required to support its claim for injunctive relief.

### COUNTERCLAIMS

Defendant and Counterclaimant TRRS Magnate LLC d/b/a Hydra Cup ("Counterclaimant" or "Hydra Cup"), by way of counterclaims against Plaintiff and Counterdefendant Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company ("Counterdefendant" or "BlenderBottle"), alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 1367, 2201, and 2202, and 15 U.S.C. §§ 1119 and 1121(a).

2.      This Court has personal jurisdiction over BlenderBottle because Hydra Cup's causes of action arise, in whole or in part, from BlenderBottle's activities within the State of California, including but not limited to BlenderBottle's purposeful availment of the benefits and protections of the State of California by filing the current lawsuit in the U.S. District Court for the Eastern District of California against Hydra Cup.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a).

## PARTIES

4.      Hydra Cup is a California limited liability company with a principal place of business located in Manteca, California.  Hydra Cup designs and sells shaker bottles and other fitness-related products.

5.      Hydra Cup is informed and believes and thereon alleges that BlenderBottle is a Utah limited liability company with a principal place of business located in Lehi, Utah.

## FACTUAL ALLEGATIONS

6.      Hydra Cup is a fitness company that has been in operation for over a decade.  Ever since its inception in 2011, Hydra Cup has designed and developed innovative and high-quality shaker bottles and other related fitness products.  Hydra Cup has put an extensive amount of time and effort into protecting its own intellectual property, including obtaining and licensing multiple utility and design patents.  Hydra Cup also conducts due diligence to ensure its products do not infringe upon the intellectual property rights of others.

7.      An actual and justiciable controversy exists between Hydra Cup and BlenderBottle concerning the alleged infringement and/or validity of the claims of the following United States patents and trade dresses (which are included in or attached to the Complaint with the exhibit or paragraph numbers listed below) because BlenderBottle filed the instant Complaint alleging that Hydra Cup infringes these patents and trade dresses:

| Plaintiff's Exhibit No. | Patent Number | Title |
|---|---|---|
| 1 | D510,235 (the "D'235 Patent") | BOTTLE |
| 2 | D696,551 (the "D'551 Patent") | BOTTLE LID HAVING INTEGRATED HANDLE |
| 3 | D697,798 (the "D'798 Patent") | CONTAINER |
| Plaintiff's Exhibit No. | Registered Trade Dress Number | Description |
| 4 | 6,245,626 (the "Agitator Trade Dress") | The mark consists of a three-dimensional configuration of a beverage agitator consisting of a wire that is wound to symmetrically define the shape of a sphere. |
| Plaintiff's Paragraph Nos. | Unregistered Trade Dress | Description |
| 13-14 | the "Bottle Trade Dress" | A tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and the brackets host a pivoting arm containing a circular spout closure element. |
| 21-22 | The "Label Trade Dress" | A label wrapping around the circumference of the bottle, a thick black center band, grey trimming on the top and bottom of the black band with a tab for displaying black text, and white text centered within a portion of the black band displaying a logo, company name, and product name. |

8.      However, Hydra Cup has not infringed, and does not infringe, any of BlenderBottle's asserted patents, which in any event are invalid because, without limitation, the claimed designs are anticipated and/or obvious over the prior art and/or are primarily functional rather than ornamental.  At a minimum, the scope of the claimed designs should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed designs.

9.      Additionally, Hydra Cup's products accused of infringing BlenderBottle's design patents embody designs from other design patents Hydra Cup licenses, including without limitation U.S. Design Patent No. D666,047 (the "D'047 Patent") and U.S. Design Patent No. D766,029 (the "D'029 Patent").  On information and belief, BlenderBottle has never challenged the validity of these patents, which were filed in 2011 and 2015, respectively.

10.     Specifically, the D'047 Patent licensed by Hydra Cup is referenced as prior art in both the D'798 and D'551 Patents asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'798 and D'551 Patents including without limitation because the accused designs predate the asserted patents.

11.     Moreover, the D'047 and D'235 Patents licensed by Hydra Cup both reference BlenderBottle's asserted D'235 Patent as prior art, meaning that, among other things, the USPTO has already determined that the designs featured in the D'047 and D'235 Patents are entitled to their own patent protection even in view of the D'235 Patent.

