CLARK A. WALDON (SBN 312696)
CWaldon@HollandLawLLP.com
CHRISTOPHER T. HOLLAND (SBN 164053)
CHolland@HollandLawLLP.com
**HOLLAND LAW LLP**
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone:     (415) 200-4980
Facsimile:     (415) 200-4989

Attorneys for Defendant and Counterclaimant
TRRS MAGNATE LLC
d/b/a HYDRA CUP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>        Plaintiff and Counterdefendant,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP, a California limited liability company,<br><br>        Defendant and Counterclaimant. | Case No.: 2:22-cv-02222-TLN-CKD<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant and Counterclaimant TRRS Magnate LLC d/b/a Hydra Cup ("Defendant" or "Hydra Cup"), by and through its attorneys, hereby answers the First Amended Complaint ("Complaint") of Plaintiff and Counterdefendant Trove Brands, LLC d/b/a The BlenderBottle Company ("Plaintiff" or "BlenderBottle") in paragraphs numbered to correspond with those of the Complaint, as follows:

Defendant denies each and every allegation contained in the Complaint, except as specifically and expressly admitted or explained herein. To the extent that the headings or any other non-numbered statements in the Complaint are found to contain any allegations to which Defendant should respond, Defendant denies each and every such allegation.

## I.   NATURE OF THE ACTION

1.   Defendant admits that Plaintiff seeks the relief it describes in Paragraph 1 but denies all remaining allegations, including but not limited to that Plaintiff is entitled to such relief.

## II.   PARTIES

2.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 2, and on that basis denies each and every allegation contained therein.

3.   Defendant admits the allegations of Paragraph 3.

## III.   JURISDICTION AND VENUE

4.   Defendant admits that this Court has jurisdiction over Plaintiff's alleged claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a), and 15 U.S.C. § 1121, and that Plaintiff asserts claims and seeks relief pursuant to 35 U.S.C. §§ 271 and 281 and 15 U.S.C. §§ 1114, 1116, and 1125(a).  However, Defendant denies that any of Plaintiff's claims against it are valid, and further denies that the asserted design patents and/or trade dress are valid, enforceable, and/or infringed. Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 4.

5.   Defendant admits that this Court has personal jurisdiction over it solely with respect to the claims in the instant action.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 5.

6.   Defendant admits that this judicial district is a proper venue with respect to the claims in the instant action and that Hydra Cup's principal place of business is in this District.

Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 6.

## IV.   GENERAL ALLEGATIONS

7.      Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 7, and on that basis denies each and every allegation contained therein.

8.      Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, and on that basis denies each and every allegation contained therein.

9.      Defendant admits that Exhibit 1 to the Complaint appears to be a true and correct copy of the asserted D510,235 Patent (the "D235 Patent").  Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D235 Patent and on that basis denies those allegations.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 9.

10.      Defendant admits that Exhibit 2 to the Complaint appears to be a true and correct copy of the asserted D696,551 Patent (the "D551 Patent").  Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D551 Patent and on that basis denies those allegations.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 10.

11.      Defendant admits that Exhibit 3 to the Complaint appears to be a true and correct copy of the asserted D697,798 Patent (the "D798 Patent").  Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged licensing rights regarding the D798 Patent and on that basis denies those allegations.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 11.

12.      Defendant denies each and every allegation of Paragraph 12.

13.      Defendant denies each and every allegation of Paragraph 13.

14.      Defendant admits that Exhibit 4 to the Complaint appears to be a true and correct copy of the asserted U.S. Trademark Registration No. 6,800,019 (the "Lid Trade Dress"). Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 14.

15.      Defendant denies each and every allegation of Paragraph 15.

16.      Defendant denies each and every allegation of Paragraph 16.

17. Defendant denies each and every allegation of Paragraph 17.

18. Defendant denies each and every allegation of Paragraph 18.

19. Defendant denies each and every allegation of Paragraph 19.

20. Defendant denies each and every allegation of Paragraph 20.

21. Defendant denies each and every allegation of Paragraph 21.

22. Defendant admits that Exhibit 5 to the Complaint appears to be a true and correct copy of the asserted U.S. Trademark Registration No. 6,245,626 (the "Agitator Trade Dress"). Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 22.

23. Defendant denies each and every allegation of Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24, and on that basis denies each and every allegation contained therein.

25. Defendant denies each and every allegation of Paragraph 25.

26. Defendant denies each and every allegation of Paragraph 26.

27. Defendant denies each and every allegation of Paragraph 27.

28. Defendant denies each and every allegation of Paragraph 28.

29. Defendant denies each and every allegation of Paragraph 29.

30. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff sells its products and on that basis denies those allegations.  Defendant denies all of the remaining allegations of Paragraph 30.

31. Defendant is without knowledge or information sufficient to form a belief as to references of Plaintiff's products by the media and on that basis denies those allegations. Defendant denies all of the remaining allegations of Paragraph 31.

32. Defendant is without knowledge or information sufficient to form a belief as to references of Plaintiff's products by the media and on that basis denies those allegations. Defendant denies all of the remaining allegations of Paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 33, and on that basis denies each and every allegation contained therein.

34. Defendant is without knowledge or information sufficient to form a belief as to the

1    allegations of Paragraph 34, and on that basis denies each and every allegation contained therein.

2    35.    Defendant denies each and every allegation of Paragraph 35.

3    36.    Defendant denies each and every allegation of Paragraph 36.

4    37.    Defendant denies each and every allegation of Paragraph 37.

5    38.    Defendant denies each and every allegation of Paragraph 38.

6    39.    Defendant denies each and every allegation of Paragraph 39.

7    40.    Defendant denies each and every allegation of Paragraph 40.

8    41.    Defendant denies each and every allegation of Paragraph 41.

9    42.    Defendant denies each and every allegation of Paragraph 42.

10    43.    Defendant denies each and every allegation of Paragraph 43.

11    44.    Defendant denies each and every allegation of Paragraph 44.

12    45.    Defendant denies each and every allegation of Paragraph 45.

13    46.    Defendant is without knowledge or information sufficient to form a belief as to

14    Plaintiff's corporate logo or Plaintiff's use of same, and on that basis denies those allegations.

15    Defendant denies all of the remaining allegations of Paragraph 46.

16    47.    Defendant denies each and every allegation of Paragraph 47.

17    48.    Defendant admits that it has sold, offered for sale, advertised, and/or imported the

18    ten (10) Hydra Cup Shaker Bottles shown in Paragraph 48.  Except as expressly admitted herein,

19    Defendant denies the remaining allegations of Paragraph 48, including but not limited to that

20    those shaker bottles infringe any of Plaintiff's alleged intellectual property rights.

