1  Paul A. Stewart (SBN 153,467)
   paul.stewart@knobbe.com
2  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
3  Jacob R. Rosenbaum (SBN 313,190)
   jacob.rosenbaum@knobbe.com
4  Christian D. Boettcher (SBN 342,950)
   christian.boettcher@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
6  Fourteenth Floor
   Irvine, CA  92614
7  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
8
   Attorneys for Trove Brands, LLC
9  d/b/a The BlenderBottle Company

10

11             IN THE UNITED STATES DISTRICT COURT

12             FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14  TROVE BRANDS, LLC d/b/a THE          )  Civil Action No. 2:22-cv-02222-TLN-
    BLENDERBOTTLE COMPANY, a Utah        )  CKD
15  limited liability company,           )
                                         )  **PLAINTIFF'S ANSWER TO**
16                    Plaintiff,         )  **DEFENDANT'S**
                                         )  **COUNTERCLAIMS TO FIRST**
17           v.                          )  **AMENDED COMPLAINT**
                                         )
18  TRRS MAGNATE LLC d/b/a HYDRA         )  Hon. Troy L. Nunley
    CUP,                                 )  Hon. Carolyn K. Delaney
19                                       )
                      Defendant.         )
20                                       )

21

22

23

24

25

26

27

28

                            -1-

Plaintiff Trove Brands, LLC, d/b/a The BlenderBottle Company ("Plaintiff") hereby answers TRRS Magnate LLC d/b/a Hydra Cup's ("Hydra Cup" or "Defendant") Counterclaims ("Counterclaims") as follows:

## JURISDICTION AND VENUE

1.      Plaintiff admits that this Court has jurisdiction over this action.  Plaintiff denies that any of the claims against Plaintiff are valid, and further denies the remaining allegations of Paragraph 1 of the Counterclaims.

2.      Plaintiff admits that this Court has personal jurisdiction over it solely with respect to the claims in the present action.  Except as expressly admitted herein, Plaintiff denies any remaining allegations of Paragraph 2 of the Counterclaims.

3.      Plaintiff admits that venue is proper in this judicial district regarding the claims in the present action.  Plaintiff denies any remaining allegations of Paragraph 3 of the Counterclaims.

## PARTIES

4.      Plaintiff lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Counterclaims, and therefore denies the allegations therein on this basis.

5.      Plaintiff admits the allegations of Paragraph 5 of the Counterclaims.

## FACTUAL ALLEGATIONS

6.      Plaintiff lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Counterclaims, and therefore denies the allegations therein on this basis.

7.      Plaintiff admits that it filed the First Amended Complaint in the present action containing claims for infringement of U.S. Design Patent No. D510,235 (the "D235 Patent"), D696,551 (the "D551 Patent"), and D697,798 (the "D798 Patent") and the Lid Trade Dress as defined by Paragraphs 13-16 of the First Amended Complaint, the Bottle Trade Dress as defined by Paragraphs 17 and 18 of the First Amended Complaint, the Agitator Trade Dress as defined by Paragraphs 22-24 of the First

**PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**

Amended Complaint, and the Label Trade Dress as defined by Paragraphs 25 and 26 of the First Amended Complaint.  Plaintiff further admits that an actual and justiciable controversy exists between Plaintiff and Defendant due to the claims identified herein. Plaintiff denies the remaining allegations of Paragraph 7 of the Counterclaims.

8.     Plaintiff denies the allegations of Paragraph 8 of the Counterclaims.

9.     Plaintiff lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Counterclaims, and therefore denies the allegations therein on this basis.

10.    Plaintiff admits that the D047 Patent is listed as a reference cited on page 2 of the D798 Patent and page 2 of the D551 Patent.  Plaintiff denies the remaining allegations of Paragraph 10 of the Counterclaims.

11.    Plaintiff admits that the D235 Patent is listed as a cited reference on page 1 of the D047 Patent.  Plaintiff denies the remaining allegations of Paragraph 11 of the Counterclaims.

