Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | Case No.: 2:22-cv-02222-TLN-CKD<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company ("BlenderBottle" or "Plaintiff") and Defendant TRRS Magnate LLC d/b/a Hydra Cup ("Hydra Cup" or "Defendant"), by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order.

## I. RULE 26(f) CONFERENCE.

Pursuant to Rule 26(f), the parties held a telephonic conference on April 11, 2023, which was attended by counsel for BlenderBottle and Hydra Cup.

## II. DISCOVERY PLAN

Discovery will follow the Federal Rules of Civil Procedure, and given the nature of this dispute, will be conducted in two phases, with fact discovery closing before expert discovery.

### A. Rule 26(f)(3)(A): Rule 26(A) Disclosures

The parties have agreed to exchange initial disclosures under Rule 26(a) by April 25, 2023.

### B. Rule 26(f)(3)(B): Overview of Subjects of Discovery

The parties anticipate that discovery will encompass all areas set forth in the Pleadings, including but not limited to the design, manufacture, testing, sale, offer for sale, and/or importation of the accused products in the United States; the creation and development of the designs claimed by the asserted patents; the design, development, manufacture, sale, offer for sale, and/or importation of BlenderBottle's products embodying the designs in the asserted patents; the manufacture, advertisement, marketing, sale, and/or offer for sale of BlenderBottle's products bearing the asserted trade dress; the validity of the asserted design patents and trade dress; whether or not the accused products infringe the asserted design patents and/or trade dress; the alleged functionality of designs claimed in the asserted patents and/or trade dress; the likelihood of confusion between the asserted trade dress and the accused products; sales and marketing of the accused products; BlenderBottle's alleged damages; the merits of Hydra Cup's affirmative defenses; whether BlenderBottle's claims are affected by any of Hydra Cup's affirmative defenses; and all non-privileged communications relating thereto. The parties are still investigating their claims and defenses and may raise other issues, claims, and defenses throughout discovery.

### C. Rule 26(f)(3)(C): Electronically Stored Information

The parties will work together to preserve and exchange relevant ESI in a convenient and cost-effective format. The parties are unaware of significant issues with ESI at this time. The parties agree that ESI shall be produced as full color, single page TIFFS, JPGS, or PDFs with each page including a unique production number and any necessary confidentiality legend pursuant to the proposed Protective Order in locations reasonably intended to not obliterate, conceal, or interfere with any information on the page. At the option of the producing party or upon reasonable request of the receiving party, native versions of documents, such as Excel files, that cannot be readily converted to imagery in a readable format, can be produced as native files. Documents produced in their native format will bear a production number in the document file name. The parties agree to provide metadata for all ESI produced to the extent such metadata exists.

### D. Rule 26(f)(3)(D): Privilege

In the proposed Protective Order, the parties will include an Order under Federal Rule of Evidence 502(d), which will protect the parties from waiver if privileged documents are inadvertently disclosed, along with any other protections the parties deem appropriate.

### E. Rule 26(f)(3)(E): Limitations on Discovery

The parties do not propose any changes to the limitations on discovery set forth in the Federal Rules or Local Rules.

### F. Rule 26(f)(3)(F): Other Issues

The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, all documents that are required to be served (with the exception of documents produced pursuant to an inspection demand) shall be served via e-mail. Service via e-mail will be deemed equivalent to personal service/hand delivery for purposes of calculating any applicable response deadlines.

The parties intend to submit a proposed Protective Order for the Court's consideration and approval.

### a. Claim Construction Hearing and Briefing

Hydra Cup's Position:

Hydra Cup respectfully requests a claim construction hearing and briefing schedule for U.S. Design Patent Nos. D510,235 (the "D'235 Patent"), D696,551 (the "D'551 Patent"), and D697,798 (the "D'798 Patent") – the three (3) design patents asserted by BlenderBottle. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

The Federal Circuit has held that "trial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). Indeed, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (citations omitted).

This Court has confirmed the Federal Circuit's holdings and provided a detailed explanation of the process for and purpose of claim construction for design patents:

> "An infringement analysis entails two steps." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). "The first step is determining the meaning and scope of the patent claims" in dispute, i.e., claim construction. *Id.* This "is an issue for the judge." 517 U.S. at 391, 116 S.Ct. 1384; *see also Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020) (outlining these steps in the context of design patents). For design patents, claim construction is typically an exercise in comparing pictures. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302–03 (Fed. Cir. 2010). "Words cannot easily describe ornamental designs." *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016). Verbal claim constructions also risk undue emphasis on "particular features" rather than "the design as a whole." *Id.* But because design patents protect only "the novel, ornamental features of the patented design," the court may identify and factor out any "functional" aspects of the design. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *see also Sport Dimension*, 820 F.3d at 1320; *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006). Moreover, unlike other parts of claim construction for design patents, the distinction between ornamental and functional features "may benefit

from verbal or written guidance." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015).

*Stiles v. Walmart, Inc.*, No. 214CV02234DADDMC, 2022 WL 16806210, at *10 (E.D. Cal. Nov. 8, 2022), *reconsideration denied*, No. 214CV02234DADDMC, 2023 WL 1110438 (E.D. Cal. Jan. 30, 2023).

In view of the above, Hydra Cup respectfully requests a claim construction hearing to determine the meaning and scope of the asserted design patents, including by limiting the scope of the design patents to non-functional features as well as features not claimed by prior art. This is particularly important given the multiple utility patents and design patents filed by the same inventor and/or having the same assignee as the asserted design patents.

