Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | Case No.: 2:22-cv-02222-TLN-CKD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Hon. Troy L. Nunley<br>Hon. Carolyn K. Delaney |

## 1. PURPOSES AND LIMITATIONS

Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company ("BlenderBottle" or "Plaintiff") and TRRS Magnate LLC d/b/a Hydra Cup ("Hydra Cup" or "Defendant") recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. All information produced or disclosed in the litigation shall be used solely for pursuing the claims or defense (including any appeal therefrom) of the litigation, and shall not be used for any other purpose.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve sales information, marketing information, and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information (such as product design or marketing information), financial information, information regarding confidential business practices, or other confidential commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for

such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The Parties further acknowledge, as set forth in Section 14.3, below, that this Order does not entitle them to file confidential information under seal. Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

4. **DEFINITIONS**

4.1 Acknowledgment and Agreement to be Bound: means an executed document in the form attached as Exhibit A.

4.1 Action: this pending federal lawsuit in the Eastern District of California, captioned as *Trove Brands, LLC d/b/a The BlenderBottle Company v. TRRS Magnate LLC d/b/a Hydra Cup*, Case Number 2:22-cv-02222-TLN-CKD.

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

4.7 <u>Documents</u>: are all materials within the scope of Fed. R. Civ. P. 34.

4.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained or consulted by a Party or its counsel to serve as an expert witness or as a consultant in this Action for assistance in the preparation or prosecution of claims or defenses in this proceeding.

4.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement, and also the disclosure of which to another Party or Non-Party may harm the Party producing the information. . Documents and information designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may include the following:

  (a) Sensitive technical information, including current research, development and manufacturing information;
  (b) Sensitive business information, including sensitive financial or marketing information;
  (c) Competitive technical information, including technical analyses or comparisons of competitor's products or services;
  (d) Competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/services expansion plans;
  (e) Personal health or medical information;
  (f) Sales volumes, sales units, cost and profit information, marketing strategies and expenditures, competitive business plans, and the identity of customers;
  (g) An individual's personal credit, banking or other financial information; or
  (h) Any other commercially sensitive information the disclosure of which the producing Party reasonably and in good faith believes would likely cause harm.

4.9 <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House

Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, computer database preparation, document coding, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

All Documents marked <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> in accordance with Definition 4.8, along with the information contained in the Documents, shall be used solely for the purpose of this action, and no person receiving such Documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or their contents

to any person other than those specified in Sections 9.2 and 9.3. However, the prohibitions in this Order do not apply to a Party's own use of material it designated pursuant to this Order. Further, this Order does not prohibit either Party from using materials already in its possession prior to this proceeding in any other litigation, arbitration, mediation, or legal proceeding.

Witnesses who provide depositions shall not retain a copy of Documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with definition 4.8, except that witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 6. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 7. DESIGNATING PROTECTED MATERIAL

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other

Parties that it is withdrawing the inapplicable designation.

7.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material.

(b)    For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript.  If confidential treatment of a transcript is requested by a Party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within fourteen (14) days after completion and service of the final transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice. The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Section 9.3 below for a period of fourteen (14) days after completion and service of the final transcript, except that portions of the transcript may be filed under seal with the Court in connection with these proceedings.

(c) For information produced in some form other than documentary (including, without limitation, electronically stored information produced in native format) and for any other tangible items, that the Producing Party affix in a prominent place on the media or exterior of the container or containers in which the information is stored the CONFIDENTIALITY Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) Third parties producing Documents in the course of this action may also designate Documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" subject to the same protections and constraints as the Parties. A copy of the Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties shall be treated as though marked "CONFIDENTIAL" for a period of 14 days from the date of their production, during which period any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" pursuant to the terms of the Protective Order.

(e) Any person whom the Parties have agreed in writing may access Documents designated "CONFIDENTIAL" shall execute an "<u>Acknowledgment and Agreement to be Bound</u>" using the form attached as **Exhibit A**.

