Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | Case No.:  2:22-cv-02222-TLN-CKD<br><br>**PLAINTIFF BLENDERBOTTLE'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT HYDRA CUP'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>Hon. Troy L. Nunley<br>Hon. Carolyn K. Delaney |

*1*   Plaintiff Trove Brands, LLC ("BlenderBottle") hereby respectfully applies to the Court *2* for an *ex parte* order striking the overlength claim construction brief filed by TRRS Magnate LLC *3* ("Hydra Cup").  Dkt. 36.

*4*   This Court's Case Management Procedures impose "a page limit of twenty (20) pages on *5* all briefs, including initial moving papers, dispositive motions, trial briefs, and post-trial motions, *6* and twenty (20) pages on oppositions."  Any party wishing to file a longer document must seek *7* relief from the page limit at least fourteen (14) days prior to filing the document.  The Court *8* reiterated this rule in its Initial Pretrial Scheduling Order in this case.  Dkt.10.

*9*   On November 30, 2023, at 11:57 pm, Hydra Cup submitted an Opening Claim *10* Construction brief totaling 113 pages, excluding the accompanying declaration and attachments. *11* Dkt. 36.  Hydra Cup never sought relief from the Court's Case Management Procedures and Initial *12* Pretrial Scheduling Order.  Nor did Hydra Cup explain in its brief or anywhere else why *13* disregarding the Court's rules was appropriate.

*14*   Courts have the authority to strike overlength briefs that do not comply with its procedural *15* rules.  *See Moffatt v. State of Arizona*, No. 17-cv-06029-VBF, 2018 WL 11470430, at *1 (C.D. *16* Cal. Oct. 17, 2018) (finding that "plaintiff has not made a serious effort to provide a reasonably *17* concise statement of his arguments" and striking the brief).  The Court should exercise its *18* authority and strike Hydra Cup's noncompliant brief.

*19*   In *Moffatt*, the court recognized that it had the discretion to consider an overlength brief. *20* 2018 WL 11470430, at *1.  The court nevertheless struck the noncompliant brief because it was *21* "exceedingly long," approximately six times the applicable page limit.  The court concluded that *22* the filing party had "not made a serious effort to provide a reasonably concise statement of his *23* arguments…." *Id.*

*24*   The facts of this case are strikingly similar to those in *Moffat*.  Hydra Cup's brief exceeds *25* the Court's page limit by over 90 pages and is nearly six times the length permitted by the Court. *26* Hydra Cup's opening claim construction brief is "exceedingly long," grossly ignores this Court's *27* procedural rules and scheduling order and should be stricken.  See *Moffatt*, 2018 WL 11470430, *28* at *1.

If Hydra Cup's overlength brief is not stricken, BlenderBottle will be severely prejudiced. Under the Court's scheduling order, the parties have until December 14, 2023, to submit responsive claim construction briefing. Dkt. 29. BlenderBottle cannot possibly respond to all of the arguments raised in Hydra Cup's brief within the time allowed.

Further, even if BlenderBottle had additional time and pages to respond to Hydra Cup's overlength brief, BlenderBottle would still be prejudiced. Hydra Cup's overlong, 113-page brief is full of unpersuasive arguments that never would have been included in a compliant 20-page brief. BlenderBottle should not be forced to expend the time and financial resources necessary to respond to all of these additional, improper arguments. Similarly, BlenderBottle would be prejudiced if Hydra Cup were permitted to file a new, 20-page brief. Hydra Cup would have the benefit of having seen BlenderBottle's opening brief, whereas BlenderBottle was not afforded that benefit.

Finally, striking Hydra Cup's brief would not unduly prejudice Hydra Cup. Hydra Cup would still have an opportunity to address claim construction in its responsive claim construction brief. *See* Dkt. 29.

Accordingly, BlenderBottle respectfully requests that the Court strike Hydra Cup's opening claim construction brief [Dkt. 36] in its entirety.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 1, 2023        By: */s/ Jacob R. Rosenbaum*
  Ali S. Razai
  Jacob R. Rosenbaum
  Christian D. Boettcher

Counsel for Plaintiff TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY