Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | No. 2:22-cv-02222-TLN-CKD<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hon. Troy L. Nunley |

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiff Trove Brands, LLC ("BlenderBottle") moves for leave to file a second amended complaint to add Thomas Raymus as a defendant. The proposed second amended complaint, submitted herewith as Exhibit A, is based on newly discovered evidence that Mr. Raymus personally directed Defendant TRRS Magnate LLC ("Hydra Cup") to perform the infringing acts that are the subject of this action, and that Mr. Raymus is the moving force behind Hydra Cup's infringement.

## I. STATEMENT OF RELEVANT FACTS

BlenderBottle is a leading producer of shaker bottles and is the owner of design patents and trade dress rights in its innovative shaker bottle designs. BlenderBottle initiated this action on December 14, 2022, after discovering that Hydra Cup had copied BlenderBottle's iconic shaker bottle design. Dkt. 1. BlenderBottle's complaint asserted claims for design patent infringement, trade dress infringement, false designation of origin, and statutory and common law unfair competition. On March 3, 2023, BlenderBottle filed a first amended complaint adding additional allegations of trade dress infringement. Dkt. 19.

On December 13, 2023, BlenderBottle took the deposition of Hydra Cup's principal, Thomas Raymus. Rosenbaum Decl. ¶ 3. During the deposition, Mr. Raymus testified that he is not only Hydra Cup's owner and chief executive officer, but also its sole employee. Ex. 1[1] at 28:7–15. Mr. Raymus also testified that he commingles funds between his personal bank account and Hydra Cup's corporate account. *Id.* at 32:20–33:2. He further admitted that he was personally responsible for selecting or approving the design of some of the accused shaker bottles, shaker bottle lids, and labelling identified in this litigation. *Id.* at 62:18–64:5; 80:14-81:5; 200:4–203:3, 254:3–13, 273:8–18. Mr. Raymus also testified that he is solely responsible for marketing the

---

[1] All numbered exhibits are attached to the declaration of Jacob Rosenbaum.

accused products, *id.* at 305:15–21. In short, Mr. Raymus testified that he is "in charge" of the entirety of Hydra Cup and its business. *Id.* at 28:7–15.

Immediately after discovering Mr. Raymus's personal involvement in designing and selling the infringing Hydra Cup products, BlenderBottle began preparing a second amended complaint. Rosenbaum Decl. ¶ 4 ; *see* also Ex. A. On December 29, 2023, BlenderBottle sent Hydra Cup a redlined proposed second amended complaint, and asked whether Hydra Cup would stipulate to the amendment. Ex. 2. Hydra Cup did not respond to BlenderBottle's email. Rosenbaum Decl. ¶ 5. On January 3, 2024, the parties met and conferred on various discovery-related issues. *Id.* ¶ 6. During that call, Hydra Cup refused to stipulate to the amendment. *Id.*; Ex. 3. The present motion followed.

## II.  LEGAL STANDARD

Where, as here, a court deadline to amend has passed, Rule 16(b) governs whether a complaint may be amended after the deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b) requires the plaintiff to establish good cause for the amendment by showing: (1) that it was diligent in proposing the initial scheduling order, (2) that it was unable to comply with the deadline in that order because of matters that could not have been reasonably foreseen at the time of the scheduling conference; and (3) that it was diligent in seeking amendment. *Pizana v. SanMedica Int'l LLC*, 2022 WL 1241098, at *5 (E.D. Cal. Apr. 27, 2022). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at 609.

If Rule 16 is satisfied, the court then considers whether the proposed amendment is proper under Rule 15. *Pizana,* 2022 WL 1241098, at *5. Under Rule 15, leave to amend should be freely granted unless the amendment would prejudice the opposing party, is sought in bad faith, would unduly delay the litigation, or is futile. *Pizana,* 2022 WL 1241098, at *9. The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice. *Id.* "In general, a court should liberally allow a

party to amend its pleading," *see Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013), even if the amendment would add a party, *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### III. ARGUMENT

