UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC, d/b/a BLENDERBOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | No. 2:22-cv-02222 TLN CKD<br><br><br>ORDER |

Plaintiff ("BlenderBottle") requests to seal Exhibit 30 to the Rosenbaum Declaration in support of its motion to compel filed on January 17, 2024. As set forth below, the request to seal (ECF No. 56) is denied without prejudice to renewal by either party within 7 days.

The parties' joint statement on the same discovery dispute is also before the court. (ECF No. 55.) The joint statement does not include defendant Hydra Cup's positions on the individual disputed matters and therefore does not comply with Local Rule 251(c)(3). Within 7 days of the date of this order, BlenderBottle shall file an amended joint statement that complies with Local Rule 251 and all instructions below.

**Request to Seal**

The court applies the "good cause" standard for sealing documents pertaining to non-dispositive, discovery type motions. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1178,

1

1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). Good cause to seal documents exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D. Cal. 2015). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert. denied, 506 U.S. 868 (1992). In addition, pursuant to Local Rule 141(b), a request to seal should address "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.").

BlenderBottle's request to seal fails to identify any statutory or other authority for sealing as required by Local Rule 141(b). The request to seal also does not set forth a specific statement of good cause to seal, instead stating only that BlenderBottle seeks to seal the document because it was designated "Highly Confidential Attorneys Eyes Only" by defendant Hydra Cup. This does not suffice to show good cause. See Anderson, 312 F.R.D. at 594 ("neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard"). Accordingly, the request to seal will be denied without prejudice to renewal by either party within 7 days.

**Joint Statement**

The joint statement filed by BlenderBottle is 108 pages in length, consisting of a main document with 48 pages and an additional 60 pages of appendix material. (ECF No. 55.) The appendix material appears to be duplicative of material attached as exhibits to the supporting declaration. To the extent the appendix material is duplicative of exhibits to the declaration, BlenderBottle shall omit it from the amended joint statement to be filed.

In addition, despite being 48 pages in length, the main document portion of the joint statement does not contain Hydra Cup's positions on the individual disputed matters. Hydra Cup indicates its portion of the joint statement should be considered "incomplete" based on its position that it was not afforded adequate time to respond. (See ECF No. 55 at 3.) Hydra Cup

requests three additional days "to complete its portion of the Joint Statement." (Id. at 4.) According to Hydra Cup, BlenderBottle's position was that the impending fact-discovery deadline of February 29, 2024, did not leave enough time to permit such an extension. (Id. at 3.)

The joint statement filed by BlenderBottle does not comply with Local Rule 251(c)(3). Within 7 days of the date of this order, BlenderBottle shall file an amended joint statement that complies with Local Rule 251 and contains Hydra Cup's positions on the individual disputed matters. The amended joint statement shall be no more than 60 pages in length, with equal space afforded for both parties' positions. The amended joint statement shall not include argument by either party on BlenderBottle's request for Attorneys' Fees, which may be addressed later at the court's discretion. The amended joint statement shall include a table of contents identifying with page numbers all headings and subheadings in the joint statement and any appendix. See E.D. Cal. Local Rule 133(k) (requiring tables for briefs exceeding 15 pages in length).[1] However, no table of statutes, rules, ordinances, cases, and other authorities cited, as discussed in Local Rule 133(k), need be provided for the amended joint statement.

The joint statement filed on January 24, 2024, is accompanied by a declaration of Jacob R. Rosenbaum (ECF No. 55-1) and 1,146 pages of the parties' combined exhibits (ECF Nos. 55-2 and 55-3). BlenderBottle need not re-file the supporting declaration and exhibits with the amended joint statement. However, within 7 days of the date of this order, BlenderBottle shall file a supplement to the declaration which provides the CM/ECF page numbers assigned at the top of the page in ECF No. 55-2 and ECF No. 55-3 for each of BlenderBottle's exhibits 1-29 and 31-33, and for each of Hydra Cup's exhibits 1-29, respectively.

In accordance with the above, IT IS ORDERED as follows:

1. BlenderBottle's request to seal (ECF No. 56) is DENIED without prejudice to renewal by either party within 7 days of the date of this order.

2. If no party renews the request to seal within 7 days, then BlenderBottle shall file Exhibit 30 to the Rosenbaum Declaration in support of BlenderBottle's motion to compel on the

---

[1] The page(s) comprising the table of contents will not count toward the 60-page limit.

public docket within 7 days thereafter.

3.  Within 7 days of the date of this order, BlenderBottle shall file an amended joint statement no greater than 60 pages in length, which contains a table of contents and page numbers as set forth above, and which complies with Local Rule 251 and contains Hydra Cup's positions on the individual disputed matters; the joint statement shall omit any appendix material that is duplicative of exhibits attached to the supporting declaration.

4.  Within 7 days of the date of this order, BlenderBottle shall file a supplement to the supporting declaration of Jacob R. Rosenbaum which provides the CM/ECF page numbers assigned at the top of the page in ECF Nos. 55-2 and 55-3 for each of BlenderBottle's exhibits 1-29, and 31-33, and for each of Hydra Cup's exhibits 1-29, respectively.

5.  On the court's own motion, the hearing on BlenderBottle's motion to compel, currently set for February 7, 2024, is continued to February 14, 2024, at 10:00 a.m., to be conducted remotely by video conference.

Dated:  January 26, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.trov22cv2222.seal.misc

4