UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC, d/b/a BLENDERBOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | No. 2:22-cv-02222 TLN CKD<br><br><br>ORDER |

Plaintiff's ("BlenderBottle") motion for protective order filed on January 17, 2024, is before the court. (ECF Nos. 51.) The court previously took this matter under submission pursuant to Local Rule 230(g). (See ECF No. 65.) For the reasons set forth below, the motion for a protective order is denied.

**I.      Background**

BlenderBottle proceeds on a first amended complaint against defendant, "Hydra Cup," asserting claims for patent infringement, trade dress infringement, false designation of origin, and unfair competition. (ECF No. 19.)

In the pending motion, BlenderBottle moves the court for a protective order (i) relieving it and its employees from the obligation to appear at the depositions noticed in Sacramento and (ii) precluding Hydra Cup from noticing depositions of these witnesses outside the State of Utah.

1

(ECF No. 51 at 2.) On January 31, 2024, the parties filed their joint statement on the discovery dispute as to the requested protective order. (ECF No. 61.)

## II. Legal Standards

"[C]ourts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010) (citing 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 2112). By contrast, "there is a general presumption that the deposition of a defendant should be conducted in the district of his residence[.]" Fausto v. Credigy Serv. Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008) (internal quotation marks and citation omitted). This is because the "defendants… are not before the court by choice." See id.

Under the Federal Rules of Civil Procedure, a party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court designating a different place. See Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 26(c)(2).

Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] [….] The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: [¶] ….
> [¶]
> ((B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c)(1).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., 966 F.2d at 476 (citation omitted) (internal quotation marks omitted).

////

Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir.1994). Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order. Fausto, 251 F.R.D. at 429.

**III.     Discussion**

Defendant, Hydra Cup, served deposition notices seeking to depose BlenderBottle, its founders Steve Sorensen and Kim Sorensen, and senior product designer David Meyers. In the present motion for a protective order, BlenderBottle argues these depositions should be held in Utah, because BlenderBottle and its employees all reside in Utah.

As a corporate plaintiff, however, BlenderBottle is generally required to produce its agents or officers for depositions in this district where plaintiff instituted the suit. Perdana Cap. Inc. v. Chowdry, No. C 09-1479 RS (JL), 2010 WL 11475933, at *2 (N.D. Cal. Sept. 2, 2010) (citing Wright & Miller, Federal Practice & Procedure, § 2112 at 75); see also South Seas Catamaran, Inc. v. The Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988) ("[T]he general rule requir[es] plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought."); Detweiler Bros., Inc. v. John Graham and Co., 412 F. Supp. 416, 422 (E.D. Wash. 1976) (the rule applies to plaintiff's agents and employees).

Plaintiff argues, instead, the general rule is that corporate agents should be deposed at the corporation's principal place of business. (ECF No. 61 at 7-11.[1]) That rule is more applicable to corporate defendants who did not choose the litigation forum. See Fenerjian v. Nong Shim Co., Ltd, No. 13-CV-04115-WHO-DMR, 2016 WL 1019669, at *4 (N.D. Cal. Mar. 15, 2016); Music Grp. Macao Com. Offshore Ltd. v. Foote, No. 14-CV-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015).

Plaintiff argues it had no choice of forum in this case under the patent venue statute, such that it had to bring the lawsuit in this district, and thus that the general rule should not be applied. (ECF No. 9.) However, the general rule which applies here is not based solely on forum selection,

---

[1] Citations to page numbers in the parties' joint statement refer to the page numbers at the top of the page assigned by CM/ECF.

3

but in addition, on pragmatic considerations including "predictability in prospective litigation" and the trial court's ease in resolving disputes which may arise during depositions. Lexington Ins. Co. v. Commonwealth Ins. Co., No. 98-cv-3477-CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (citation omitted). Moreover, "it is plaintiffs which make the primary choice to bring suit or not, and thus choose a forum. It is only appropriate that in making that decision plaintiffs must consider the costs of prosecuting that suit, rather than rely on shifting the cost onto defendants before adjudication on the merits." Minnesota Mining & Manufacturing Co. v. Dacar Chemical Products Co., 707 F.Supp.793, 795 (W.D. Pa. 1989).

The court also notes Hydra Cup first sought to confer with BlenderBottle regarding "preferred city/location as well as preferred dates in January" on November 21, 2023. (See ECF No. 61 at 11.) Receiving no response, on December 6, 2023, Hydra Cup initially noticed the depositions to take place in San Francisco from January 5 to January 15, 2024. (ECF No. 61 at 12.) Still having received no response from BlenderBottle, Hydra Cup served amended deposition notices on December 16, 2023, rescheduling the depositions and moving the location to Sacramento, California. (Id.) On December 26, 2023, BlenderBottle objected to the location in California for the first time, and to the dates. (Id.) Thus, BlenderBottle's first objection to depositions set to take place in California came more than a month after Hydra Cup first inquired about BlenderBottle's preferred location and dates. (Id.)

BlenderBottle has not met its burden to show specific prejudice or harm will result if no protective order is granted. See Phillips, 307 F.3d at 1210-11. Accordingly, the motion for protective order will be denied.

### IV.    Conclusion and Order

In accordance with the above, IT IS ORDERED that BlenderBottle's motion for protective order (ECF No. 51) is DENIED.

Dated: February 12, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.trov22cv2222.26c