1  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
2  Sean M. Murray (SBN 213,655)
   sean.murray@knobbe.com
3  Jacob R. Rosenbaum (SBN 313,190)
   jacob.rosenbaum@knobbe.com
4  Christian D. Boettcher (SBN 342,950)
   christian.boettcher@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
6  Fourteenth Floor
   Irvine, CA  92614
7  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
8
   Attorneys for Trove Brands, LLC
9  d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP,<br><br>Defendant. | No. 2:22-cv-02222-TLN-CKD<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER AND PLAINTIFF'S CROSS-MOTION**<br><br>Hon. Troy L. Nunley |

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ................................................................................................1

II.  FACTUAL BACKGROUND.............................................................................2

    A.   BlenderBottle's Efforts to Obtain Basic Discovery...........................2

    B.   Hydra Cup's Abuse of the Discovery Process...................................4

    C.   The Depositions Sought By Hydra Cup .............................................5

III. LEGAL STANDARD .......................................................................................6

IV.  ARGUMENT.....................................................................................................6

    A.   The Court Should Permit BlenderBottle To File Its Motion To Compel And To Depose Hydra Cup After the Close of Discovery .................6

    B.   The Court Should Deny Hydra Cup's Motion....................................8

V.   CONCLUSION................................................................................................11

-i-

# TABLE OF AUTHORITIES

**Page No(s).**

*City of Pomona v. SQM N. Am. Corp.*,
   866 F.3d 1060 (9th Cir. 2017) ................................................................................. 6, 7, 9

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ........................................................................................ 6, 7

*Morris v. Sutton*,
   2019 WL 2994291 (E.D. Cal. July 9, 2019) ..................................................................... 10

*Zivkovic v. S. California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ............................................................................................ 9


## OTHER AUTHORITIES

Fed. R. Civ. P. 16 ............................................................................................................................ 6

Local Rule 251 ................................................................................................................................ 3

Rule 30 ................................................................................................................... 1, 4, 6, 10

## I. INTRODUCTION

Plaintiff BlenderBottle has been unable to obtain the most basic discovery from Defendant Hydra Cup in this design-patent and trade-dress case. For the better part of a year, BlenderBottle has diligently attempted to obtain Hydra Cup's design documents, a complete list of its products, its sales data, its documents referencing BlenderBottle, and its communications with its designers, manufacturers and consumers. BlenderBottle twice tried to move to compel Hydra Cup to provide this discovery, and each time Hydra Cup flouted this Court's local rules and refused to provide its sections of the joint statement. Hydra Cup's conduct is outrageous. It is simply refusing to provide the basic discovery that BlenderBottle needs to prove its case, hoping that discovery will close and BlenderBottle will be forced to drop its case for lack of evidence.

BlenderBottle's cross-motion seeks a limited extension of the discovery deadline so that it can attempt to file – ***for a third time*** – its motion to compel Hydra Cup to provide basic discovery. BlenderBottle also seeks leave to conduct the corporate deposition of Hydra Cup after the close of discovery if the magistrate judge grants its motion to compel. BlenderBottle has been unable to conduct the Rule 30(b)(6) deposition of Hydra Cup because it lacks the documents and information needed to make that deposition meaningful.

BlenderBottle's cross-motion for a limited extension of the discovery deadline is not futile. While Hydra Cup claims to have produced all its documents, BlenderBottle has just obtained documents from Hydra Cup's third-party product designers, documents Hydra Cup never produced. Among these are numerous emails between Hydra Cup and its designers that Hydra Cup deliberately concealed. ***They reveal that Hydra Cup studied BlenderBottle's product throughout the development of the accused products and intentionally copied it.*** These emails are undoubtedly just a small part of the evidence BlenderBottle will obtain if the Court permits it to file its motion to compel after the close of discovery.

