# EXHIBIT D

1

Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com

2

Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com

3

Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com

4

Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com

5

**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street

6

Fourteenth Floor
Irvine, CA 92614

7

Phone: (949) 760-0404
Facsimile: (949) 760-9502

8

9

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

10

11

IN THE UNITED STATES DISTRICT COURT

12

FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

TROVE BRANDS, LLC d/b/a THE
BLENDERBOTTLE COMPANY, a Utah

15

limited liability company,

16

Plaintiff,

17

v.

18

TRRS MAGNATE LLC d/b/a HYDRA CUP,

19

Defendant.

20

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:22-cv-02222-TLN-CKD

**DECLARATION OF JACOB R.
ROSENBAUM IN SUPPORT OF
PLAINTIFF'S CROSS-MOTION**

Hon. Troy L. Nunley
Hon. Carolyn K. Delaney

21

22

23

24

25

26

27

28

Declaration of Jacob R. Rosenbaum
Case No. 2:22-CV-02222-TLN-CKD

I, Jacob. Rosenbaum, declare as follows:

1.      I am an attorney licensed to practice in the State of California. I am a partner in the law firm of Knobbe, Martens, Olson & Bear LLP and am attorney of record in the above-captioned matter. I have personal knowledge of the matters set forth herein and, if called upon to testify, I could and would testify competently thereto.

2.      I submit this Declaration in Support of its Opposition to Defendant's Motion to Modify the Scheduling Order and Plaintiff's Cross-Motion.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of BlenderBottle's First Set of Requests for Production, served on May 13, 2023.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of BlenderBottle's First Set of Interrogatories, served on May 13, 2023.

5.      Hydra Cup's responses to BlenderBottle's discovery requests failed to identify the shaker bottle products Hydra Cup has sold, so that BlenderBottle was unable to create a complete list of accused products.  Hydra Cup also failed to provide sales and financial information or information on the keywords and products it targets in marketing the accused products.  And HydraCup failed to produce design documents, financial documents, documents that refer to BlenderBottle, or email communications with its product designers, its Chinese manufacturer, or its customers relating to the accused products.

6.      Prior to filing its motion to modify the scheduling order, Hydra Cup had only produced one email in this case.

7.      BlenderBottle sent three deficiency letters to Hydra Cup, the parties met and conferred multiple times.  Hydra Cup represented each time that it would supplement its responses.  BlenderBottle accepted the representation, and Hydra Cup supplemented its responses four times.

8.      Despite its representations, Hydra Cup never provided the information and documents sought in BlenderBottle's motion to compel.

9.      On January 17, 2024, BlenderBottle noticed a motion to compel Hydra Cup to provide basic discovery and sent Hydra Cup BlenderBottle's portion of the joint statement

Declaration of Jacob R. Rosenbaum
Case No. 2:22-CV-02222-TLN-CKD

required by Local Rule 251(c). I informed counsel for Hydra Cup that the complete joint statement had to be filed by January 24, 2024.

10.     Attached hereto as **Exhibit 3**, is a true and correct copy of an email sent by me to counsel for Hydra Cup on February 12, 2024.

11.     Attached hereto as **Exhibit 4**, is a true and correct copy of an email sent by counsel for Hydra Cup to me on February 14, 2024.

12.     Attached hereto as **Exhibit 5**, is a true and correct copy of a Subpoena for Documents and Testimony to Ginikanwa Uzegbu. Ginikanwa Uzegbu is a third-party designer that Hydra Cup used to design the Accused Products.

13.     Attached hereto as **Exhibit 6**, is a true and correct copy of a Subpoena for Documents and Testimony to Jeff Harlan. Jeff Harlan is a third-party designer that Hydra Cup used to design the Accused Products.

14.     In response to the subpoenas attached as Exhibit 5 and 6, the third-party designers produced hundreds of documents, design files, and emails that they exchanged with Hydra Cup's CEO, Thomas Raymus, during the process of designing the accused products.

