1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   TROVE BRANDS, LLC, d/b/a The              No. 2:22-cv-02222-TLN-CKD
     BlenderBottle Company,
12
                      Plaintiff,
13                                              **ORDER**
              v.
14

15   TRRS MAGNATE LLC, d/b/a Hydra Cup,

16                    Defendant.

17

18

19        This matter is before the Court on Plaintiff Trove Brands, LLC d/b/a The BlenderBottle

20   Company's ("Plaintiff") Motion for Leave to Amend.  (ECF No. 45.)  Also pending before the

21   Court is Defendant TRRS Magnate LLC, d/b/a Hydra Cup's Motion to Modify the Scheduling

22   Order ("Defendant") and Plaintiff's Cross-Motion to Modify the Pretrial Scheduling Order.  (ECF

23   Nos. 66, 71.)  All motions have been fully briefed.[1]  For the reasons set forth below, the Court

24   GRANTS Plaintiff's motion for leave to amend (ECF No. 45), GRANTS Defendant's motion to

25   modify (ECF No. 66), and GRANTS Plaintiff's motion to modify (ECF No. 71).

26   ///

27   _____

28   [1]       On April 1, 2024, the Court DENIED Defendant's Motion to Strike Plaintiff's Reply
     Brief.  (ECF No. 95.)

                                                 1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an intellectual property dispute.  Plaintiff is a Utah limited liability company and Defendant is a California limited liability company.  (ECF No. 19 at 2–4.)  Both parties are in the business of manufacturing and selling shaker bottles.  (*Id.*)  A shaker bottle uses an agitator to mix powder with liquids.  (ECF No. 78.)  Plaintiff, using innovative technology and design, alleges it created shaker bottles that "revolutionized the way dietary supplements are mixed and consumed."  (ECF No. 19 at 3.)  Based on its unique design, Plaintiff obtained various design patents and trademark registration numbers from the United States Patent and Trademark Office.  (*Id.* at 3–6.)

Plaintiff alleges Defendant manufactures and sells shaker bottles that infringe on Plaintiff's various design patents and unique trade dress.  (*Id.* at 4.)  Accordingly, beginning in January 2021, Plaintiff sent Defendant cease and desist letters.  (*Id.* at 17.)  After these letters proved to be unsuccessful (*see id.* at 18), Plaintiff initiated the instant action on December 14, 2022.  (ECF No. 1.)  Plaintiff filed the operative First Amended Complaint ("FAC") on March 3, 2023, asserting claims against Defendant for: (1) design patent infringement of its Bottle, Lid, and Container Patents, in violation of 35 U.S.C. § 271; (2) trade dress infringement in violation of 15 U.S.C. § 1125(a); (3) trade dress infringement in violation of 15 U.S.C. § 1114; (4) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); and (5) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq*.  (ECF No. 19.)

On January 12, 2024, in light of information Plaintiff learned through discovery, Plaintiff filed the instant motion for leave to amend the FAC.  (ECF No. 45.)  Defendant and Plaintiff also filed cross-motions to modify the Court's scheduling order to conduct additional factual discovery on February 12, 2024 and February 26, 2024, respectively.  (ECF Nos. 66, 71.)  The Court will first address Plaintiff's motion for leave to amend and will then address the parties' motions to modify the Court's scheduling order.

///

///

## II.     MOTION FOR LEAVE TO AMEND

### A.     STANDARD OF LAW

Granting or denying leave to amend a complaint, rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When a court issues a pretrial scheduling order that establishes a timetable to amend, Federal Rule of Civil Procedure ("Rule") 16 governs amendments to a pleading. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Under Rule 16, a plaintiff must show good cause for not having amended the pleading before the time specified in the pretrial scheduling order. *Id.*  The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.*  If the moving party was not diligent, then good cause cannot be shown, and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16, the Court has discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Id.* at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit considers five factors in determining whether leave to amend should be given: "(1) bad faith[;] (2) undue delay[;] (3) prejudice to the opposing party[;] (4) futility of amendment; and (5) whether [the] plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  Of these, "the consideration of prejudice to the opposing party … carries the most weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  The party opposing leave to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

///

///

///

///

3

1          **B.      ANALYSIS**

2          Plaintiff seeks leave to amend the FAC to add Thomas Raymus as a defendant to this

3   action.  (ECF No. 45-1 at 2.)  Plaintiff asserts such amendment is "based on newly discovered

4   evidence that Raymus personally directed Defendant … to perform the infringing acts that are the

5   subject of this action[,]" which Plaintiff discovered at Raymus's deposition on December 13,

6   2023.  (*Id.*)

7          In opposition, Defendant argues Plaintiff's motion is untimely because Plaintiff "has

8   known or reasonably should have known that Raymus was [Hydra Cup's] CEO and only

9   employee as far back as April 2023."  (ECF No. 52 at 7.)  Further, Defendant asserts granting

10  leave to amend will unfairly prejudice it and Raymus by "disrupting the opportunity for adequate

11  defense and potentially prolonging the litigation."  (*Id.* at 4.)