12.     Further, Hydra Cup has not infringed, and does not infringe, any of BlenderBottle's asserted trade dresses, which in any event are invalid because, without limitation, the claimed product designs are generic, not inherently distinctive, functional, vague, ambiguous, overbroad, abandoned, and/or have not acquired distinctiveness through secondary meaning.

13.     Note that the non-infringement allegations herein are not admissions regarding non-functionality of the claimed designs and/or regarding any purported point of novelty of the claimed designs.  Hydra Cup reserves the right to add additional and/or different prior art references based on further investigation and discovery.

**D'S ANSWER AND COUNTERCLAIMS**
Case No. 2:22-cv-02222-TLN-CKD

14.     BlenderBottle's patent and trade dress infringement allegations in the Complaint in this action provide a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment as requested herein.

## FIRST CAUSE OF ACTION

### (Declaratory Relief as to the D'235 Patent: Non-Infringement)

15.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

16.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

17.     Hydra Cup does not infringe the D'235 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the accused products are the same as the design claimed in the D'235 Patent.

18.     The D'235 Patent, entitled "BOTTLE," was filed with the USPTO on September 9, 2003.  *See* Plaintiff's Exhibit ("PE") 1.  The D'235 Patent issued on October 4, 2005, and claims "[t]he ornamental design for a bottle, as shown and described."  *Id.* at 1.

19.     Specifically, the accused products are substantially different from the claimed design in at least the following respects, by way of example only and without limitation:

- The bottles have differences related to height, width, circumference, surface ornamentation, branding and labeling, and indentations;
- The bottle of the D'235 Patent has a design element for volumetric measurement and a vertical, oval-shaped grip element containing five smaller elongated, oval-shaped vertical grip elements within it that do not appear on the accused products;
- The spout and cap shapes on the lid are different;
- The spouts differ in height;

**D'S ANSWER AND COUNTERCLAIMS**
Case No. 2:22-cv-02222-TLN-CKD

- The lid domes have different shapes, curvatures, and volumes; and

- The surface ornamentations on the lids are not the same.

20.     Moreover, the D'047 and D'235 Patents licensed by Hydra Cup both reference BlenderBottle's asserted D'235 Patent as prior art, meaning that the USPTO has already determined that the designs are entitled to their own design patent protection even in view of the D'235 Patent.  Thus, Hydra Cup's accused products embodying the D'047 and D'235 Patents cannot infringe the asserted D'235 Patent.

21.     For at least these reasons, Hydra Cup's accused products do not infringe the D'235 Patent.

22.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the D'235 Patent or otherwise violate state or federal statutory or common law.

### SECOND CAUSE OF ACTION

### (Declaratory Relief as to the D'551 Patent: Non-Infringement)

23.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

24.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

25.     Hydra Cup does not infringe the D'551 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the accused products are the same as the design claimed in the D'551 Patent.

26.     The D'551 Patent, entitled "BOTTLE LID HAVING INTEGRATED HANDLE," was filed with the USPTO on September 7, 2012.  *See* PE 2.  The D'551 Patent issued on December 31, 2013, and claims "[t]he ornamental design for a bottle lid with an integrated handle, as shown and described."  *Id.* at 1.

**D'S ANSWER AND COUNTERCLAIMS**
Case No. 2:22-cv-02222-TLN-CKD

27.     Specifically, the accused products are substantially different from the claimed design in at least the following respects, by way of example only and without limitation:

- The lids have differences related to height, width, circumference, and indentations;
- The spout and cap shapes on the lid are different;
- The spouts differ in height;
- The lid domes have different shapes, curvatures, and volumes; and
- The surface ornamentations on the lids are not the same.

28.     Further, as can be seen in the images provided below, the carry loops on the accused products are substantially different from the claimed design in the D'551 Patent in at least the following respects, by way of example only and without limitation:

- The element connecting the carry loop to the lid are vastly different, including but not limited to as related to appearance and the method of connecting to the lid;
- The carry loops have differences related to shape and size;
- The height and width of the carry loops are not the same;
- The angles of the corners of the carry loop differ;
- The curvatures of the borders of the carry loop are not the same;
- The thickness on the borders of the carry loop are different;
- The carry loop of the D'551 Patent does not have a bottom border while the accused carry loop does; and
- The area of open space inside the carry loops differ.