21    49.    Defendant admits that it has sold, offered for sale, advertised, and/or imported

22    certain shaker bottles that include lids.  Except as expressly admitted herein, Defendant denies the

23    remaining allegations of Paragraph 49, including but not limited to that those shaker bottles

24    and/or lids infringe any of Plaintiff's alleged intellectual property rights.

25    50.    Defendant admits that Exhibit 6 to the Complaint appears to be a true and correct

26    copy of a letter Plaintiff sent to Defendant dated January 21, 2021, which Defendant responded to

27    by letter on or around February 11, 2021.  Except as expressly admitted herein, Defendant denies

28    the remaining allegations of Paragraph 50, including but not limited to that Defendant's products

infringe any of Plaintiff's asserted intellectual property rights.

51.     Defendant admits that it has sold shaker bottles with the labels shown in Paragraph 51.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 51, including but not limited to that those labels infringe any of Plaintiff's alleged Label Trade Dress.

52.     Defendant admits that Exhibit 7 to the Complaint appears to be a true and correct copy of a letter Plaintiff sent to Defendant dated March 21, 2022.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 52, including but not limited to that Defendant's products infringe Plaintiff's alleged Label Trade Dress and/or any of Plaintiff's other asserted intellectual property rights.

53.     Defendant admits that Exhibit 8 to the Complaint appears to be a true and correct copy of a letter Plaintiff sent to Defendant dated August 17, 2022, which Defendant responded to by letter on or around August 30, 2022.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 53, including but not limited to that Defendant's products infringe any of Plaintiff's asserted intellectual property rights.

54.     Defendant admits that it continues to sell shaker bottles.  Except as expressly admitted herein, Defendant denies the remaining allegations of Paragraph 54, including but not limited to that Defendant's products infringe any of Plaintiff's asserted intellectual property rights.

55.     Defendant denies each and every allegation of Paragraph 55.

56.     Defendant denies each and every allegation of Paragraph 56.

57.     Defendant denies each and every allegation of Paragraph 57.

58.     Defendant denies each and every allegation of Paragraph 58.

59.     Defendant denies each and every allegation of Paragraph 59.

**V.     FIRST CLAIM FOR RELIEF**

**PATENT INFRINGEMENT (35 U.S.C. § 271)**

60.     As to Paragraph 60 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 59 of the Complaint, and its other responses

above, as though set forth here in full.

61.     Defendant admits that Plaintiff is asserting a claim for patent infringement under 35 U.S.C. § 271.  Defendant denies the remaining allegations of Paragraph 61, including but not limited to that Defendant's products infringe any of the patents asserted by Plaintiff.

62.     Defendant denies each and every allegation of Paragraph 62.

63.     Defendant denies each and every allegation of Paragraph 63.

64.     Defendant denies each and every allegation of Paragraph 64.

65.     Defendant is without knowledge or information sufficient to form a belief regarding the *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008) case cited by Plaintiff, and on that basis denies those allegations.  Defendant denies the remaining allegations of Paragraph 65, including but not limited to that Defendant's products infringe any of the patents asserted by Plaintiff.

66.     Defendant denies each and every allegation of Paragraph 66.

67.     Defendant denies each and every allegation of Paragraph 67.

68.     Defendant denies each and every allegation of Paragraph 68.

69.     Defendant denies each and every allegation of Paragraph 69.

### VI.     SECOND CLAIM FOR RELIEF

### DEFENDANT'S TRADE DRESS INFRINGEMENT (15 U.S.C §1125(a))

70.     As to Paragraph 70 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 69 of the Complaint, and its other responses above, as though set forth here in full.

71.     Defendant admits that Plaintiff is asserting a claim for patent infringement under 15 U.S.C. § 1125(a).  Defendant denies the remaining allegations of Paragraph 71, including but not limited to that Defendant's products infringe the trade dress asserted by Plaintiff.

72.     Defendant denies each and every allegation of Paragraph 72.

73.     Defendant denies each and every allegation of Paragraph 73.

74.     Defendant denies each and every allegation of Paragraph 74.

75.     Defendant denies each and every allegation of Paragraph 75.

1    76.    Defendant denies each and every allegation of Paragraph 76.

2    77.    Defendant denies each and every allegation of Paragraph 77.

3    78.    Defendant denies each and every allegation of Paragraph 78.

4    79.    Defendant denies each and every allegation of Paragraph 79.

5    80.    Defendant denies each and every allegation of Paragraph 80.

6    81.    Defendant denies each and every allegation of Paragraph 81.

7              VII.    **THIRD CLAIM FOR RELIEF**

8          **TRADE DRESS INFRINGEMENT (15 U.S.C §1114)**

9    82.    As to Paragraph 82 of the Complaint, Defendant realleges and incorporates by

10   reference its responses to Paragraphs 1 through 81 of the Complaint, and its other responses

11   above, as though set forth here in full.

12   83.    Defendant admits that Plaintiff is asserting a claim for trade dress infringement

13   under 15 U.S.C. § 1114.  Defendant denies the remaining allegations of Paragraph 83, including

14   but not limited to that Defendant's products infringe the trade dress asserted by Plaintiff.

15   84.    Defendant denies each and every allegation of Paragraph 84.

16   85.    Defendant denies each and every allegation of Paragraph 85.

17   86.    Defendant denies each and every allegation of Paragraph 86.

18   87.    Defendant denies each and every allegation of Paragraph 87.

19   88.    Defendant denies each and every allegation of Paragraph 88.

20   89.    Defendant denies each and every allegation of Paragraph 89.

21   90.    Defendant denies each and every allegation of Paragraph 90.

22   91.    Defendant denies each and every allegation of Paragraph 91.

23             VIII.    **FOURTH CLAIM FOR RELIEF**

24   **FALSE DESIGNATION OF ORIGIN, PASSING OFF, & FEDERAL UNFAIR**

25              **COMPETITION (15 U.S.C. § 1125(a))**

26   92.    As to Paragraph 92 of the Complaint, Defendant realleges and incorporates by

27   reference its responses to Paragraphs 1 through 91 of the Complaint, and its other responses

28   above, as though set forth here in full.

93.     Defendant admits that Plaintiff is asserting a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).  Defendant denies the remaining allegations of Paragraph 93, including but not limited to that Defendant has unfairly competed with Plaintiff and/or falsely designated the origin of its products.