12.    Plaintiff denies the allegations of Paragraph 12 of the Counterclaims.

13.    Plaintiff denies the allegations of Paragraph 13 of the Counterclaims.

14.    Plaintiff denies the allegations of Paragraph 14 of the Counterclaims.

15.    Plaintiff denies the allegations of Paragraph 15 of the Counterclaims.

16.    Plaintiff denies the allegations of Paragraph 16 of the Counterclaims.

17.    Plaintiff responds that Paragraph 17 of the Counterclaims is a reservation of rights that does not require a response.  Plaintiff denies any allegations of Paragraph 17 of the Counterclaims.

18.    Plaintiff admits that the First Amended Complaint includes allegations of patent and trade dress infringement, and that such allegations provide a substantial controversy between Plaintiff and Defendant.  Plaintiff denies the remaining allegations of Paragraph 18 of the Counterclaims.

**FIRST CAUSE OF ACTION**

-2-          **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

19.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

20.     Plaintiff admits that Plaintiff asserts claims of patent infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 20 of the Counterclaims.

21.     Plaintiff denies the allegations of Paragraph 21 of the Counterclaims.

22.     Plaintiff admits that the application which eventually issued as the D235 Patent was filed with the USPTO on September 9, 2003, and the D235 Patent, entitled "BOTTLE," issued on October 4, 2005 and claims "[t]he ornamental design for a bottle, as shown and described."

23.     Plaintiff denies the allegations of Paragraph 23 of the Counterclaims.

24.     Plaintiff denies the allegations of Paragraph 24 of the Counterclaims.

25.     Plaintiff denies the allegations of Paragraph 25 of the Counterclaims.

26.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment of non-infringement of the D235 Patent.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 26 of the Counterclaims.

**SECOND CAUSE OF ACTION**

27.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

28.     Plaintiff admits that Plaintiff asserts claims of patent infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 28 of the Counterclaims.

-3-                    **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

29.     Plaintiff denies the allegations of Paragraph 29 of the Counterclaims.

30.     Plaintiff admits that the application which eventually issued as the D551 Patent was filed with the USPTO on September 7, 2012, and the D551 Patent, entitled "BOTTLE LID HAVING INTEGRATED HANDLE," issued on December 31, 2013 and claims "[t]he ornamental design for a bottle lid with an integrated handle, as shown and described."

31.     Plaintiff denies the allegations of Paragraph 31 of the Counterclaims.

32.     Plaintiff denies the allegations of Paragraph 32 of the Counterclaims.

33.     Plaintiff admits that the D047 Patent is listed as a reference cited on page 2 of the D551 Patent.  Plaintiff denies the remaining allegations of Paragraph 33 of the Counterclaims.

34.     Plaintiff denies the allegations of Paragraph 34 of the Counterclaims.

35.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment of non-infringement of the D551 Patent.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 35 of the Counterclaims.

**THIRD CAUSE OF ACTION**

36.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

37.     Plaintiff admits that Plaintiff asserts claims of patent infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 37 of the Counterclaims.

38.     Plaintiff denies the allegations of Paragraph 38 of the Counterclaims.

39.     Plaintiff admits that the application which eventually issued as the D798 Patent was filed with the USPTO on June 6, 2013, and the D798 Patent, entitled

"CONTAINER," issued on January 21, 2014 and claims "[t]he ornamental design for a container, as shown and described."

40.     Plaintiff denies the allegations of Paragraph 40 of the Counterclaims.

41.     Plaintiff admits that the D047 Patent is listed as a reference cited on page 2 of the D798 Patent.  Plaintiff denies the remaining allegations of Paragraph 41 of the Counterclaims.

42.     Plaintiff denies the allegations of Paragraph 42 of the Counterclaims.

43.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment of non-infringement of the D798 Patent.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 43 of the Counterclaims.

**<u>FOURTH CAUSE OF ACTION</u>**

44.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

45.     Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 45 of the Counterclaims.

46.     Plaintiff admits that the trademark application eventually registering as U.S. Trademark Registration No. 6,800,019 was filed with the USPTO on November 5, 2020, and the mark is described as "a bottle lid with a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side and the brackets host a pivoting arm containing a circular spout closure element.  The dotted lines are matter not claimed as part of the mark."  Plaintiff further admits that U.S. Trademark Registration No. 6,800,019 registered on July 26, 2022.

47.     Plaintiff denies the allegations of Paragraph 47 of the Counterclaims.

**PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**

48.     Plaintiff admits that Hydra Cup purports to assert a claim for declaratory judgment of non-infringement of the Lid Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 48 of the Counterclaims.