BlenderBottle's position attempts to delay claim construction until summary judgment or trial – merely an optional approach that is not appropriate in this litigation. The cases that BlenderBottle cites only discuss delaying claim construction in the narrow context of functionality (and notably *Vertical Tank, Inc. v. BakerCorp* and *Deckers Outdoor Corp. v. Rue Services Corp.* are unreported opinions). Therefore, they are not applicable in this case, where claim construction will involve not only functionality, but also other issues including the limitation of the scope of the asserted design patents due to non-novel features that are already claimed by prior art.

As just one example, Hydra Cup claims that the scope of the D'551 Patent should be narrowed to only include those features not already claimed by the D'235 Patent. Hydra Cup contends that it is readily apparent by viewing the drawings that the majority of the design elements in the D'551 Patent were already disclosed in the D'235 Patent nine (9) years prior, and the claims should be construed accordingly:

*D'235 Patent – Filed September 9, 2003*

  

*Lid from D'551 Patent – Filed September 7, 2012*

  

Further, Hydra Cup's proposed schedule provides for a discovery period prior to the claim construction hearing that will serve to narrow the issues in the case and provide for a more efficient and less costly remainder of the litigation and trial.

For the above reasons, Hydra Cup also believes that, in order to accommodate the required claim construction hearing and related briefing, there is good cause for the modified schedule proposed in Section III below.

BlenderBottle's Position

The Court should deny Hydra Cup's request for a separate claim construction proceeding on the design patents at issue, which would needlessly delay the case and multiply the costs of litigation. Unlike utility patents, design patents encompass ornamental designs that are claimed as shown in drawings. But as the Supreme Court held long ago and the Federal Circuit has recognized, "[w]ords cannot easily describe ornamental designs." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (citing *Dobson v. Dornan*, 118 U.S. 10, 14, (1886)). As a result, the Federal Circuit has repeatedly cautioned that a "design patent's claim is thus often better represented by illustrations than a written claim construction." *Coleman*, 820 F.3d at 1320. "[D]etailed verbal claim constructions increase "the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual

described feature in the verbal description rather than on the design as a whole." *Id*. (citing *Egyptian Goddess*, 543 F.3d at 680).

To the extent Hydra Cup seeks claim construction to determine the functionality of aspects of the claimed designs or the designs as a whole, this is typically done at summary judgment or trial. *See, e.g.*, *Vertical Tank, Inc. v. BakerCorp*, 2019 WL 2207668, at *18-19 (E.D. Cal. May 22, 2019) (deferring determination of functionality for summary judgment or trial if necessary); *Deckers Outdoor Corp. v. Rue Servs. Corp.*, 2014 WL 12588481, at *3 (C.D. Cal. Aug. 29, 2014) (at the claim construction stage, leaving determinations of functionality for a more appropriate time); *Star Mfg., Inc. v. Ramp Lite Mfg., Inc.*, 44 F. Supp. 2d 1149, 1156 (D. Kan. 1999) (deferring a determination regarding functionality until trial, if necessary). Indeed, even in *Stiles v. Walmart*, which Hydra Cup cites in support of its request, Judge Drozd deferred the issue of claim construction until summary judgment.

The Court should deny Hydra Cup's request for a separate claim construction proceeding and defer the issue for summary judgment or trial, to the extent necessary.

### III. PROPOSED SCHEDULING ORDER

The Parties anticipate trial will last 4-6 days. Trial counsel are listed in the signature blocks below. The parties competing schedules are presented below.

| Action or Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Deadline for Mandatory Initial Disclosures. | 4/25/2023 | 4/25/2023 |
| Deadline to Amend Pleadings | 5/2/2023 | 5/2/2023 |
| Initial Case Management Conference | | 6/22/2023 |
| Claim Construction ("CC") Discovery Cut-Off | | 1/5/2024 |
| Opening CC Briefs | | 1/19/2024 |
| Responsive CC Briefs | | 2/2/2024 |

| | | |
|---|---|---|
| CC Hearing | | 2/15/2024 |
| Deadline for Non-Expert Discovery | 12/1/2023 | 5/10/2024 |
| Expert Disclosure (Initial – based on burden of proof) | 1/30/2024 | 7/9/2024 |
| Expert Disclosure (Rebuttal) | 2/29/2024 | 8/8/2024 |
| Expert Discovery Deadline | 4/1/2024 | 9/6/2024 |
| Deadline for Joint Notice of Trial Readiness (if the Parties do not intend to file dispositive motions) | 4/1/2024 | 9/6/2024 |
| Deadline to file Dispositive Motions. | 5/29/2024 | 11/6/2024 |

Date: April 25, 2023  **KNOBBE MARTENS OLSON & BEAR**

By: /s/ Jacob R. Rosenbaum
Paul Stewart
Ali Razai
Jacob Rosenbaum
Christian Boettcher
Attorneys for Plaintiff
Trove Brands LLC d/b/a The BlenderBottle Company

Date: April 25, 2023  **HOLLAND LAW LLP**

By: /s/ Clark Waldon
(as authorized on 4/25/2023)
Clark Waldon
Christopher Holland
Attorneys for Defendant
TRRS Magnate LLC d/b/a Hydra Cup

57512346