7.3 <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure by a Party or Non-Party of Disclosure or Discovery Material which it believes should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether it was so designated at the time of disclosure, shall not be deemed

a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party or Non-Party notifies the Receiving Party as soon as reasonably practicable after discovery of the inadvertent or unintentional failure to designate. If a Party or Non-Party inadvertently or unintentionally produces or discloses Protected Material without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or Parties that the Disclosure or Discovery Material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should be treated in accordance with the provisions of this Order. The Receiving Party or Parties must treat such Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," from the date such notice is received. Disclosure of such Disclosure or Discovery Material, prior to receipt of such notice, to persons not authorized to receive Protected Material shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the Protected Material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated in accordance with this Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

8.3    <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

8    [PROP] STIP PROTECTIVE ORDER
Case No. 2:22-CV-02222-TLN-CKD

or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information contained in Documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY." Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order pursuant to their internal record retention practices.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party and its present officers, directors, and employees (including House Counsel) to the extent disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to the extent disclosure is reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, videographers and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to the extent disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

  (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

  (j) any other individual agreed upon by the Parties in writing.

9.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  (b) Experts (as defined in this Order) of the Receiving Party to the extent disclosure is reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (c) the court and its personnel;

  (d) court reporters, videographers and their staff;

  (e) professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

    (h)    any other individual agreed upon by the Parties in writing.

9.3    If a Party seeks to disclose any Document designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" to any person known to be an employee of, agent of, or consultant to any competitor of any opposing Party, the Party seeking to disclose such Documents shall notify in writing all opposing Parties at least 14 days prior to disclosure. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing within 14 days after receipt of such notice, no disclosures shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

9.4    Any inadvertent disclosure without appropriate designation shall be remedied as soon as the Producing Party learns of its error, by informing all adverse Parties, in writing, of the error, and by supplying properly designated copies of the produced materials to all Receiving Parties.

**10.**    <u>**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-

| | |
|---|---|
| *1* | Party, if requested. |
| *2* | (c) If the Non-Party fails to seek a protective order from this court within 14 |
| *3* | days of receiving the notice and accompanying information, the Receiving Party may produce the |
| *4* | Non-Party's confidential information responsive to the discovery request. If the Non-Party timely |
| *5* | seeks a protective order, the Receiving Party shall not produce any information in its possession |
| *6* | or control that is subject to the confidentiality agreement with the Non-Party before a |
| *7* | determination by the court. Absent a court order to the contrary, the Non-Party shall bear the |
| *8* | burden and expense of seeking protection in this court of its Protected Material. |

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of privileged or work-product protected documents or information, including electronically stored documents or information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

If a Party through inadvertence produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice within fourteen (14) days after learning of the inadvertent production to the

Receiving Party or Parties that the Disclosure or Discovery Material is subject to a claim of privilege and request that it be returned to the Producing Party. If a Producing Party or Non-Party requests the return, pursuant to this Section, of any Disclosure or Discovery Material, the Receiving Party or Parties shall not use or disclose, and shall immediately return to the Producing Party all copies of such Disclosure or Discovery Material or confirm that all copies have been destroyed. Return of the Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of privilege nor shall it foreclose any Party from moving the Court for an order that such Disclosure or Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

**14. <u>MISCELLANEOUS</u>**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. **Any Party may apply to the Court for a modification of the Order, and nothing in this Order shall be construed to prevent a Party from seeking or opposing further provisions enhancing or limiting confidentiality.**

14.2 <u>Right to Assert Other Objections</u>. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Order. Neither the entry of this Order, nor the designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Further, no action taken or failed to be taken in accordance with the Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

14.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 141. Protected Material may only be filed under seal

pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4 The confidentiality obligations imposed by the Order shall survive the termination of this action.

## 15. **FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that states all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## 16. VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: September 11, 2023   By: /s/ Jacob R. Rosenbaum
    Ali Razai
    Paul Stewart
    Jacob Rosenbaum
    Christian Boettcher

*Attorneys for Plaintiff
Trove Brands LLC d/b/a The
BlenderBottle Company*

Date: September 11, 2023   **Meghan the Attorney, LLP and MC Law, PLLC**

By: /s/Meghan Pratschler
Meghan Pratschler
CA Bar No.: 324970
Meghan the Attorney, LLP
95 3rd St 2nd Floor
San Francisco, CA 94103-3103
meghan@meghantheattorney.com
(415) 335-9226

-and-

Date: September 11, 2023   By: /s/Casey Scott McKay
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
202.743.1972
casey@mclaw.io
(admitted      pro      hac      vice)

*Attorneys for Defendant TRRS Magnate,
LLC dba Hydra Cup*

**IT IS SO ORDERED.**

Dated: _____
   Honorable Troy L. Nunley
   United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Trove Brands, LLC dba The Blenderbottle Company v. TRRS Magnate LLC dba Hydra Cup* Case No. 2:22-cv-02222-TLN-CKD.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State or Nation where sworn and signed: _____

Printed name: _____

Signature: _____

27109370