#### A. Mr. Raymus Is Personally Liable for Hydra Cup's Infringement

A corporate officer is personally liable for trademark infringement when the officer is the "moving, active conscious force' behind the corporation's infringement." *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1106 (S.D. Cal. 2018). Similarly, corporate officers are personally liable for patent infringement "if they personally took part in the commission of the tort or specifically directed other officers, agents, or employees of the corporation to commit the tortious act." *Driscoll's Inc. v. California Berry Cultivars, LLC*, 2022 WL 956863, at *5 (E.D. Cal. Mar. 30, 2022); *Daimler AG*, 334 F. Supp. 3d at 1106 (same). The officer who personally commits infringing actions may be held liable for infringement without piercing the corporate veil. *Lubby Holdings LLC v. Chung*, 11 F. 4th 1355, 1358 (Fed. Cir. 2021). "The cases are legion in which courts have recognized and imposed personal liability on corporate officers for participating in, inducing, and approving acts of patent infringement." *Driscoll's Inc.*, 2022 WL 956863, at *5 (citations omitted).

During Mr. Raymus's deposition, he revealed that he personally directs and is the driving force behind ***every action taken by Hydra Cup***, including Hydra Cup's acts of infringement. Specifically, Mr. Raymus testified that he is Hydra Cup's CEO and sole employee, Ex. 1 at 28:7–15; personally responsible for selecting or approving the design of some of the accused shaker bottles, shaker bottle lids, and labelling identified in this litigation, *id.* at 62:18–64:5; 80:14-81:5; 200:4–203:3, 254:3–13, 273:8–18; and solely responsible for marketing the infringing products, *id.* at 305:15–21. Thus, Mr. Raymus is liable for infringement because he was personally involved in designing and selling copy-cat products that infringe BlenderBottle's trade dress and design patent rights. *See Lubby*, 11 F. 4th at 1358 (upholding jury verdict of infringement against

corporate officer who sold the infringing products); *Daimler,* 334 F. Supp. 3d at 1106; *Driscoll's,* 2022 WL 956863, at *5.

Mr. Raymus's deposition also revealed that Mr. Raymus and Hydra Cup effectively operate as a single entity. Mr. Raymus is the sole employee and is therefore solely responsible for ***every decision*** made at the company. Mr. Raymus also admitted that he commingles funds between his personal bank account and Hydra Cup's corporate account. Ex. 1 at 32:20–33:2. Accordingly, Mr. Raymus is also liable for patent infringement as the alter ego of Hydra Cup. *See Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538 (2000) (holding a corporate officer personally liable for infringement where the officer commingled personal and corporate funds).

In view of the evidence obtained during Mr. Raymus's recent deposition, BlenderBottle respectfully requests leave to amend the operative complaint to add Mr. Raymus as a defendant.

### B. **BlenderBottle Has Shown Good Cause to Amend Its Complaint Under Rule 16**

Modification of the scheduling order to permit BlenderBottle's proposed amendment is proper under the Eastern District's three-step test for diligence. *See Pizana,* 2022 WL 1241098, at *5 (setting forth the applicable "three-step inquiry").

First, BlenderBottle was diligent in assisting the Court in creating a workable Rule 16 Order. *See id.* (step one). BlenderBottle met and conferred with Hydra Cup four days after Hydra Cup served its Answer to the First Amended Complaint. Dkt. 22; Dkt. 23 ("the parties held a telephonic conference on April 11, 2023…"). The parties submitted a Joint Rule 26(f) Report within 14 days of that conference. Dkt. 23. And when the Court requested that the parties submit a joint schedule with dates, the parties did so within the time limits set by the Court. *See* Dkt. 25-28. This favors finding good cause under Rule 16. *See Pizana,* 2022 WL 1241098, at *9.

Second, BlenderBottle was unable to comply with the scheduling order because it learned of Mr. Raymus's personal involvement in infringing activities on December

13, 2023, during Mr. Raymus's deposition, by which time the May 2, 2023 deadline to amend the pleadings had already passed. *See Pizana,* 2022 WL 1241098, at * 5 (step two); Dkt. 29 (scheduling order). Before Mr. Raymus's deposition, BlenderBottle did not know – and could not have predicted – that Mr. Raymus was Hydra Cup's only employee or that the company is run by outsourcing numerous business functions to third parties. Rosenbaum Decl. ¶ 3; Ex. 1 at 28:7–17. Notably, Hydra Cup never described Mr. Raymus's role in designing and marketing the accused products in response to BlenderBottle's interrogatory on the design, manufacture, marketing and sale of the accused products. Rosenbaum Decl. ¶ 7; Ex. 4 at 33. Thus, BlenderBottle could not have reasonably foreseen or anticipated at the time of the scheduling conference that Mr. Raymus was jointly liable for the infringement. *See Pizana,* 2022 WL 1241098, at * 5 (finding the plaintiff was diligent because the amendment was based on newly discovered information uncovered during depositions).