As for Hydra Cup's motion to extend the discovery deadline, the Court should deny it. Hydra Cup's motion focuses on five depositions of BlenderBottle and its employees. After the magistrate judge resolved a dispute regarding the location of these depositions, BlenderBottle

immediately sent Hydra Cup an email providing dates when BlenderBottle's witnesses were available during the discovery period. Hydra Cup did not respond to BlenderBottle's email and, without any explanation, refused to proceed with the depositions. Thus, Hydra Cup alone is responsible for its failure to conduct these depositions during the discovery period.

Hydra Cup's motion should also be denied because Hydra Cup seeks to heap additional costs and burdens on BlenderBottle. Thus far, Hydra Cup has systematically abused the discovery process in order to pressure BlenderBottle to drop its case. Hydra Cup served BlenderBottle with 341 requests for production and 341 requests for admission, in addition to 25 lengthy and compound interrogatories. It has noticed third-party depositions only to cancel them at the last moment. It has noticed frivolous depositions, such as when it noticed the deposition of a Trademark Office examiner. Hydra Cup cancelled that deposition only after the USPTO threatened to involve the U.S. Attorney's office. And Hydra Cup waited to announce it could not appear at the claim construction hearing until the night before the hearing, after BlenderBottle's attorneys had already travelled to Sacramento. Enough is enough. Hydra Cup should not be permitted to continue its abusive discovery campaign for an additional two months. The Court should deny its motion for a unilateral extension of the discovery deadline.

## II. FACTUAL BACKGROUND

### A. BlenderBottle's Efforts to Obtain Basic Discovery

BlenderBottle served its requests for production and interrogatories on Hydra Cup on May 15, 2023. Exs. 1-2[1]. Hydra Cup's responses failed to identify the shaker bottle products Hydra Cup has sold, so that BlenderBottle was unable to create a complete list of accused products. Rosenbaum Decl. ¶ 5. Hydra Cup also failed to provide sales and financial information or information on the keywords and products it targets in marketing the accused products. *Id*. And HydraCup failed to produce design documents, financial documents, documents that refer to BlenderBottle, or email communications with its product designers, its Chinese manufacturer, or its customers relating to the accused products. *Id*; *see also* Dkt. 55-

---

[1] All numbered exhibits are to the Declaration of Jacob Rosenbaum served herewith.

1 at ¶ 35, 43-46, and ECF 216-221 (1st deficiency letter), 273-281 (2nd deficiency letter), 454-457 (3rd deficiency letter). Indeed, prior to filing the present motion, Hydra Cup produced *only one email* in this case. Rosenbaum Decl. ¶ 6.

BlenderBottle sent three deficiency letters, the parties met and conferred multiple times, and Hydra Cup supplemented its responses four times. Rosenbaum Decl. ¶ 7; *see also* Dkt. 55-1 at ECF 216-221 (1st deficiency letter), 273-281 (2nd deficiency letter), 454-457. But Hydra Cup never provided the information and documents described above. *Id.* ¶ 8.

On January 17, 2024, BlenderBottle noticed a motion to compel Hydra Cup to provide basic discovery and sent Hydra Cup BlenderBottle's portion of the joint statement required by Local Rule 251(c). Dkt. 50. BlenderBottle informed Hydra Cup that the complete joint statement had to be filed by January 24, 2024. Rosenbaum Decl. ¶ 9. However, on January 24, Hydra Cup returned the joint statement without addressing any of the specific discovery issues raised by BlenderBottle. Dkt. 55. Hydra Cup simply left its sections of the joint statement blank. *Id*. The only content Hydra Cup added to the joint statement was an introductory statement explaining why Hydra Cup should not be required to participate in the joint statement. *Id*. Consequently, BlenderBottle was forced to file the document with blanks where Hydra Cup was meant to address the parties' specific discovery disputes.