15.     Attached hereto as **Exhibit 7**, is a true and correct copy of an email produced by Jeff Harlan, having production numbers JH0000212-214. (Filed Under Seal)

16.     Attached hereto as **Exhibit 8**, is a true and correct copy of an email produced by Jeff Harlan, having production numbers JH0000093-96. (Filed Under Seal)

17.     Attached hereto as **Exhibit 9**, is a true and correct copy of an email produced by Jeff Harlan, having production number JH0000231. (Filed Under Seal)

18.     In all, Hydra Cup's third-party designers produced over 600 emails and other documents, none of which Hydra Cup has produced in this case.

19.     BlenderBottle conducted the deposition of Mr. Uzegbu on February 21, 2024, and the deposition of Mr. Harlan on February 22, 2024.

20.     Attached hereto as **Exhibit 10,** is a true and correct copy of an email sent by me to counsel for Hydra Cup on February 20, 2024.

21.     In the two-month span from December 5, 2023 to February 7, 2024, Hydra Cup

Declaration of Jacob R. Rosenbaum
Case No. 2:22-CV-02222-TLN-CKD

propounded (a) 231 requests for production, bringing the total number of requests for production to 341, (b) 268 requests for admission, bringing the total number of requests to 341, (c) four individual deposition notices each of which included document requests, including Steve Sorensen (amended five times), Michael Sorensen (amended four times), Kim Sorensen (amended three times), and David Meyers (amended twice), (d) a 30(b)(6) deposition notice of BlenderBottle (amended four times); and (e) four third-party subpoenas.

22.     Attached hereto as **Exhibit 11**, is a true and correct copy of an email sent by me to counsel for Hydra Cup on December 26, 2023.

23.     Attached hereto as **Exhibit 12**, is a true and correct copy of an email string between counsel for Hydra Cup and me dated between February 13, 2024 and February 16, 2024.

24.     Hydra Cup did not respond to my February 14, 2024, email offering dates for the depositions noticed by Hydra Cup.  Hydra Cup never raised a scheduling conflict or explain why the offered dates would not work.

25.     On February 9, 2024, I conducted a meet and confer call with counsel for Hydra Cup.  During the call, counsel for Hydra Cup stated that Hydra Cup was planning to move to modify the scheduling order so that it could take more discovery.  I stated that a short extension of the discovery period to complete depositions and resolve outstanding discovery disputes seemed reasonable, but that I needed to confirm that BlenderBottle was agreeable to the extension.

26.     Attached hereto as **Exhibit 13**, is a true and correct copy of an email sent by me to counsel for Hydra Cup on February 12, 2024.

27.     Attached hereto as **Exhibit 14**, is a true and correct copy of an email sent by me to counsel for Hydra Cup on February 15, 2024.

28.     Attached hereto as **Exhibit 15**, is a true and correct copy of an email sent by counsel for Hydra Cup to me on February 17, 2024.

29.     Hydra Cup did not provide a basis for refusing to stipulate to the extension proposed by BlenderBottle.

30.     Attached hereto as **Exhibit 16**, is a true and correct copy of excerpts from BlenderBottle's responses to Hydra Cup's first set of Interrogatories.

31.   On January 15, 2023, the day before the claim construction hearing, and on a Court holiday, counsel for Hydra Cup informed counsel for BlenderBottle that he would not be able to attend the claim construction hearing the next day.   Defendant's other counsel informed BlenderBottle's counsel that she was travelling internationally and would not be attending the claim construction hearing either.

32.   Attached hereto as **Exhibit 17**, is a true and correct copy of Hydra Cup's Fourth Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiff BlenderBottle.

33.   Hydra Cup noticed a third-party deposition only to cancel it at the last minute.

34.   Hydra Cup served a subpoena on the USPTO Examining Attorney who was assigned to BlenderBottle's trade dress registration.

35.   Attached hereto as **Exhibit 18**, is a true and correct copy of a letter sent by Peter Ayers acting as Solicitor and Senior Counsel for Patent Law and Litigation to counsel for Hydra Cup on February 20, 2024.

36.   After receiving the letter attached as Exhibit 18, Hydra Cup withdrew its subpoena to the USPTO Examining Attorney.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: March 7, 2024          *Jacob R. Roseubaum*
                              Jacob R. Rosenbaum