12                            *i.  Rule 16*

13         The Court applies Rule 16 because the Court's deadline to file amended pleadings was

14  May 2, 2023 (ECF No. 29), and Plaintiff filed this instant motion for leave to amend on January

15  12, 2024 (ECF No. 45).  Plaintiff argues it meets Rule 16's good cause requirement because

16  Plaintiff did not learn of Raymus's extensive involvement in the alleged infringement until

17  Raymus's December 13, 2023 deposition and was subsequently diligent in seeking amendment.

18  (ECF No. 45-1 at 5–6.)

19         District courts in the Ninth Circuit have found good cause exists to add new defendants to

20  an action when a plaintiff first uncovers a defendant's potential liability during discovery.  *Clark*

21  *v. City of Los Angeles*, No. CV2010768CASPVC, 2022 WL 17220036, at *6 (C.D. Cal. Feb. 9,

22  2022); *Kalsi v. Forte Sys., LLC*, No. CIV. S-06-2366 WBS GGH, 2007 WL 4180158, at *2 (E.D.

23  Cal. Nov. 26, 2007) (finding good cause to amend to add a new defendant because plaintiff was

24  unaware of such defendant's involvement until discovery revealed their role).  A corporate

25  officer, like Raymus, can be subject to personal liability if they participate in and approve of acts

26  of patent infringement because the corporate veil is pierced.  *Fromson v. Citiplate*, Inc., 886 F.2d

27  1300, 1304 (Fed. Cir. 1989); *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir.

28  2021); *Driscoll's Inc. v. Cal. Berry Cultivars*, LLC, No. 219CV00493TLNCKD, 2022 WL

956863, at *5 (E.D. Cal. Mar. 30, 2022).  In the instant case, Plaintiff deposed Raymus on December 13, 2023, where Raymus testified he "was personally responsible for selecting or approving the design of some of the accused shaker bottles, shaker bottle lids, and labelling identified in this litigation."  (ECF No. 45-1 at 2.)  Based on this testimony, Plaintiff alleges it learned for the first time "Raymus is liable for infringement because he was personally involved in designing and selling copy-cat products that infringe BlenderBottle's trade dress and design patent rights."  (*Id*. at 4.)

In opposition, Defendant argues the Court should still find good cause does not exist to add Raymus as a defendant because Plaintiff was aware of the extent of Raymus's involvement since April 2023, when the parties exchanged initial disclosures.  (*See* ECF No. 52 at 7.) However, the Court is puzzled as to how awareness of Raymus's title constitutes awareness of his involvement in the alleged infringement.  While Plaintiff could have speculated as to Raymus's involvement given his title, the Court finds it was in the best interests of judicial economy that Plaintiff waited to add Raymus to the complaint until it had sufficient evidence upon which Plaintiff could base its claims for wrongful conduct.  *See DCD Programs, Ltd.*, 833 F.2d at 187 (granting leave to amend where a plaintiff waited until it had sufficient evident of wrongful conduct upon which plaintiff could base its claims).

Furthermore, the Court finds good cause exists to grant Plaintiff leave to amend because Plaintiff was diligent in filing its motion seeking leave to amend only a month after Raymus's deposition (*see* ECF No. 45), despite the winter holidays.  *See Pizana v. SanMedica Int'l LLC*, No. 118CV00644DADSKO, 2022 WL 1241098, at *7–8 (E.D. Cal. 2022) (finding Rule 16 diligence present when the plaintiff filed leave to amend a complaint a few weeks after a deposition exposed new information).

Therefore, the Court finds granting Plaintiff leave to add Raymus as a defendant in this action is appropriate under Rule 16.

///

///

///

1                                         *ii. Rule 15*

2          Of the five *Foman* factors, Defendant argues leave to amend should be denied because

3 adding Raymus as a defendant to this action would cause undue prejudice to Defendant.  (ECF

4 No. 52 at 14.)  Specifically, Defendant asserts adding Raymus as a defendant "so late in this

5 action deprives [Defendant] and Raymus of the timely opportunity to conduct thorough and fair

6 discovery in response to the claims against Raymus."  (*Id.*)

7          The "Ninth Circuit has found such substantial prejudice where the claims sought to be

8 added 'would have greatly altered the nature of the litigation and would have required defendants

9 to have undertaken, at a late hour, an entirely new course of defense.'"  *Pizana*, 2022 WL

10 1241098, at *10 (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D.