29.     Moreover, the D'047 Patent licensed by Hydra Cup is referenced as prior art in the D'551 Patent asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'551 Patent including without limitation because the accused design predates the asserted patent.

30.     For at least these reasons, Hydra Cup does not infringe the D'551 Patent.

31.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the D'551 Patent or otherwise violate state or federal statutory or common law.

## THIRD CAUSE OF ACTION

### (Declaratory Relief as to the D'798 Patent: Non-Infringement)

32.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

33.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

34.     Hydra Cup does not infringe the D'798 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the accused products are the same as the design claimed in the D'798 Patent.

35.     The D'798 Patent, entitled "CONTAINER," was filed with the USPTO on June 6, 2013.  *See* PE 3.  The D'798 Patent issued on January 21, 2014, and claims "[t]he ornamental design for a container, as shown and described."  *Id.* at 1.

36.     Specifically, the accused products are substantially different from the claimed design in at least the following respects, by way of example only and without limitation:

- The bottles have differences related to shape, height, width, circumference, volume, curvature, surface ornamentation, branding and labeling, and indentations;
- The bottle of the D'798 Patent has a design element surrounding an apparently unclaimed volumetric measurement labeling that does not appear on the accused products; and
- The grooves and lips on the top and bottom of the bottles are not the same.

37.     Moreover, the D'047 Patent licensed by Hydra Cup is referenced as prior art in the D'798 Patent asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'798 Patent including without limitation because the accused design predates the asserted patent.

38.     For at least these reasons, Hydra Cup does not infringe the D'798 Patent.

39.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the D'798 Patent or otherwise violate state or federal statutory or common law.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief as to the Agitator Trade Dress: Non-Infringement)

40.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

41.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

42.     The Agitator Trade Dress was filed with the USPTO on August 24, 2020 and is described as "a three-dimensional configuration of a beverage agitator consisting of a wire that is wound to symmetrically define the shape of a sphere."  *See* PE 4.  The Agitator Trade Dress registered on January 12, 2021.  *Id.* at 1.

43.     Hydra Cup does not infringe the Agitator Trade Dress because Hydra Cup's use of its allegedly infringing products does not and will not: (a) cause confusion or mistake or deceive the public in violation of 15 U.S.C. § 1114(1); (b) constitute unfair competition or a false designation of origin in violation of 15 U.S.C. § 1125(a); (c) constitute unfair competition or trade dress infringement under state statutory or common law; or (d) otherwise violate state or federal statutory or common law.

44.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the Agitator Trade Dress or otherwise violate state or federal statutory or common law.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief as to the Bottle Trade Dress: Non-Infringement)

45.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

1   herein.

2       46.    BlenderBottle, by and through its actions, including but not limited to its filing of

3   the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has

4   created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and

5   2202, this Court may declare the rights and other legal relationships of the parties and may order

6   such other and further relief as may be necessary.

7       47.    The Bottle Trade Dress is not a registered trade dress.  BlenderBottle alleges its

8   trade dress is "a tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top

9   from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and

10   the brackets host a pivoting arm containing a circular spout closure element."

11       48.    Hydra Cup does not infringe the Bottle Trade Dress because Hydra Cup's use of

12   its allegedly infringing products does not and will not: (a) constitute unfair competition or a false

13   designation of origin in violation of 15 U.S.C. § 1125(a); (b) constitute unfair competition or

14   trade dress infringement under state statutory or common law; or (c) otherwise violate state or

15   federal statutory or common law.

16       49.    Thus, Hydra Cup seeks declaratory judgment from this Court that the accused

17   products, and any similar products, do not infringe the Bottle Trade Dress or otherwise violate

18   state or federal statutory or common law.

19   **SIXTH CAUSE OF ACTION**

20   **(Declaratory Relief as to the Label Trade Dress: Non-Infringement)**

21       50.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

22   herein.

23       51.    BlenderBottle, by and through its actions, including but not limited to its filing of

24   the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has

25   created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and

26   2202, this Court may declare the rights and other legal relationships of the parties and may order

27   such other and further relief as may be necessary.