94.     Defendant denies each and every allegation of Paragraph 94.

95.     Defendant denies each and every allegation of Paragraph 95.

96.     Defendant denies each and every allegation of Paragraph 96.

97.     Defendant denies each and every allegation of Paragraph 97.

98.     Defendant denies each and every allegation of Paragraph 98.

99.     Defendant denies each and every allegation of Paragraph 99.

100.    Defendant denies each and every allegation of Paragraph 100.

## IX.    FIFTH CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS &

### PROFESSIONS CODE (Cal. Bus. & Prof. Code §§ 17200, *et. seq.*)

101.    As to Paragraph 101 of the Complaint, Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 100 of the Complaint, and its other responses above, as though set forth here in full.

102.    Defendant admits that Plaintiff is asserting a claim for unfair competition under California Business & Professions Code §§ 17200, et seq.  Defendant denies the remaining allegations of Paragraph 102, including but not limited to that Defendant has unfairly competed with Plaintiff.

103.    Defendant denies each and every allegation of Paragraph 103.

104.    Defendant denies each and every allegation of Paragraph 104.

105.    Defendant denies each and every allegation of Paragraph 105.

## X.    SIXTH CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

### (California Common Law)

106.    As to Paragraph 106 of the Complaint, Defendant realleges and incorporates by

1  reference its responses to Paragraphs 1 through 105 of the Complaint, and its other responses

2  above, as though set forth here in full.

3      107.    Defendant admits that Plaintiff is asserting a claim for unfair competition under

4  California common law.  Defendant denies the remaining allegations of Paragraph 107, including

5  but not limited to that Defendant has unfairly competed with Plaintiff.

6      108.    Defendant denies each and every allegation of Paragraph 108.

7      109.    Defendant denies each and every allegation of Paragraph 109.

8      110.    Defendant denies each and every allegation of Paragraph 110.

9      111.    Defendant denies each and every allegation of Paragraph 111.

10                    **XI.    PRAYER FOR RELIEF**

11      Defendant denies that Plaintiff is entitled to the relief sought in its Complaint, or any

12  portion thereof and/or any other form of relief whatsoever. If anything, Defendant should be

13  awarded its fees and costs in connection with responding to the allegations of Plaintiff's

14  Complaint.

15                    **AFFIRMATIVE DEFENSES**

16      In further response to the Complaint, Defendant asserts the following defenses. Defendant

17  reserves the right to amend its Answer with additional, supplemental, and or different defenses as

18  its investigation and discovery in this case may merit, and as permitted by the Federal Rules of

19  Civil Procedure and the Local Rules of this Court.

20                    **FIRST AFFIRMATIVE DEFENSE**

21                      **(Failure to State a Claim)**

22      1.    Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief

23  may be granted.

24                    **SECOND AFFIRMATIVE DEFENSE**

25                        **(Lacks Standing)**

26      2.    Plaintiff's claims are barred, in whole or in part, because it lacks standing,

27  including but not limited to because, upon information and belief, Plaintiff does not own or

28  otherwise have the right to enforce the asserted patents and trade dresses.

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Patent Non-Infringement)**

3       3.       Plaintiff's patent infringement claims are barred, in whole or in part, because

4 Defendant has not infringed any of Plaintiff's asserted patents or any claims thereof.

5

**FOURTH AFFIRMATIVE DEFENSE**

6

**(Patent Invalidity Under 35 U.S.C. §§ 102 and 103)**

7       4.       Plaintiff's patent infringement claims are barred, in whole or in part, because, upon

8 information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is

9 invalid, unenforceable, and void because they fail to meet the conditions of patentability specified

10 in 35 U.S.C. §§ 102 and/or 103.

11

**FIFTH AFFIRMATIVE DEFENSE**

12

**(Patent Invalidity Under 35 U.S.C. §§ 101, 112, and 171)**

13       5.       Plaintiff's patent infringement claims are barred, in whole or in part, because, upon

14 information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is

15 invalid, unenforceable, and void because they fail to meet the conditions of patentability specified

16 in 35 U.S.C. §§ 101, 112, and/or 171.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

**(Patent Invalidity – Designs Primarily Functional)**

19       6.       Plaintiff's patent infringement claims are barred, in whole or in part, because, upon

20 information and belief, the patents asserted by Plaintiff, and each and every claim thereof, is

21 invalid, unenforceable, and void because the claimed designs are primarily functional rather than

22 ornamental.  At a minimum, the scope of the claimed designs should be construed as limited to

23 any ornamental aspects alone and should not extend to any functional elements of the claimed

24 designs.

25

**SEVENTH AFFIRMATIVE DEFENSE**

26

**(Patent Misuse)**

27       7.       Plaintiff's patent infringement claims and other related claims are barred, in whole

28 or in part, because, upon information and belief, Plaintiff has misused the asserted patents by

attempting to impermissibly broaden the physical and/or temporal scope of the patents with anticompetitive effect.  Plaintiff's patent misuse includes without limitation its assertion of its invalid and/or vastly narrow and limited patent rights against numerous competitors in the beverage container industry for the sole purpose of stifling competition without any good-faith infringement or other legal claims, and by attempting to impermissibly extend the life of its design and utility patents by registering them as trade dresses and asserting those trade dress registrations along with unregistered ones against Defendant and numerous other competitors.

**EIGTH AFFIRMATIVE DEFENSE**

**(Limitation on Patent Infringement Damages Under 35 U.S.C. § 286)**

8.      Plaintiff's alleged damages for patent infringement are limited to the six (6) years before it filed the Complaint pursuant to 35 U.S.C. § 286.

**NINTH AFFIRMATIVE DEFENSE**

**(Trade Dress Non-Infringement)**

9.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because Defendant has not infringed any of Plaintiff's asserted trade dresses or any claims thereof.

**TENTH AFFIRMATIVE DEFENSE**

**(Trade Dress Invalidity - Nondistinctive)**

10.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the trade dresses asserted by Plaintiff, and each and every design feature thereof, are invalid, unenforceable, and void because they are generic, not inherently distinctive, and have not acquired distinctiveness through secondary meaning.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Trade Dress Invalidity - Functional)**

11.      Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the trade dresses asserted by Plaintiff, and each and every design feature thereof, are invalid, unenforceable, and void because they are

functional.  At a minimum, the scope of the claimed trade dresses should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed features.