**FIFTH CAUSE OF ACTION**

49.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

50.     Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 50 of the Counterclaims.

51.     Plaintiff admits that the trademark application eventually registering as U.S. Trademark Registration No. 6,245,626 was filed with the USPTO on August 24, 2020, and the mark is described as "a three-dimensional configuration of a beverage agitator consisting of a wire that is wound to symmetrically define the shape of a sphere."  Plaintiff further admits that U.S. Trademark Registration No. 6,245,626 registered on January 12, 2021.

52.     Plaintiff denies the allegations of Paragraph 52 of the Counterclaims.

53.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for non-infringement of the Agitator Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 53 of the Counterclaims.

**SIXTH CAUSE OF ACTION**

54.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

55.     Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy

**PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**

between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 55 of the Counterclaims.

56.     Plaintiff admits the allegations of Paragraph 56 of the Counterclaims.

57.     Plaintiff denies the allegations of Paragraph 57 of the Counterclaims.

58.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for non-infringement of the Bottle Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 58 of the Counterclaims.

**SEVENTH CAUSE OF ACTION**

59.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

60.     Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 60 of the Counterclaims.

61.     Plaintiff admits the allegations of Paragraph 61 of the Counterclaims.

62.     Plaintiff denies the allegations of Paragraph 62 of the Counterclaims.

63.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for non-infringement of the Label Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 63 of the Counterclaims.

**EIGHTH CAUSE OF ACTION**

64.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

65.     Plaintiff admits that Plaintiff asserts claims of patent infringement against Defendant in the present action, such claims create an actual controversy between

-7-                        **PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**

Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 65 of the Counterclaims.

66.     Plaintiff denies the allegations of Paragraph 66 of the Counterclaims.

67.     Plaintiff lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67 of the Counterclaims, and therefore denies the allegations therein on this basis.

68.     Plaintiff denies the allegations of Paragraph 68 of the Counterclaims.

69.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for invalidity of the D235 Patent.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 69 of the Counterclaims.

## NINTH CAUSE OF ACTION

70.     Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

71.     Plaintiff admits that Plaintiff asserts claims of patent infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph 71 of the Counterclaims.

72.     Plaintiff denies the allegations of Paragraph 72 of the Counterclaims.

73.     Plaintiff lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 73 of the Counterclaims, and therefore denies the allegations therein on this basis.

74.     Plaintiff denies the allegations of Paragraph 74 of the Counterclaims.

75.     Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for invalidity of the D551 Patent.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 75 of the

PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS

1  Counterclaims.

2  **TENTH CAUSE OF ACTION**

3  76.    Plaintiff repeats and realleges each of its preceding responses to the

4  allegations of the Counterclaims as though fully set forth herein.

5  77.    Plaintiff admits that Plaintiff asserts claims of patent infringement against

6  Defendant in the present action, such claims create an actual controversy between

7  Plaintiff and Defendant, and Defendant purports to assert claims and seek relief pursuant

8  to 28 U.S.C. §§ 2201 and 2202.  Plaintiff denies the remaining allegations of Paragraph

9  71 of the Counterclaims.

10  78.    Plaintiff denies the allegations of Paragraph 78 of the Counterclaims.

11  79.    Plaintiff lacks knowledge or information sufficient to admit or deny the

12  allegations contained in Paragraph 79 of the Counterclaims, and therefore denies the

13  allegations therein on this basis.

14  80.    Plaintiff denies the allegations of Paragraph 80 of the Counterclaims.

15  81.    Plaintiff admits that Defendant purports to assert a claim for declaratory

16  judgment for invalidity of the D798 Patent.  Plaintiff denies that Defendant is entitled

17  to any relief.    Plaintiff denies the remaining allegations of Paragraph 81 of the

18  Counterclaims.

19  **ELEVENTH CAUSE OF ACTION**

20  82.    Plaintiff repeats and realleges each of its preceding responses to the

21  allegations of the Counterclaims as though fully set forth herein.