Third, BlenderBottle was diligent in seeking the amendment after learning the new facts. BlenderBottle took the deposition of Mr. Raymus on December 13, 2023. Immediately afterward, BlenderBottle began preparing an amended complaint, and diligently sought to meet and confer with counsel for Hydra Cup. Rosenbaum Decl. ¶ 4. Shortly after learning that Hydra Cup did not consent to the amendment, BlenderBottle prepared and filed the present motion. *Id.* at ¶ 6. Thus, the present motion was filed approximately one month after the Raymus deposition, a period which included the winter holidays. BlenderBottle was therefore diligent in seeking the amendment. *Pizana*, 2022 WL 1241098, at *8 (holding that the plaintiff was diligent in seeking to amend approximately one month after learning new facts during a deposition).

All three steps of the Rule 16 diligence analysis support BlenderBottle's request for leave to amend the complaint after the deadline to do so. Accordingly, good cause exists to modify the operative scheduling order to permit the proposed amendment.

## C. Leave to Amend Should Be Granted Under Rule 15

Under Rule 15, leave to amend should be freely granted unless the amendment would prejudice the opposing party, is sought in bad faith, would unduly delay the litigation, or would be futile. *Pizana*, 2022 WL 1241098, at *9. None of those exceptions to the policy of freely granting amendments is applicable here.

First, adding Mr. Raymus to the complaint will not prejudice Hydra Cup or Mr. Raymus. New parties may sometimes face prejudice because they were unable to participate in the discovery that has already occurred. That is not the case here. As the CEO, owner and sole employee of Hydra Cup, Mr. Raymus has controlled this litigation on Hydra Cup's behalf from the very beginning. He has therefore been participating in the discovery process all along. Further, the proposed amendment will not alter the nature of this litigation or its key factual disputes. The asserted intellectual property rights and the accused products remain the same, and even the infringing actions – importing, using, offering for sale and selling the accused products – are the same.

Nor is BlenderBottle acting in bad faith or to delay the case. Courts have understood "bad faith" to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction, or alternatively, to delay the litigation or engage in other impermissible tactics. *Wilson v. Conair Corp.*, 2016 WL 7742801, at *2 (E.D. Cal. Feb. 5, 2016); *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003). Adding Mr. Raymus, who lives in the same city as the corporate address of Hydra Cup, would not affect jurisdiction. Ex. 1 at 8:15–18. Nor would the proposed amendment affect the schedule in this case. Indeed, as the plaintiff in this case, BlenderBottle has no incentive or desire to delay the trial in which its rights will be vindicated.

Finally, BlenderBottle's proposed second amended complaint is not futile. A proposed amendment is only futile if no facts can be proved under the amendment that would constitute a valid claim. *Pizana*, 2022 WL 1241098, at *12. Here, the second amended complaint alleges sufficient facts regarding Mr. Raymus's actions and

personal involvement in the alleged trade dress and patent infringement to state causes of action against Mr. Raymus in his individual capacity. *See Driscoll's Inc.*, 2022 WL 956863, at *5; *Daimler AG*, 334 F. Supp. 3d at 1106.

Accordingly, there is no basis to deviate from the rule that, in general, leave to amend should be liberally granted. *See Sonoma*, 708 F.3d at 1117.

## IV.  CONCLUSION

Because good cause exists to modify the scheduling order under Rule 16(b), and because the proposed amendment is proper under Rule 15(a), BlenderBottle respectfully requests leave to file its proposed second amended complaint.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 12, 2024      By: */s/ Jacob R. Rosenbaum*
        Ali S. Razai
        Sean M. Murray
        Jacob R. Rosenbaum
        Christian D. Boettcher

Counsel for Plaintiff TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On January 12, 2024, I served **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** on defendant TRRS Magnate LLC d/b/a Hydra Cup shown below via CM/ECF:

MEGHAN PRATSCHLER
meghan@meghantheattorney.com
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Telephone: (415) 335-9226

CASEY SCOTT MCKAY
casey@mclaw.io
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
Telephone: (202) 743-1972

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 12, 2024, at San Diego, California.

*/s/ Estefania Munoz*
Estefania Munoz