The magistrate judge continued the hearing date and ordered the parties to submit a compliant joint statement by February 2, 2024. Dkt. 58. However, on February 2, Hydra Cup again returned the joint statement with blanks where it should have addressed the parties' specific discovery disputes. Dkt. 63 (affidavit attaching the incomplete joint statement). The only thing Hydra Cup did was to revise the objections in its introductory statement and argue that the motion was premature because Hydra Cup was "in the process of serving" a fifth round of supplemental interrogatory responses. *Id.* BlenderBottle was forced to file an affidavit under L.R. 251(d) explaining why it could not file a compliant joint statement, as the magistrate judge had ordered. *Id.*

On February 7, 2024, the magistrate judge took BlenderBottle's motion to compel off calendar and stated that it would not hear the motion without a compliant joint statement. Dkt.

-3- PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
OPPOSITION TO DEFENDANT'S MOTION TO MODIFY
SCHEDULING ORDER AND PLAINTIFF'S CROSS-MOTION

65. The magistrate judge also stated that she was not inclined to rule on BlenderBottle's motion until Hydra Cup provided the supplemental responses it represented it was "in the process of serving." *Id.* Five days later, having not received the supplemental responses, BlenderBottle asked Hydra Cup to provide a date certain by which it would provide them. Rosenbaum Decl. Ex. 3. Hydra Cup responded that it would not supplement its responses before February 23, 2024. *Id.* Ex. 4. This did not leave BlenderBottle enough time to bring its motion to compel and take the Rule 30(b)(6) deposition of Hydra Cup before the close of discovery on February 29, 2024.

While BlenderBottle was attempting to file a motion a motion to compel, it was also seeking discovery from third parties. BlenderBottle sought documents from and deposed two third-party designers that Hydra Cup used to design the Accused Products. Exs. 5-6. The third-party designers produced hundreds of documents, design files, and emails that they exchanged with Hydra Cup's CEO, Thomas Raymus, during the process of designing the accused products. *Id.* at ¶ 14. These documents revealed that Hydra Cup carefully studied BlenderBottle's products while designing the accused products and slavishly copied BlenderBottle's iconic shaker-bottle design. *Id.* Exs. 7-9. For example, an email from Mr. Raymus to Mr. Harlan, a designer, instructs Mr. Harlan to ▮▮▮▮ Ex. 7. In another email, Mr. Raymus wrote to Mr. Harlan: ▮▮▮▮ Ex. 8. Mr. Raymus also instructed Mr. Harlan to ▮▮▮▮ Ex. 9. In all, Hydra Cup's third-party designers produced over 600 emails and other documents, none of which Hydra Cup has produced in this case. Rosenbaum Decl. ¶ 18. The night before the first deposition of a third-party designer, Hydra Cup attempted to object to the depositions to prevent BlenderBottle from obtaining basic and crucial discovery. Ex. 10.

B. **Hydra Cup's Abuse of the Discovery Process**

At the same time Hydra Cup was refusing to provide basic discovery to BlenderBottle, it was abusing the discovery process by propounding hundreds of discovery requests on BlenderBottle. In the two-month span from December 5, 2023 to February 7, 2024, Hydra Cup

propounded (a) 231 requests for production, bringing the total number of requests for production to 341, (b) 268 requests for admission, bringing the total number of requests to 341, (c) four individual deposition notices each of which included document requests, including Steve Sorensen (amended five times), Michael Sorensen (amended four times), Kim Sorensen (amended three times), and David Meyers (amended twice), (d) a 30(b)(6) deposition notice of BlenderBottle (amended four times); and (e) four third-party subpoenas. Rosenbaum Decl. ¶ 21. By contrast, BlenderBottle has served only 76 requests for production and no requests for admission.

### C. The Depositions Sought By Hydra Cup

Hydra Cup noticed the individual depositions of four BlenderBottle employees – including its two founders – and a corporate deposition notice of BlenderBottle to take place in Sacramento. Dkt. 66-3, Ex. 13. As BlenderBottle and all of the individual witnesses reside in Utah, BlenderBottle offered to provide dates for the deposition in Utah. Ex. 11. Hydra Cup refused. After trying to meet and confer with Hydra Cup to resolve the dispute, BlenderBottle raised the issue in a motion for a protective order. Dkt. 51. The magistrate judge denied BlenderBottle's motion, and the following day BlenderBottle emailed Hydra Cup and provided dates when its executives and other witnesses were available to be deposed in Sacramento. Dkt. 68; Ex. 12. The dates BlenderBottle offered to Hydra Cup were all before the close fact discovery on February 29. *Id.* But Hydra Cup did not respond to BlenderBottle's email. Ex. 12; Rosenbaum Decl. ¶ 24. Nor did Hydra Cup raise a scheduling conflict or explain why the offered dates would not work. *Id.* at ¶ 24.

BlenderBottle also offered to agree to a joint stipulation and motion to allow Hydra Cup to take its five depositions after the close of discovery if BlenderBottle could take the 30(b)(6) deposition of Hydra Cup after the close of discovery. *Id*. at Ex. 12. Hydra Cup refused the offer. Exs. 14-15.

On Friday, February 9, 2024, the parties met and conferred regarding discovery issues. *Id.* ¶ 25. During the call, Hydra Cup stated that it was planning to move to modify the scheduling order so that it could take more discovery. *Id.* Counsel for BlenderBottle stated

1  that a short extension of the discovery period to complete depositions and resolve outstanding
2  discovery disputes seemed reasonable, but that he needed to confirm that BlenderBottle was
3  agreeable to the extension. Ex. 13. However, Hydra Cup did not wait even one business day
4  for BlenderBottle's response. At 4:28 a.m. between Sunday night and Monday morning, Hydra
5  Cup abruptly filed the present motion. Dkt. 66.

6  On February 15, 2024, BlenderBottle told Hydra Cup it would agree to a limited
7  extension of the discovery period for the purposes of taking the noticed depositions. Ex. 14.
8  Hydra Cup responded that it would not agree to any stipulation. Exs. 14-15.

### III. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In assessing a motion to modify the scheduling order to reopen discovery, courts "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

### IV. ARGUMENT

**A.   The Court Should Permit BlenderBottle To File Its Motion To Compel And To Depose Hydra Cup After the Close of Discovery**

BlenderBottle's cross-motion seeks leave to file its motion to compel after the discovery deadline and to use the resulting documents and information in a Rule 30(b)(6) deposition of Hydra Cup. BlenderBottle's still-unfiled motion to compel seeks basic discovery that is routinely produced in design patent and trade dress cases, such as design documents, sales data, a list of the defendant's products, and its communications with its manufacturer and designers. This discovery is critical to BlenderBottle's efforts to prepare its case for trial. However, Hydra

Cup has simply refused to produce it and has even denied it exists. BlenderBottle only discovered Hydra Cup was concealing evidence when Hydra Cup's designers produced scores of emails with Hydra Cup that Hydra Cup has never produced. Simply put, Hydra Cup's refusal to participate in discovery has been flagrant and outrageous and has greatly prejudiced BlenderBottle.

A request to modify the scheduling order turns primarily on the diligence of the moving party, *see Johnson*, 975 F.2d at 609, and BlenderBottle has been diligent. Before attempting to file its motion to compel, BlenderBottle met and conferred with Hydra Cup at least three times and accepted, at least three times, Hydra Cup's representation that its next round of supplementation would provide the requested information and documents. *See* Rosenbaum Decl. ¶ 7. When it became clear that Hydra Cup did not intend to cooperate in discovery, BlenderBottle duly filed a motion to compel. Dkt 50. But Hydra Cup thwarted BlenderBottle's efforts by refusing to add its positions to the parties' joint statement. Dkt. 55. Even when the magistrate judge ordered the parties to submit a compliant joint statement by a specified date, Hydra Cup still refused to provide its portions of the joint statement. Then, after representing to the magistrate judge that it was "in the process of" supplementing its discovery responses, Hydra Cup refused to provide those responses until February 23, 2024, just a few days before the close of fact discovery. Thus, BlenderBottle's diligent attempts to confer with Hydra Cup and file a timely motion to compel were thwarted by Hydra Cup's refusal to participate in discovery and its strategy of running out the clock.

Besides BlenderBottle's diligence, several *Pomona* factors support BlenderBottle's request to modify the scheduling order. *See City of Pomona*, 866 F.3d 1066. Because BlenderBottle seeks only a limited modification of the scheduling order to file one motion and take one deposition, Hydra Cup would suffer no unfair prejudice if BlenderBottle's cross-motion is granted. In addition, BlenderBottle could not have foreseen needing additional time because it never imagined Hydra Cup would simply refuse to provide discovery or even participate in preparing a joint statement. Further, BlenderBottle's motion to compel and deposition would likely lead to the discovery of admissible evidence. BlenderBottle is seeking

routine information and documents that necessarily exist. This was recently confirmed when Hydra Cup's designers produced many emails and documents that must also be in Hydra Cup's possession. Finally, no trial date has been set in this case. Accordingly, the Pomona factors – especially the critical factor of BlenderBottle's diligence – support BlenderBottle's motion. BlenderBottle respectfully requests that the Court grant its cross-motion for leave to conduct limited discovery after the fact-discovery deadline.

### B.  The Court Should Deny Hydra Cup's Motion

Hydra Cup has moved for a sixty-day, non-reciprocal extension of the discovery deadline that would allow Hydra Cup, but not BlenderBottle, to serve entirely new discovery requests, deposition notices and subpoenas. Hydra Cup argues that the extension is justified because BlenderBottle allegedly refused to make its witnesses available for depositions. Hydra Cup's motion misrepresents the historical facts and should be denied.

Hydra Cup made a deliberate decision not to depose BlenderBottle's witnesses during the discovery period. When Hydra Cup noticed the depositions of BlenderBottle, its two founders, its CEO, and one of its product designers, BlenderBottle offered to make all of the witnesses available by videoconference or in person in Utah. Ex. 11. However, Hydra Cup insisted on conducting the depositions in person in Sacramento. Dkt. 61-1 Ex. 5. BlenderBottle sought a protective order to resolve the parties' dispute. Dkt. 51.

Hydra Cup's claim that BlenderBottle intentionally delayed the depositions by filing its motion is baseless. BlenderBottle offered to hold the depositions, either in Utah or by Zoom. Ex. 11. Nor was BlenderBottle's position on the location of the depositions unreasonable. Hydra Cup's attorney is based in Washington D.C. Thus, none of the witnesses or attorneys who would participate in the depositions reside in Sacramento.

The day after the magistrate judge denied BlenderBottle's request that the depositions be held in Utah, BlenderBottle provided Hydra Cup with dates ***before the close of fact discovery*** when the witnesses were available to be deposed in Sacramento. Ex. 12. Providing these dates on short notice was no simple matter for BlenderBottle. BlenderBottle's founders

/ / /

are executives in a small company, and they and their product designers are essential to BlenderBottle's business. *See* Dkt. 61-2 at ¶ 12.

Hydra Cup refused to proceed with the depositions on the dates offered by BlenderBottle. In refusing, Hydra Cup did not mention any scheduling conflict or provide any explanation whatsoever for its refusal. Rosenbaum Decl. ¶ 24. To this day, BlenderBottle has no idea why Hydra Cup opted not to depose BlenderBottle's witnesses before the close of discovery.[2] In any event, Hydra Cup's decision was deliberate and refutes its claim to have acted diligently in seeking to conduct the depositions before the Court's deadline. For this reason alone, Hydra Cup's motion should be denied. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted").

Two additional *City of Pomona* factors support denying Hydra Cup's motion. *See City of Pomona*, 866 F.3d 1066. First, Hydra Cup's desire to depose these witnesses was foreseeable since at least September 1, 2023, when BlenderBottle identified the witnesses in its responses to Hydra Cup's first set of interrogatories. Ex. 16 at Response to Interrog. No. 5.

Second, BlenderBottle would suffer significant unfair prejudice if Hydra Cup's fact-discovery cutoff is extended by two months. This is because Hydra Cup has used discovery primarily to heap burdens and costs on BlenderBottle. This began with claim construction, when Hydra Cup filed a 113-page brief that required BlenderBottle to prepare and file a motion to strike. Dkt. 37. Hydra Cup then announced it would not appear at the claim construction hearing ***the day before the hearing***, after BlenderBottle's counsel had already travelled to Sacramento. Dkt. 46; Rosenbaum Decl. ¶ 31. And Hydra Cup twice failed to provide a compliant joint statement on discovery issues raised by BlenderBottle, preventing BlenderBottle from obtaining relief from the Court. Dkt. 58, 63, 65.

///

---

[2] Equally inexplicable is Hydra Cup refusal of BlenderBottle's offer to stipulate to an extension of time to conduct depositions. *Id.* ¶ 29.

Meanwhile, Hydra Cup propounded hundreds of irrelevant or redundant discovery requests: 341 requests for production and 341 requests for admission. Hydra Cup served a Rule 30(b)(6) deposition notice with hundreds of topics and then, after BlenderBottle began to prepare its objections to those topics, served an amended deposition notice with completely different topics. *Compare* Dkt. 66-3, Ex. 13 at EFC 534-595 *with* Rosenbaum Decl. Ex. 17. Hydra Cup noticed a third-party deposition only to cancel it at the last minute. Rosenbaum Decl. ¶ 33. And it served a frivolous subpoena on the USPTO Examining Attorney who was assigned to BlenderBottle's trade dress registration. Rosenbaum Decl. ¶ 34. Hydra Cup only withdrew that subpoena after the USPTO threatened to refer the matter to the U.S. Attorneys' Office. Ex. 18; Rosenbaum Decl. ¶ 36.

Thus, Hydra Cup has abused the discovery process throughout this case. Granting Hydra Cup's requested extension will permit it to continue its campaign of propounding excessive and costly discovery on BlenderBottle for an additional two months. Accordingly, the prejudice BlenderBottle would suffer militates against granting Hydra Cup's motion to amend the scheduling order. *See Morris v. Sutton*, 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (reopening discovery prejudices the non-moving party when it would impose additional costs on that party). BlenderBottle's prejudice would only be exacerbated by the fact that Hydra Cup seeks a unilateral extension of the dates that would deprive BlenderBottle of any right to conduct its own discovery.[3]

In sum, Hydra Cup was not diligent in seeking to depose BlenderBottle's witnesses, and BlenderBottle would suffer significant unfair prejudice if Hydra Cup is allowed to continue to use the discovery process to saddle BlenderBottle with unnecessary costs. The Court should therefore deny Hydra Cup's motion for a unilateral extension of the discovery deadline.

/ / /

/ / /

---

[3] Indeed, the prejudice that BlenderBottle would suffer if Hydra Cup's motion is granted is so significant that BlenderBottle would be better off if the Court simply denied both parties' motions and ruled that fact discovery is definitively closed.

## V. **CONCLUSION**

For the reasons set forth above, BlenderBottle respectfully requests that the Court deny Hydra Cup's motion to modify the scheduling order and grant BlenderBottle's cross motion to permit BlenderBottle to file its motion to compel and depose Hydra Cup after the close of fact discovery.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 26, 2024     By: */s/ Jacob R. Rosenbaum*
　　　　　　　　　　　　　　　　Ali S. Razai
　　　　　　　　　　　　　　　　Sean M. Murray
　　　　　　　　　　　　　　　　Jacob R. Rosenbaum
　　　　　　　　　　　　　　　　Christian D. Boettcher

Counsel for Plaintiff TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America, and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On February 26, 2024, I served **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER AND PLAINTIFF'S CROSS-MOTION** on defendant TRRS Magnate LLC d/b/a Hydra Cup shown below via CM/ECF:

MEGHAN PRATSCHLER
meghan@meghantheattorney.com
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Telephone: (415) 335-9226

CASEY SCOTT MCKAY
casey@mclaw.io
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
Telephone: (202) 743-1972

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 26, 2024, at San Diego, California.

*/s/ Estefania Munoz*
Estefania Munoz