11 Cal. 2002)).

12          While "[a]mending a complaint to add a party poses an especially acute threat of prejudice

13 to the entering party," the Court is not convinced Defendant or Raymus will suffer such prejudice

14 if Plaintiff is given leave to amend.  *DCD Programs*, 833 F.2d at 187.  The instant case is not in

15 the late stages of litigation.  This case is still in discovery, there is no trial date set, nor is there a

16 pretrial conference scheduled.  *Id*. (finding amendment is not prejudicial due to an "unjust delay"

17 given discovery is still ongoing).  Moreover, Raymus is Defendant's CEO and sole employee.

18 (ECF No. 45-3 at 55.)  Given Raymus' unique status within Hydra Cup, the Court finds it is

19 likely he has already played a significant role in this action's defense and granting leave to amend

20 will not prejudice Defendant's defense strategy.  Thus, the Court finds there is no evidence

21 Defendant or Raymus will be prejudiced by the timing of the proposed amendment.

22          Accordingly, the Court GRANTS Plaintiffs' motion for leave to amend.  (ECF No. 45.)

23 Additionally, Defendant, in its opposition, asks the Court for leave to amend its answer and

24 counterclaims if the Court grants Plaintiff's motion leave to amend.  (ECF No. 52 at 14.)  As an

25 initial matter, the Court DENIES Defendant's request for leave to amend because an opposition is

26 not the proper procedural vehicle to request leave to amend.  *See Est. of Sanchez v. Cnty. of*

27 *Stanislaus*, No. 1:18-cv-00977-DAD-BAM, 2019 WL 4201442, at *2 (E.D. Cal. Sept. 5, 2019)

28 (denying leave to amend because Plaintiff must seek such leave by filing a proper motion

pursuant to Rule 15); *see also Quinones v. UnitedHealth Grp. Inc.*, No. 14-00497 LEK-RLP, 2015 WL 6159116, at \*4 (D. Haw. Oct. 19, 2015) (same conclusion).  Regardless, because the Court grants Plaintiff's motion for leave to amend, Defendant and Raymus can include any new counterclaims in its responsive pleadings.

### III.    MOTION TO MODIFY THE SCHEDULING ORDER

#### A.    STANDARD OF LAW

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  The Ninth Circuit instructs district courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> "(1) whether trial is imminent[;] (2) whether the request is opposed[;] (3) whether the non-moving party would be prejudiced[;] (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and (6) the likelihood that the discovery will lead to relevant evidence."

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citations omitted).  Furthermore, "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under [Rule] 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envt'l Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

#### B.    ANALYSIS

The deadline for the parties to complete factual discovery was February 29, 2024.  (ECF No. 29.)  Both parties now seek additional time to complete factual discovery.  Specifically, Defendant moves for a unilateral sixty-day extension of the discovery deadline so Defendant can complete "its previously scheduled depositions as well as any necessary follow-up discovery" that it was unable to complete due to Plaintiff's alleged failure to cooperate with Defendant. (ECF No. 66 at 2; ECF No. 66-2 at 17.)  Plaintiff also requests its own unilateral extension of the

1    discovery deadline to file a motion to compel and take a Rule 30(b)(6) deposition of Defendant

2    after discovering Defendant has been concealing relevant evidence of its alleged infringement.

3    (ECF No. 71-1 at 9.)  The Court will address each of the parties' motions in turn.

4                          *i.  Defendant's Motion to Modify the Scheduling Order*

5            Defendant seeks an additional sixty days of factual discovery, so it can depose four of

6    Plaintiff's witnesses and conduct any necessary follow-up discovery from those depositions.

7    (ECF No. 66-2.)  Plaintiff argues Defendant lacks "good cause" to modify the scheduling order

8    because Defendant "made a deliberate decision not to depose BlenderBottle's witnesses during

9    the discovery."  (ECF No. 71-1 at 11.)

10           However, having reviewed the factual record, the Court finds Plaintiff, not Defendant,

11   bears most of the responsibility for why these depositions did not occur during the factual

12   discovery period.  As discussed in the magistrate judge's February 26, 2024 order, Defendant first

13   sought to confer with Plaintiff regarding the timing and location of these depositions on

14   November 21, 2023.  (ECF No. 68 at 4.)  Receiving no response from Plaintiff, on December 6,

15   2023, Defendant noticed Plaintiff that the depositions would take place in January in San

16   Francisco.  (*Id.*)  A little over a week later, Defendant moved the location to Sacramento.  (*Id.*)

17   Then, after a month without responding, Plaintiff objected to the depositions taking place in

18   California and the dates proposed by Defendant on December 26, 2023.  (*Id.*)  For weeks,

19   Plaintiff and Defendant then went back and forth on a location to depose four of Plaintiff's

20   witnesses, with Plaintiff insisting the depositions take place in Utah so the witness would not

21   have to travel and Defendant maintaining Sacramento is the sole proper venue.  (*See* ECF No. 71-

22   3 at 36–41, 100.)

23           On January 17, 2024, Plaintiff moved for a protective order relieving its witnesses from

24   having to appear for depositions in Sacramento and precluding Defendant from taking the

25   depositions anywhere outside Utah.  (ECF No. 51 at 2.)  On February 12, 2024, the magistrate

26   judge denied Plaintiff's protective order, finding Plaintiff is generally required to produce its

27   witnesses for depositions in Sacramento because that is where Plaintiff initiated this action and

28   Plaintiff was not diligent in raising its objections to Defendant taking the depositions in

                                                    8

California.  (ECF No. 68 at 3.)  Following the magistrate judge's ruling, Plaintiff continued to not respond to Defendant's requests to schedule the depositions despite there still being over two weeks in the factual discovery period.  (ECF No. 66-2 at 11.)  Thus, the Court finds not only was Defendant diligent in attempting to schedule the depositions of Plaintiff's witness, but it is also likely the parties could have completed the depositions before the discovery deadline had Plaintiff not engaged in futile delay tactics.

In addition, the Court finds several other *Pomona* factors favor granting Defendant's motion.  Specifically, while Plaintiff argues granting Defendant's request is prejudicial because it will "permit [Defendant] to continue its campaign of propounding excessive and costly discovery," (ECF No. 71-1 at 13), the Court finds any prejudice to Plaintiff will be of its own creation.  As stated by Defendant, granting Defendant another sixty days to depose Plaintiff's witnesses "merely compensates for the time lost due to [Plaintiff's] own actions and ensures that both parties have a fair opportunity to prepare their cases."  (ECF No. 66-2 at 15–16.)  Moreover, the Court's goal is to resolve this case on the merits, and "additional discovery will serve in the ultimate resolution of the case …."  *Holmes v. Estock*, No. 16cv2458-MMA(BLM), 2022 WL 16541182, at *3 (S.D. Cal. Oct. 28, 2022).  In the instant case, Defendant seeks depositions of key Plaintiff witnesses, including former and current CEOs, a former COO, product designers, and named inventors of Plaintiff's company.  (See ECF No. 66-1 at 6.)  Deposition testimony from key players such as these often reveals important evidence to any litigation, and Plaintiff does not dispute this.

Accordingly, the Court GRANTS Defendant's motion to modify the scheduling order.[2]

///

///

///

///

---

[2]     As discussed below, Defendant's extension is limited to taking depositions of Plaintiff's four witnesses and to conduct any follow-up discovery from these depositions.  Should Plaintiff find Defendant is abusing its extension, Plaintiff shall file a properly noticed protective order.

1

*ii.  Plaintiff's Cross Motion to Modify the Scheduling Order*

2

"[Plaintiff's] cross-motion seeks a limited extension of the discovery deadline so that it

3

can attempt to file – for a third time – its motion to compel Hydra Cup to provide basic discovery.

4

[Plaintiff] also seeks leave to conduct the corporate deposition of Hydra Cup after the close of

5

discovery if the magistrate judge grants its motion to compel."  (ECF No. 71-1 at 4.)  In

6

opposition, Defendant argues the Court should deny Defendant's motion because Plaintiff's

7

failure to collect relevant discovery and complete its Rule 30(b)(6) depositions is due to its own

8

lack of diligence.  (ECF No. 80 at 4.)  However, having reviewed the record before the Court, it is

9

apparent to the Court that Defendant's actions obstructed Plaintiff's discovery and "good cause"

10

exists to grant Plaintiff's motion.

11

As an initial matter, Plaintiff's actions throughout the discovery process demonstrate to

12

the Court that it has been diligent in attempting obtain the discovery it seeks from Defendant

13

within the guidelines established by the Court.  *See Soto v. Cnty. of Sacramento*, No. 2:19-cv-

14

00910-TLN-DB, 2021 WL 2402524, at *4 (E.D. Cal. June 11, 2021).  Plaintiff argues if granted

15

additional time for factual discovery it will compel from Defendant "basic discovery that is

16

routinely produced in design patent and trade dress cases, such as design documents, sales data, a

17

list of defendant's products, and its communications with its manufacturer and designers," which

18

Plaintiff has sought from the beginning of factual discovery.  (ECF No. 71-1 at 9.)  Specifically,

19

on May 15, 2023, Plaintiff served requests for production and interrogatories on Defendant

20

seeking the discovery described above, but Defendant refused to produce this information.  (*Id*. at

21

5–6.)  To no avail, Plaintiff sent multiple deficiency letters to Defendant and met and conferred

22

about the information and documents described above multiple times.  (*Id*. at 6.)  Then, on

23

January 17, 2024, Plaintiff noticed a motion to compel on Defendant to provide this discovery

24

and sent Defendant Plaintiff's portion of the joint statement required by Local Rule 251(c).  (*Id*.)

25

Defendant refused to file its portion of the joint statement and the magistrate judge ultimately

26

took Plaintiff's motion to compel off calendar until Defendant provided a compliant joint

27

28

1    statement.[3]  (ECF Nos. 65, 94.)  To date, Defendant has refused to file a compliant joint statement

2    with the Court.  The Court finds Plaintiff should not be punished for Defendant's obstinance and

3    refusal to comply with this Court's rules.

4           Additionally, the Court finds Plaintiff was diligent in attempting to conduct its Rule

5    30(b)(6) deposition of Defendant.  While Plaintiff twice canceled its Rule 30(b)(6) deposition of

6    Defendant, Plaintiff argues it "was required to cancel the deposition[s] because the deposition[s]

7    would not have been meaningful without the basic information [Defendant] refused to provide."

8    (ECF No. 82 at 6–7.)  The Court agrees with Plaintiff that it would have been contrary to the

9    interests of judicial economy for Plaintiff to expend substantial resources on deposing Defendant

10   without basic information and documents relevant to this action that Defendant refused to

11   produce.  Moreover, the timing of a deposition is a strategic decision for the litigant, and

12   Defendant will not be prejudiced by Plaintiff taking its Rule 30(b)(6) deposition after the original

13   close of fact discovery because the cancelation of the original deposition was the result of

14   Defendant's own obstruction of the discovery process.

15          Finally, it is evident from the record before the Court that granting Plaintiff's motion will

16   lead to the discovery of admissible evidence.  Specifically, Plaintiff subpoenaed third-party

17   designers on January 29, 2024, and requested documents and information relating to Defendant's

18   alleged infringement.  (ECF No. 71-3 at 57.)  The third-party designers produced hundreds of

19   documents, design files, and emails the designers exchanged with Defendant's CEO, Raymus,

20   which Plaintiff alleges prove Defendant "carefully studied [Plaintiff's] products while designing

21   the accused products and slavishly copied [Plaintiff's] iconic shaker-bottle design."  (ECF No.

22   71-1 at 7.)  Plaintiff argues this third-party production is proof Defendant is in possession of

23   relevant documents it has thus far refused to produce.  (*Id*. at 11.)  The Court reviewed documents

24   from the third-party production, filed under seal, and agrees with Plaintiff.

25          Accordingly, the Court GRANTS Plaintiff's motion to modify the scheduling order.

26

27   [3]     In the minute order, the magistrate judge noted, "the court is troubled by Defendant's
     delay and failure to cooperate in the preparation of a joint statement and informs counsel that
28   continued delay and non-cooperation will result in the imposition of sanctions."  (ECF No. 65.)

**IV.    CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion for Leave to Amend (ECF No. 45), GRANTS Defendant's Motion to Modify the Scheduling Order (ECF No. 66), and GRANTS Plaintiff's Motion to Modify the Scheduling Order (ECF No. 71).

As to Plaintiff's motion for leave to amend, Plaintiff is directed to file a second amended complaint not later than seven (7) days from the electronic filing date of this Order.  Defendant's responsive pleading is due not later than twenty-one (21) days after Plaintiff files its second amended complaint.

As to the parties' cross-motions to modify the scheduling order, factual discovery is reopened for Plaintiff and Defendant for sixty (60) days from the electronic filing date of this Order as follows:

1. Plaintiff shall use the sixty days to file its motion to compel and take its Rule 30(b)(6) deposition of Defendant.

2. Defendant shall use the sixty days to take its depositions previously noticed and conduct any relevant follow-up discovery.

All remaining deadlines in the Initial Pretrial Scheduling Order (ECF No. 29) shall be calculated based on the date on which factual discovery is closed.

IT IS SO ORDERED.

Date: May 1, 2024

Troy L. Nunley
United States District Judge