28       52.    The Label Trade Dress is not a registered trade dress.  BlenderBottle alleges its

trade dress is "A label wrapping around the circumference of the bottle, a thick black center band, grey trimming on the top and bottom of the black band with a tab for displaying black text, and white text centered within a portion of the black band displaying a logo, company name, and product name."

53.     Hydra Cup does not infringe the Label Trade Dress because Hydra Cup's use of its allegedly infringing products does not and will not: (a) constitute unfair competition or a false designation of origin in violation of 15 U.S.C. § 1125(a); (b) constitute unfair competition or trade dress infringement under state statutory or common law; or (c) otherwise violate state or federal statutory or common law.

54.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the Label Trade Dress or otherwise violate state or federal statutory or common law.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief as to the D'235 Patent: Invalidity)

55.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

56.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

57.     The D'235 Patent is invalid including because it is anticipated by or obvious over the prior art. The prior art references that render the D'235 Patent invalid, whether alone or in combination, include by way of example only and without limitation, the following U.S. patents: 3,820,692; 2,754,866; 2,752,971; 5,088,614; 8,833,586; 2,851,203; 6,510,971; D208,935; D233,116; D409,043; D421,547; D425,362; D185,179; D280,606; and D218,733.

58.     Defendants are informed and believe and thereon allege that those patents were filed before the effective filing date of the D'235 Patent and therefore are prior art under 35

1    U.S.C. § 102.

2         59.    Moreover, the D'235 Patent is invalid because it claims a primarily functional

3    product design.  At a minimum, the scope of the D'235 Patent should be construed as limited to

4    any ornamental aspects alone and should not extend to any functional elements of the claimed

5    design.

6         60.    Thus, Hydra Cup seeks declaratory judgment from this Court that the D'235 Patent

7    is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional

8    rather than ornamental.

9                              **EIGTHTH CAUSE OF ACTION**

10                **(Declaratory Relief as to the D'551 Patent: Invalidity)**

11        61.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

12   herein.

13        62.    BlenderBottle, by and through its actions, including but not limited to its filing of

14   the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an

15   actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this

16   Court may declare the rights and other legal relationships of the parties and may order such other

17   and further relief as may be necessary.

18        63.    The D'551 Patent is invalid including because it is anticipated by or obvious over

19   the prior art. The prior art references that render the D'551 Patent invalid, whether alone or in

20   combination, include by way of example only and without limitation, the following U.S. patents:

21   3,820,692; 2,754,866; 2,752,971; 5,088,614; 8,833,586; 2,851,203; 6,510,971; D644,065;

22   D208,935; D233,116; D409,043; D421,547; D425,362; D185,179; D280,606; D218,733;

23   D646,919; D656,357; D666,047; D608,640; D658,445; and D686,448.

24        64.    Defendants are informed and believe and thereon allege that those patents were

25   filed before the effective filing date of the D'551 Patent and therefore are prior art under 35

26   U.S.C. § 102.

27        65.    Moreover, the D'551 Patent is invalid because it claims a primarily functional

28   product design.  At a minimum, the scope of the D'551 Patent should be construed as limited to

1  any ornamental aspects alone and should not extend to any functional elements of the claimed

2  design.

3        66.     Thus, Hydra Cup seeks declaratory judgment from this Court that the D'551 Patent

4  is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional

5  rather than ornamental.

6  **NINTH CAUSE OF ACTION**

7  **(Declaratory Relief as to the D'798 Patent: Invalidity)**

8        67.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

9  herein.

10        68.     BlenderBottle, by and through its actions, including but not limited to its filing of

11  the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an

12  actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this

13  Court may declare the rights and other legal relationships of the parties and may order such other

14  and further relief as may be necessary.

15        69.     The D'798 Patent is invalid including because it is anticipated by or obvious over

16  the prior art. The prior art references that render the D'798 Patent invalid, whether alone or in

17  combination, include by way of example only and without limitation, the following: 2,752,971;

18  D208,935; D506,359; D508,187; D510,235; D584,569; D584,925; D597,365; D602,369;

19  D644,065; D646,919; D656,357; D666,047; D672,618; D673,010; D676764; D677,121;

20  D688,520; and D699,996.

21        70.     Defendants are informed and believe and thereon allege that those patents were

22  filed before the effective filing date of the D'798 Patent and therefore are prior art under 35

23  U.S.C. § 102.

24        71.     Moreover, the D'798 Patent is invalid because it claims a primarily functional

25  product design.  At a minimum, the scope of the D'798 Patent should be construed as limited to

26  any ornamental aspects alone and should not extend to any functional elements of the claimed

27  design.

28        72.     Thus, Hydra Cup seeks declaratory judgment from this Court that the D'798 Patent

is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional rather than ornamental.

## **TENTH CAUSE OF ACTION**

### **(Cancellation of Agitator Trade Dress Registration)**

73.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

74.    BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 15 U.S.C. § 1119, this Court may cancel BlenderBottle's Agitator Trade Dress with U.S. Trademark Registration No. 6,245,626.

75.    Hydra Cup is likely to be damaged by the continued registration of BlenderBottle's Agitator Trade Dress including without limitation because it is generic, nondistinctive, descriptive without secondary meaning, functional, and/or has lost significance including but not limited to due to failure to control third-party use.

76.    Thus, the Agitator Trade Dress should be cancelled pursuant to 15 U.S.C. § 1119.

## **ELEVENTH CAUSE OF ACTION**

### **(Declaratory Relief as to the Bottle Trade Dress: Invalidity)**

77.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

78.    BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

79.    BlenderBottle owns no valid trade dress rights in the asserted Bottle Trade Dress including without limitation because it is overbroad, vague and ambiguous, generic, nondistinctive, descriptive without secondary meaning, functional, has been abandoned through

non-use, has lost significance including due to failure to control third-party use, and/or because BlenderBottle is not the senior user of the Bottle Trade Dress.

80.     Thus, Hydra Cup seeks declaratory judgment from this Court that BlenderBottle's asserted Bottle Trade Dress is invalid and that it owns no trade dress rights in the same.

**ELEVENTH CAUSE OF ACTION**

**(Declaratory Relief as to the Label Trade Dress: Invalidity)**

81.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

82.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

83.     BlenderBottle owns no valid trade dress rights in the asserted Label Trade Dress including without limitation because it is overbroad, vague and ambiguous, generic, nondistinctive, descriptive without secondary meaning, has been abandoned through non-use, has lost significance including due to failure to control third-party use, and/or because BlenderBottle is not the senior user of the Label Trade Dress.

84.     Thus, Hydra Cup seeks declaratory judgment from this Court that BlenderBottle's asserted Label Trade Dress is invalid and that it owns no trade dress rights in the same.

**PRAYER FOR RELIEF**

WHEREFORE, Hydra Cup prays for relief against BlenderBottle as follows:

A.     A declaration that Hydra Cup has not infringed and is not infringing, directly or indirectly, the claim of the D'235, D'551, and D'798 Patents asserted by BlenderBottle;

B.     A declaration that Hydra Cup has not infringed and is not infringing, directly or indirectly, the Bottle Trade Dress and Label Trade Dress asserted by BlenderBottle;

C.     A declaration that the claim of each of the D'235, D'551, and D'798 Patents asserted by BlenderBottle is invalid;

1    D.    Cancellation of the Agitator Trade Dress;

2    E.    A declaration that the Bottle Trade Dress and Label Trade Dress are invalid;

3    F.    A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding

4  Hydra Cup its full costs of this action, including but not limited to reasonable attorneys' fees

5  and/or costs; and

6    G.    For such other relief as the Court may deem just and proper.

7                          **<u>DEMAND FOR JURY TRIAL</u>**

8        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hydra Cup hereby

9  demands a trial by jury on any and all issues in this action that are triable to a jury.

10

11                              Respectfully submitted,

12

13  Dated:  February 13, 2023              HOLLAND LAW LLP

14

15                          By:  /s/Clark A. Waldon
                                 CLARK A. WALDON
16                               Attorneys for Defendant and Counterclaimant
                                 TRRS MAGNATE LLC d/b/a HYDRA CUP
17

18

19

20

21

22

23

24

25

26

27

28