## TWELFTH AFFIRMATIVE DEFENSE

### (Trade Dress Abandonment Through Non-Use)

12.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, Plaintiff has abandoned any and all rights in the asserted trade dresses by non-use of the trade dresses with the express or implied intent not to resume their use.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Trade Dress Abandonment - Becoming Generic or Losing Significance)

13.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, the asserted trade dresses have become generic or otherwise have lost trade dress significance including but not limited due to Plaintiff's failure to control third-party uses of the alleged trade dresses.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Remote Good Faith User)

14.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, under the remote good faith user doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Senior User of Trade Dresses)

15.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part because, upon information and belief, Defendant is the senior user of the asserted trade dresses.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

16.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part because, upon information and belief, any use of the asserted trade dresses was a

1  fair use.

## SEVENTEETH AFFIRMATIVE DEFENSE

### (Trade Dress Misuse)

17.     Plaintiff's trade dress infringement claims and other related claims are barred, in whole or in part, because, upon information and belief, Plaintiff has misused the asserted trade dresses by attempting to impermissibly broaden the physical and/or temporal scope of both its asserted trade dresses and patents with anticompetitive effect.  Plaintiff's trade dress misuse includes without limitation its assertion of its invalid and/or vastly overbroad, vague, and/or ambiguous trade dresses against numerous competitors in the beverage container industry for the sole purpose of stifling competition without any good-faith infringement or other legal claims, and by attempting to impermissibly extend the life of its design and utility patents by registering them as trade dresses and asserting those trade dress registrations along with unregistered ones against Defendant and numerous other competitors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct Before the USPTO)

18.     Plaintiff's Lid Trade Dress infringement claim is barred and the Lid Trade Dress is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("USPTO") as further described with particularity below and as set forth in Defendant's Counterclaims that it expressly incorporates by reference herein.  Specifically, the registration for the Lid Trade Dress was procured by material, false, and fraudulent declarations and representations to the USPTO, including but not limited to various misrepresentations that: (1) the Lid Trade Dress was first used anywhere and first used in commerce at least as early as 2003, when, on information and belief, the Lid Trade Dress was not used until on or around 2014; and (2) in response to the USPTO's request for a "written statement as to whether the applied-for mark, or any feature(s) thereof, is or has been the subject of a design or utility patents or patent applications, including expired patents and abandoned patent applications" and "copies of the patents and/or patent applications documentation," the Registrant for the Lid Trade Dress only provided "representative samples" and failed to disclose at least seven (7) relevant patents and/or

patent applications, including without limitation some related to the functionality of the Lid Trade Dress and/or other requirements for trade dress protection.  The Registrant made the above misrepresentations knowing they were false and with the intention to deceive the USPTO, and the USPTO relied on the misrepresentations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19.     Plaintiff's claims are barred, in whole or in part, because, on information and belief, Plaintiff has engaged in unconscionable conduct that has an immediate and necessary relation to the matters at issue in the case and is attempting to benefit from that unconscionable conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 35 U.S.C. § 286, Cal. Civ. Proc. Code § 337, 338, 340, and/or 343, and/or Cal. Bus. & Prof. Code § 17208.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Acquiescence)

21.     Plaintiff's claims are barred, in whole or in part, because, on information and belief, Plaintiff has implicitly and/or explicitly acquiesced to the conduct described in the Complaint and has therefore waived any purported claim for relief against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Antitrust)

22.     Plaintiff's claims are barred, in whole or in part, because, on information and belief, Plaintiff's alleged patents and/or trade dresses have been or are being used to violate the antitrust laws of the United States.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

23.     Plaintiff's claims are barred, in whole or in part because, upon information and

1   belief, Plaintiff unreasonably delayed in filing this action, and Defendant's detrimental reliance

2   upon that delay and/or non-enforcement activity estops Plaintiff from asserting any prospective

3   relief.

4   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

5   **(Laches)**

6   24.     Plaintiff's claims are barred, in whole or in part, because, upon information and

7   belief, Plaintiff unreasonably delayed in filing this action.

8   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9   **(Unjust Enrichment)**

10   25.     Plaintiff's claims are barred, in whole or in part, because, upon information and

11   belief, Plaintiff is seeking to recover more than it is entitled to recover under the circumstances of

12   this case (any amount of which Defendant expressly denies), and as such, an award of any

13   recovery by Plaintiff would constitute unjust enrichment.

14   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15   **(Public Policy)**

16   26.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims and its

17   actions violate public policy.

18   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19   **(No Basis for Enhanced Damages)**

20   27.     Any conduct of Defendant was in good faith and/or non-willful and precludes all

21   claims for enhanced damages.

22   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23   **(No Basis for Attorneys' Fees)**

24   28.     Plaintiff has failed to allege an adequate and/or reasonable basis upon which to

25   seek attorneys' fees.

26

27

28

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Equitable and/or Injunctive Relief)

29.     If Plaintiff suffered any injury (which Defendant does not concede), it could be adequately compensated in an action at law, and accordingly, Plaintiff is not entitled to equitable relief.  Further, Plaintiff has not suffered any harm, including the type of irreparable harm required to support its claim for injunctive relief.

## COUNTERCLAIMS

Defendant and Counterclaimant TRRS Magnate LLC d/b/a Hydra Cup ("Counterclaimant" or "Hydra Cup"), by way of counterclaims against Plaintiff and Counterdefendant Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company ("Counterdefendant" or "BlenderBottle"), alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 1367, 2201, and 2202, and 15 U.S.C. §§ 1115, 1119, 1120, and 1121(a).

2.     This Court has personal jurisdiction over BlenderBottle because Hydra Cup's causes of action arise, in whole or in part, from BlenderBottle's activities within the State of California, including but not limited to BlenderBottle's purposeful availment of the benefits and protections of the State of California by filing the current lawsuit in the U.S. District Court for the Eastern District of California against Hydra Cup.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a).

## PARTIES

4.     Hydra Cup is a California limited liability company with a principal place of business located in Manteca, California.  Hydra Cup designs and sells shaker bottles and other fitness-related products.

5.     Hydra Cup is informed and believes and thereon alleges that BlenderBottle is a Utah limited liability company with a principal place of business located in Lehi, Utah.

1

## FACTUAL ALLEGATIONS

2    6.    Hydra Cup is a fitness company that has been in operation for over a decade.  Ever

3    since its inception in 2011, Hydra Cup has designed and developed innovative and high-quality

4    shaker bottles and other related fitness products.  Hydra Cup has put an extensive amount of time

5    and effort into protecting its own intellectual property, including obtaining and licensing multiple

6    utility and design patents.  Hydra Cup also conducts due diligence to ensure its products do not

7    infringe upon the intellectual property rights of others.

8    7.    An actual and justiciable controversy exists between Hydra Cup and BlenderBottle

9    concerning the alleged infringement and/or validity of the claims of the following United States

10   patents and trade dresses (which are included in or attached to the Complaint with the exhibit or

11   paragraph numbers listed below) because BlenderBottle filed the instant Complaint alleging that

12   Hydra Cup infringes these patents and trade dresses:

| Plaintiff's Exhibit No. | Patent Number | Title |
|---|---|---|
| 1 | D510,235 (the "D'235 Patent") | BOTTLE |
| 2 | D696,551 (the "D'551 Patent") | BOTTLE LID HAVING INTEGRATED HANDLE |
| 3 | D697,798 (the "D'798 Patent") | CONTAINER |

| Plaintiff's Exhibit No. | Registered Trade Dress Number | Description |
|---|---|---|
| 4 |  6,800,019 (the "Lid Trade Dress") | The mark consists of a bottle lid with a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side and the brackets host a pivoting arm containing a circular spout closure element. The dotted lines are matter not claimed as part of the mark. |

| 5 | 6,245,626 (the "Agitator Trade Dress")  | The mark consists of a three-dimensional configuration of a beverage agitator consisting of a wire that is wound to symmetrically define the shape of a sphere. |
|---|---|---|
| **Plaintiff's Paragraph Nos.** | **Unregistered Trade Dress** | **Description** |
| 17-18 | the "Bottle Trade Dress"  | A tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and the brackets host a pivoting arm containing a circular spout closure element. |
| 25-26 | The "Label Trade Dress"  | A label wrapping around the circumference of the bottle, a thick black center band, grey trimming on the top and bottom of the black band with a tab for displaying black text, and white text centered within a portion of the black band displaying a logo, company name, and product name. |

8.      However, Hydra Cup has not infringed, and does not infringe, any of

BlenderBottle's asserted patents, which in any event are invalid because, without limitation, the

claimed designs are anticipated and/or obvious over the prior art and/or are primarily functional

rather than ornamental.  At a minimum, the scope of the claimed designs should be construed as

limited to any ornamental aspects alone and should not extend to any functional elements of the claimed designs.

9.    Additionally, Hydra Cup's products accused of infringing BlenderBottle's design patents embody designs from other design patents Hydra Cup licenses, including without limitation U.S. Design Patent No. D666,047 (the "D'047 Patent") and U.S. Design Patent No. D766,029 (the "D'029 Patent").  On information and belief, BlenderBottle has never challenged the validity of these patents, which were filed in 2011 and 2015, respectively.

10.    Specifically, the D'047 Patent licensed by Hydra Cup is referenced as prior art in both the D'798 and D'551 Patents asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'798 and D'551 Patents including without limitation because the accused designs predate the asserted patents.

11.    Moreover, the D'047 and D'235 Patents licensed by Hydra Cup both reference BlenderBottle's asserted D'235 Patent as prior art, meaning that, among other things, the USPTO has already determined that the designs featured in the D'047 and D'235 Patents are entitled to their own patent protection even in view of the D'235 Patent.

12.    Further, Hydra Cup has not infringed, and does not infringe, any of BlenderBottle's asserted trade dresses, which in any event are invalid because, without limitation, the claimed product designs are generic, not inherently distinctive, functional, vague, ambiguous, overbroad, abandoned, do not cover the total image of the product or packaging, have not acquired distinctiveness through secondary meaning, and/or due to inequitable conduct before the USPTO.

13.    With respect to inequitable conduct, on information and belief, the registration for the Lid Trade Dress was procured by material, false, and fraudulent declarations and representations to the USPTO.  More specifically, those misrepresentations included but were not necessarily limited to the following statements made in the application for the Lid Trade Dress ("Application"):

- The registrant for the Lid Trade Dress, by and through its counsel at Knobbe Martens Olson & Bear, LLP (the "Registrant"), represented in the Application

that "the mark was first used . . . at least as early as 00/00/2003" when, on

information and belief, the asserted Lid Trade Dress pictured below was not

used anywhere until on or around 2014:



- The Registrant represented in the Application that "the mark was . . . first used

in commerce at least as early as 00/00/2003" when, on information and belief,

the asserted Lid Trade was not used in commerce until on or around 2014.

14.     Additionally, the Registrant made similar misrepresentations in its Response to

Office Action dated September 21, 2021 (the "Response"), including but not limited to the

following:

- "[The Registrant] adopted its unique shaker bottle design, shown below, in

2003" (Response at 1) and included the following image:



- "In sum, given Applicant's use of its mark since 2003 (18 years) as well as its

significant unsolicited media attention and public recognition, Applicant's

Mark has acquired distinctiveness in the minds of the relevant consumers." *Id*.

at 6;

- "As noted in the introduction, Applicant has been the number one seller of

shaker bottles since 2004, and has used the mark since 2003, which is over 3

times the amount of use needed to demonstrate a prima facie case of acquired distinctiveness under Section 2(f)." *Id.* at 28; and

- "The evidence of record demonstrates that Applicant has used Applicant's Mark since 2003." *Id.* at 29.

15.     On information and belief, the Registrant made further misrepresentations including without limitation in response to the USPTO's request for a "written statement as to whether the applied-for mark, or any feature(s) thereof, is or has been the subject of a design or utility patents or patent applications, including expired patents and abandoned patent applications" and "copies of the patents and/or patent applications documentation" in its Office Action dated March 1, 2021 ("Office Action").

16.     In its Response, the Registrant only provided "representative samples" and failed to disclose at least seven (7) relevant patents and/or patent applications, including without limitation some related to the functionality of the Lid Trade Dress and/or other requirements for trade dress protection.

17.     Note that the non-infringement allegations herein are not admissions regarding non-functionality of the claimed designs and/or regarding any purported point of novelty of the claimed designs.  Hydra Cup reserves the right to add additional and/or different prior art references based on further investigation and discovery.

18.     BlenderBottle's patent and trade dress infringement allegations in the Complaint in this action provide a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment as requested herein.

## FIRST CAUSE OF ACTION

### (Declaratory Relief as to the D'235 Patent: Non-Infringement)

19.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

20.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an

1  actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this

2  Court may declare the rights and other legal relationships of the parties and may order such other

3  and further relief as may be necessary.

4        21.    Hydra Cup does not infringe the D'235 Patent because an ordinary observer,

5  familiar with the prior art designs, would not be deceived into believing that the accused products

6  are the same as the design claimed in the D'235 Patent.

7        22.    The D'235 Patent, entitled "BOTTLE," was filed with the USPTO on September

8  9, 2003.  *See* Plaintiff's Exhibit ("PE") 1.  The D'235 Patent issued on October 4, 2005, and

9  claims "[t]he ornamental design for a bottle, as shown and described."  *Id.* at 1.

10        23.    Specifically, the accused products are substantially different from the claimed

11  design in at least the following respects, by way of example only and without limitation:

12      •   The bottles have differences related to height, width, circumference, surface

13           ornamentation, branding and labeling, and indentations;

14      •   The bottle of the D'235 Patent has a design element for volumetric measurement

15           and a vertical, oval-shaped grip element containing five smaller elongated, oval-

16           shaped vertical grip elements within it that do not appear on the accused products;

17      •   The spout and cap shapes on the lid are different;

18      •   The spouts differ in height;

19      •   The lid domes have different shapes, curvatures, and volumes; and

20      •   The surface ornamentations on the lids are not the same.

21        24.    Moreover, the D'047 and D'235 Patents licensed by Hydra Cup both reference

22  BlenderBottle's asserted D'235 Patent as prior art, meaning that the USPTO has already

23  determined that the designs are entitled to their own design patent protection even in view of the

24  D'235 Patent.  Thus, Hydra Cup's accused products embodying the D'047 and D'235 Patents

25  cannot infringe the asserted D'235 Patent.

26        25.    For at least these reasons, Hydra Cup's accused products do not infringe the D'235

27  Patent.

28        26.    Thus, Hydra Cup seeks declaratory judgment from this Court that the accused

products, and any similar products, do not infringe the D'235 Patent or otherwise violate state or federal statutory or common law.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief as to the D'551 Patent: Non-Infringement)**

27.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

28.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

29.     Hydra Cup does not infringe the D'551 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the accused products are the same as the design claimed in the D'551 Patent.

30.     The D'551 Patent, entitled "BOTTLE LID HAVING INTEGRATED HANDLE," was filed with the USPTO on September 7, 2012.  *See* PE 2.  The D'551 Patent issued on December 31, 2013, and claims "[t]he ornamental design for a bottle lid with an integrated handle, as shown and described."  *Id.* at 1.

31.     Specifically, the accused products are substantially different from the claimed design in at least the following respects, by way of example only and without limitation:

- The lids have differences related to height, width, circumference, and indentations;
- The spout and cap shapes on the lid are different;
- The spouts differ in height;
- The lid domes have different shapes, curvatures, and volumes; and
- The surface ornamentations on the lids are not the same.

32.     Further, as can be seen in the images provided below, the carry loops on the accused products are substantially different from the claimed design in the D'551 Patent in at least the following respects, by way of example only and without limitation:

- The element connecting the carry loop to the lid are vastly different, including but not limited to as related to appearance and the method of connecting to the lid;
- The carry loops have differences related to shape and size;
- The height and width of the carry loops are not the same;
- The angles of the corners of the carry loop differ;
- The curvatures of the borders of the carry loop are not the same;
- The thickness on the borders of the carry loop are different;
- The carry loop of the D'551 Patent does not have a bottom border while the accused carry loop does; and
- The area of open space inside the carry loops differ.

33.     Moreover, the D'047 Patent licensed by Hydra Cup is referenced as prior art in the D'551 Patent asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'551 Patent including without limitation because the accused design predates the asserted patent.

34.     For at least these reasons, Hydra Cup does not infringe the D'551 Patent.

35.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the D'551 Patent or otherwise violate state or federal statutory or common law.

## THIRD CAUSE OF ACTION

### (Declaratory Relief as to the D'798 Patent: Non-Infringement)

36.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

37.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

38.     Hydra Cup does not infringe the D'798 Patent because an ordinary observer,

familiar with the prior art designs, would not be deceived into believing that the accused products are the same as the design claimed in the D'798 Patent.

39.     The D'798 Patent, entitled "CONTAINER," was filed with the USPTO on June 6, 2013.  *See* PE 3.  The D'798 Patent issued on January 21, 2014, and claims "[t]he ornamental design for a container, as shown and described."  *Id.* at 1.

40.     Specifically, the accused products are substantially different from the claimed design in at least the following respects, by way of example only and without limitation:

- The bottles have differences related to shape, height, width, circumference, volume, curvature, surface ornamentation, branding and labeling, and indentations;
- The bottle of the D'798 Patent has a design element surrounding an apparently unclaimed volumetric measurement labeling that does not appear on the accused products; and
- The grooves and lips on the top and bottom of the bottles are not the same.

41.     Moreover, the D'047 Patent licensed by Hydra Cup is referenced as prior art in the D'798 Patent asserted by BlenderBottle.  Therefore, Hydra Cup's accused products embodying the D'047 Patent cannot infringe the asserted D'798 Patent including without limitation because the accused design predates the asserted patent.

42.     For at least these reasons, Hydra Cup does not infringe the D'798 Patent.

43.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the D'798 Patent or otherwise violate state or federal statutory or common law.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief as to the Lid Trade Dress: Non-Infringement)

44.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

45.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and

2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

46.     The Lid Trade Dress was filed with the USPTO on November 5, 2020 and is described as "a bottle lid with a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side and the brackets host a pivoting arm containing a circular spout closure element. The dotted lines are matter not claimed as part of the mark." *See* PE 4.  The Lid Trade Dress registered on July 26, 2022. *Id.* at 1.

47.     Hydra Cup does not infringe the Lid Trade Dress because Hydra Cup's use of its allegedly infringing products does not and will not: (a) cause confusion or mistake or deceive the public in violation of 15 U.S.C. § 1114(1); (b) constitute unfair competition or a false designation of origin in violation of 15 U.S.C. § 1125(a); (c) constitute unfair competition or trade dress infringement under state statutory or common law; or (d) otherwise violate state or federal statutory or common law.

48.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the Lid Trade Dress or otherwise violate state or federal statutory or common law.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief as to the Agitator Trade Dress: Non-Infringement)

49.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

50.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

51.     The Agitator Trade Dress was filed with the USPTO on August 24, 2020 and is described as "a three-dimensional configuration of a beverage agitator consisting of a wire that is wound to symmetrically define the shape of a sphere." *See* PE 5.  The Agitator Trade Dress

1   registered on January 12, 2021.  *Id.* at 1.

2        52.    Hydra Cup does not infringe the Agitator Trade Dress because Hydra Cup's use of

3   its allegedly infringing products does not and will not: (a) cause confusion or mistake or deceive

4   the public in violation of 15 U.S.C. § 1114(1); (b) constitute unfair competition or a false

5   designation of origin in violation of 15 U.S.C. § 1125(a); (c) constitute unfair competition or

6   trade dress infringement under state statutory or common law; or (d) otherwise violate state or

7   federal statutory or common law.

8        53.    Thus, Hydra Cup seeks declaratory judgment from this Court that the accused

9   products, and any similar products, do not infringe the Agitator Trade Dress or otherwise violate

10  state or federal statutory or common law.

11                              **SIXTH CAUSE OF ACTION**

12              **(Declaratory Relief as to the Bottle Trade Dress: Non-Infringement)**

13       54.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

14  herein.

15       55.    BlenderBottle, by and through its actions, including but not limited to its filing of

16  the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has

17  created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and

18  2202, this Court may declare the rights and other legal relationships of the parties and may order

19  such other and further relief as may be necessary.

20       56.    The Bottle Trade Dress is not a registered trade dress.  BlenderBottle alleges its

21  trade dress is "a tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top

22  from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and

23  the brackets host a pivoting arm containing a circular spout closure element."

24       57.    Hydra Cup does not infringe the Bottle Trade Dress because Hydra Cup's use of

25  its allegedly infringing products does not and will not: (a) constitute unfair competition or a false

26  designation of origin in violation of 15 U.S.C. § 1125(a); (b) constitute unfair competition or

27  trade dress infringement under state statutory or common law; or (c) otherwise violate state or

28  federal statutory or common law.

58.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the Bottle Trade Dress or otherwise violate state or federal statutory or common law.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief as to the Label Trade Dress: Non-Infringement)

59.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

60.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

61.     The Label Trade Dress is not a registered trade dress.  BlenderBottle alleges its trade dress is "A label wrapping around the circumference of the bottle, a thick black center band, grey trimming on the top and bottom of the black band with a tab for displaying black text, and white text centered within a portion of the black band displaying a logo, company name, and product name."

62.     Hydra Cup does not infringe the Label Trade Dress because Hydra Cup's use of its allegedly infringing products does not and will not: (a) constitute unfair competition or a false designation of origin in violation of 15 U.S.C. § 1125(a); (b) constitute unfair competition or trade dress infringement under state statutory or common law; or (c) otherwise violate state or federal statutory or common law.

63.     Thus, Hydra Cup seeks declaratory judgment from this Court that the accused products, and any similar products, do not infringe the Label Trade Dress or otherwise violate state or federal statutory or common law.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief as to the D'235 Patent: Invalidity)

64.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

1  herein.

2      65.     BlenderBottle, by and through its actions, including but not limited to its filing of

3  the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an

4  actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this

5  Court may declare the rights and other legal relationships of the parties and may order such other

6  and further relief as may be necessary.

7      66.     The D'235 Patent is invalid including because it is anticipated by or obvious over

8  the prior art. The prior art references that render the D'235 Patent invalid, whether alone or in

9  combination, include by way of example only and without limitation, the following U.S. patents:

10  3,820,692; 2,754,866; 2,752,971; 5,088,614; 8,833,586; 2,851,203; 6,510,971; D208,935;

11  D233,116; D409,043; D421,547; D425,362; D185,179; D280,606; and D218,733.

12      67.     Defendants are informed and believe and thereon allege that those patents were

13  filed before the effective filing date of the D'235 Patent and therefore are prior art under 35

14  U.S.C. § 102.

15      68.     Moreover, the D'235 Patent is invalid because it claims a primarily functional

16  product design.  At a minimum, the scope of the D'235 Patent should be construed as limited to

17  any ornamental aspects alone and should not extend to any functional elements of the claimed

18  design.

19      69.     Thus, Hydra Cup seeks declaratory judgment from this Court that the D'235 Patent

20  is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional

21  rather than ornamental.

22                    **NINTH CAUSE OF ACTION**

23              **(Declaratory Relief as to the D'551 Patent: Invalidity)**

24      70.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

25  herein.

26      71.     BlenderBottle, by and through its actions, including but not limited to its filing of

27  the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an

28  actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this

Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

72.     The D'551 Patent is invalid including because it is anticipated by or obvious over the prior art. The prior art references that render the D'551 Patent invalid, whether alone or in combination, include by way of example only and without limitation, the following U.S. patents: 3,820,692; 2,754,866; 2,752,971; 5,088,614; 8,833,586; 2,851,203; 6,510,971; D644,065; D208,935; D233,116; D409,043; D421,547; D425,362; D185,179; D280,606; D218,733; D646,919; D656,357; D666,047; D608,640; D658,445; and D686,448.

73.     Defendants are informed and believe and thereon allege that those patents were filed before the effective filing date of the D'551 Patent and therefore are prior art under 35 U.S.C. § 102.

74.     Moreover, the D'551 Patent is invalid because it claims a primarily functional product design.  At a minimum, the scope of the D'551 Patent should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed design.

75.     Thus, Hydra Cup seeks declaratory judgment from this Court that the D'551 Patent is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional rather than ornamental.

**TENTH CAUSE OF ACTION**

**(Declaratory Relief as to the D'798 Patent: Invalidity)**

76.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

77.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted patents, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

78.     The D'798 Patent is invalid including because it is anticipated by or obvious over

the prior art. The prior art references that render the D'798 Patent invalid, whether alone or in combination, include by way of example only and without limitation, the following: 2,752,971; D208,935; D506,359; D508,187; D510,235; D584,569; D584,925; D597,365; D602,369; D644,065; D646,919; D656,357; D666,047; D672,618; D673,010; D676764; D677,121; D688,520; and D699,996.

79.     Defendants are informed and believe and thereon allege that those patents were filed before the effective filing date of the D'798 Patent and therefore are prior art under 35 U.S.C. § 102.

80.     Moreover, the D'798 Patent is invalid because it claims a primarily functional product design.  At a minimum, the scope of the D'798 Patent should be construed as limited to any ornamental aspects alone and should not extend to any functional elements of the claimed design.

81.     Thus, Hydra Cup seeks declaratory judgment from this Court that the D'798 Patent is invalid as anticipated and/or obvious, and/or because the claimed design is primarily functional rather than ornamental.

## ELEVENTH CAUSE OF ACTION

### (Cancellation of Lid Trade Dress Registration)

82.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

83.     BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 15 U.S.C. §§ 1115, 1119, and 1120, this Court may cancel BlenderBottle's Lid Trade Dress with U.S. Trademark Registration No. 6,800,019.

84.     Hydra Cup is likely to be damaged by the continued registration of BlenderBottle's Lid Trade Dress including without limitation because it is generic, nondistinctive, descriptive without secondary meaning, functional, does not cover the total image of the product, has lost significance including but not limited to due to failure to control third-party use, and/or

due to inequitable conduct before the USPTO as further described with particularity below.

85. With respect to inequitable conduct, the registration for the Lid Trade Dress was procured by material, false, and fraudulent declarations and representations to the USPTO.

86. More specifically, those representations included but were not necessarily limited to the following statements made in the Application, which were not true:

- The Registrant represented in the Application that "the mark was first used . . . at least as early as 00/00/2003" when, on information and belief, the asserted Lid Trade Dress included below was not used anywhere until on or around 2014:



- The Registrant represented in the Application that "the mark was . . . first used in commerce at least as early as 00/00/2003" when, on information and belief, the asserted Lid Trade was not used in commerce until on or around 2014.

87. Additionally, the Registrant made similar misrepresentations in its Response to the USPTO's Office Action, including but not limited to the following:

- "[The Registrant] adopted its unique shaker bottle design, shown below, in 2003" (Response at 1) and included the following image:



- "In sum, given Applicant's use of its mark since 2003 (18 years) as well as its

significant unsolicited media attention and public recognition, Applicant's

Mark has acquired distinctiveness in the minds of the relevant consumers." *Id.*

at 6;

- "As noted in the introduction, Applicant has been the number one seller of

  shaker bottles since 2004, and has used the mark since 2003, which is over 3

  times the amount of use needed to demonstrate a prima facie case of acquired

  distinctiveness under Section 2(f)." *Id.* at 28; and

- "The evidence of record demonstrates that Applicant has used Applicant's

  Mark since 2003." *Id.* at 29.

88.     The Registrant made further misrepresentations including without limitation in response to the USPTO's request for a "written statement as to whether the applied-for mark, or any feature(s) thereof, is or has been the subject of a design or utility patents or patent applications, including expired patents and abandoned patent applications" and "copies of the patents and/or patent applications documentation" in its Office Action.

89.     In its Response, the Registrant only provided "representative samples" and failed to disclose at least seven (7) relevant patents and/or patent applications, including without limitation some related to the functionality of the Lid Trade Dress and/or other requirements for trade dress protection.

90.     The Registrant made the above misrepresentations knowing they were false and with the intent to deceive the USPTO.

91.     The USPTO relied on the Registrant's misrepresentations.

92.     Thus, the Lid Trade Dress should be cancelled pursuant to 15 U.S.C. §§ 1115, 1119, and 1120.

## **TWELFTH CAUSE OF ACTION**

### **(Cancellation of Agitator Trade Dress Registration)**

93.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

94.     BlenderBottle, by and through its actions, including but not limited to its filing of

1   the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has

2   created an actual controversy between and among the parties.  Pursuant to 15 U.S.C. §§ 1115 and

3   1119, this Court may cancel BlenderBottle's Agitator Trade Dress with U.S. Trademark

4   Registration No. 6,245,626.

5          95.     Hydra Cup is likely to be damaged by the continued registration of

6   BlenderBottle's Agitator Trade Dress including without limitation because it is generic,

7   nondistinctive, descriptive without secondary meaning, functional, has been abandoned through

8   non-use, does not cover the total image of the product, and/or has lost significance including but

9   not limited to due to failure to control third-party use.

10         96.     Thus, the Agitator Trade Dress should be cancelled pursuant to 15 U.S.C. §§ 1115

11   and 1119.

12                          **THIRTEENTH CAUSE OF ACTION**

13              **(Declaratory Relief as to the Bottle Trade Dress: Invalidity)**

14         97.     Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth

15   herein.

16         98.     BlenderBottle, by and through its actions, including but not limited to its filing of

17   the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has

18   created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and

19   2202, this Court may declare the rights and other legal relationships of the parties and may order

20   such other and further relief as may be necessary.

21         99.     BlenderBottle owns no valid trade dress rights in the asserted Bottle Trade Dress

22   including without limitation because it is overbroad, vague and ambiguous, generic,

23   nondistinctive, descriptive without secondary meaning, functional, has been abandoned through

24   non-use, has lost significance including due to failure to control third-party use, does not cover

25   the total image of the product, and/or because BlenderBottle is not the senior user of the Bottle

26   Trade Dress.

27         100.    Thus, Hydra Cup seeks declaratory judgment from this Court that BlenderBottle's

28   asserted Bottle Trade Dress is invalid and that it owns no trade dress rights in the same.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief as to the Label Trade Dress: Invalidity)

101.    Hydra Cup realleges and incorporates all preceding paragraphs as if fully set forth herein.

102.    BlenderBottle, by and through its actions, including but not limited to its filing of the instant lawsuit against Hydra Cup alleging infringement of its asserted trade dresses, has created an actual controversy between and among the parties.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other and further relief as may be necessary.

103.    BlenderBottle owns no valid trade dress rights in the asserted Label Trade Dress including without limitation because it is overbroad, vague and ambiguous, generic, nondistinctive, descriptive without secondary meaning, has been abandoned through non-use, has lost significance including due to failure to control third-party use, does not cover the total image of the product packaging, and/or because BlenderBottle is not the senior user of the Label Trade Dress.

104.    Thus, Hydra Cup seeks declaratory judgment from this Court that BlenderBottle's asserted Label Trade Dress is invalid and that it owns no trade dress rights in the same.

## PRAYER FOR RELIEF

WHEREFORE, Hydra Cup prays for relief against BlenderBottle as follows:

A.    A declaration that Hydra Cup has not infringed and is not infringing, directly or indirectly, the claim of the D'235, D'551, and D'798 Patents asserted by BlenderBottle;

B.    A declaration that Hydra Cup has not infringed and is not infringing, directly or indirectly, the Lid Trade Dress, Agitator Trade Dress, Bottle Trade Dress, and Label Trade Dress asserted by BlenderBottle;

C.    A declaration that the claim of each of the D'235, D'551, and D'798 Patents asserted by BlenderBottle is invalid;

D.    Cancellation of the Lid Trade Dress and Agitator Trade Dress;

E.    A declaration that the Bottle Trade Dress and Label Trade Dress are invalid;

36

F.       A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding Hydra Cup its full costs of this action, including but not limited to reasonable attorneys' fees and/or costs; and

G.       For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hydra Cup hereby demands a trial by jury on any and all issues in this action that are triable to a jury.


Respectfully submitted,


Dated:  March 17, 2023                         HOLLAND LAW LLP


                                          By:  /s/Clark A. Waldon
                                               CLARK A. WALDON
                                               Attorneys for Defendant and Counterclaimant
                                               TRRS MAGNATE LLC d/b/a HYDRA CUP