22  83.    Plaintiff admits that Plaintiff asserts claims of trade dress infringement

23  against Defendant in the present action, such claims create an actual controversy

24  between Plaintiff and Defendant, and Defendant purports to assert a claim and seek

25  relief pursuant to 15 U.S.C. §§ 1115, 1119, and 1120.  Plaintiff denies the remaining

26  allegations of Paragraph 83 of the Counterclaims.

27  84.    Plaintiff denies the allegations of Paragraph 84 of the Counterclaims.

28  85.    Plaintiff denies the allegations of Paragraph 85 of the Counterclaims.

-9-                    **PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**

86. Plaintiff denies the allegations of Paragraph 86 of the Counterclaims.

87. Plaintiff denies the allegations of Paragraph 87 of the Counterclaims.

88. Plaintiff denies the allegations of Paragraph 88 of the Counterclaims.

89. Plaintiff denies the allegations of Paragraph 89 of the Counterclaims.

90. Plaintiff denies the allegations of Paragraph 90 of the Counterclaims.

91. Plaintiff denies the allegations contained in Paragraph 91 of the Counterclaims.

92. Plaintiff denies the allegations of Paragraph 92 of the Counterclaims.

## TWELFTH CAUSE OF ACTION

93. Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

94. Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert a claim and seek relief pursuant to 15 U.S.C. §§ 1115 and 1119. Plaintiff denies the remaining allegations of Paragraph 94 of the Counterclaims.

95. Plaintiff denies the allegations of Paragraph 95 of the Counterclaims.

96. Plaintiff denies the allegations of Paragraph 96 of the Counterclaims.

## THIRTEENTH CAUSE OF ACTION

97. Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

98. Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert a claim and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff denies the remaining allegations of Paragraph 98 of the Counterclaims.

99. Plaintiff denies the allegations of Paragraph 99 of the Counterclaims.

100. Plaintiff admits that Defendant purports to assert a claim for declaratory

-10-

PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS

judgment for invalidity of the Bottle Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 100 of the Counterclaims.

## FOURTEENTH CAUSE OF ACTION

101.   Plaintiff repeats and realleges each of its preceding responses to the allegations of the Counterclaims as though fully set forth herein.

102.   Plaintiff admits that Plaintiff asserts claims of trade dress infringement against Defendant in the present action, such claims create an actual controversy between Plaintiff and Defendant, and Defendant purports to assert a claim and seek relief pursuant to 28 U.S.C. §§ 2201 and 2202.   Plaintiff denies the remaining allegations of Paragraph 102 of the Counterclaims.

103.   Plaintiff denies the allegations of Paragraph 103 of the Counterclaims.

104.   Plaintiff admits that Defendant purports to assert a claim for declaratory judgment for invalidity of the Label Trade Dress.  Plaintiff denies that Defendant is entitled to any relief.  Plaintiff denies the remaining allegations of Paragraph 104 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses in the present action.  There may be additional affirmative defenses to the Counterclaims that are currently unknown to Plaintiff.   Therefore, Plaintiff reserves the right to amend its answer to the Counterclaims to allege any additional affirmative defenses, in the event that discovery of additional information indicates that they are appropriate.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.   The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

2.   The Defendant's claims are barred, in whole or in part, because of the

-11-          **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

doctrine of unclean hands.

## **PRAYER FOR RELIEF**

Plaintiff denies all remaining allegations not expressly admitted or responded to herein.  Plaintiff denies that Defendant is entitled to the relief requested, or to any relief. Plaintiff prays for relief as follows:

A. That the Court enter judgment against Defendant on its Counterclaims;

B. That Defendant take nothing by way of its Counterclaims;

C. That the Court dismiss the Counterclaims with prejudice; and

D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 7, 2023  By: */s/ Jacob R. Rosenbaum*
       Jacob R. Rosenbaum
       Ali S. Razai
       Paul A. Stewart
       Christian D. Boettcher

Counsel for Plaintiff TROVE  BRANDS,  LLC  d/b/a THE BLENDERBOTTLE COMPANY

-12-  **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 7, 2023, I cause the **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record.

CLARK A. WALDON
CWaldon@HollandLawLLP.com
CHRISTOPHER T. HOLLAND
CHolland@HollandLawLLP.com
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4980
Facsimile: (415) 200-4989

*/s/ Jacob R. Rosenbaum*
Jacob R. Rosenbaum

57137741

**PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIMS**