Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP, a California limited liability company, and THOMAS RAYMUS an individual,<br><br>　　　　　Defendants. | No. 2:22-cv-02222-TLN-CKD<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANTS' THIRD AMENDED ANSWER**<br><br>Hon. Troy L. Nunley<br>Hon. Carolyn K. Delaney |

Plaintiff Trove Brands, LLC ("BlenderBottle") hereby respectfully applies for an *ex parte* order striking Dkt. 118, TRRS Magnate LLC ("Hydra Cup") and Thomas Raymus's (collectively "Defendants") Third Amended Answer, Defenses, and Counterclaims for failure to comply with Fed. R. Civ. P. 15 and 16.

## I. FACTUAL BACKGROUND

On May 10, 2024, pursuant to the Court's order granting BlenderBottle leave to amend its complaint, Dkt. 99, BlenderBottle filed a Second Amended Complaint (SAC) adding Thomas Raymus, Hydra Cup's CEO and sole employee, in his individual capacity, Dkt. 102.

On May 31, 2024, Defendants responded to the SAC by, *inter alia*, filing an Amended Answer, Defenses, and Counterclaims to the SAC, Dkt. 106. Defendants' response spanned 416 pages (exclusive of exhibits) and included 65 counterclaims and 72 affirmative defenses. The vast majority of these claims and defenses were frivolous. *See* Dkt. 106. Contemporaneous with its Amended Answer and Counterclaim, Defendants filed a Motion to Dismiss certain of BlenderBottle's allegations in the SAC.

On June 3, 2024, BlenderBottle sent Defendants an email listing many categories of baseless claims and defenses that BlenderBottle intended to raise in a Rule 11 motion as well as gross errors in Defendants' Motion to Dismiss.[1] Razai Decl. Ex. 1. That same day, counsel for the parties met and conferred about BlenderBottle's intended Rule 11 motion for sanctions. In that conference, BlenderBottle explained why most of Defendants' counterclaims and affirmative defenses were frivolous and the errors in the Motion to Dismiss. *Id.* ¶ 4. After the conference of counsel, Defendants offered to withdraw their Motion to Dismiss, refile a corrected version of the Motion to Dismiss and an amended Answer and Counterclaim. *Id.* Ex. 2.

On June 4, 2024, the parties filed a joint motion for an order granting Defendants leave to file a corrected Motion to Dismiss the second amended complaint and extending BlenderBottle's time to respond to the Motion to Dismiss and its amended Answer and Counterclaim. Dkt. 109.

---

[1] As an example, Defendants had cited a party's reply as support for a fundamental statement of the law. Not only was the point of law merely the party's argument, it was expressly rejected by that court in its Order. Dkt. 105-1 at 13.

The motion requested an extension of until June 10, 2024, for Defendants to file their corrected response which was intended to "eliminate[] certain misstatements in the original response." *Id.* The Court granted the motion on June 5, 2024.  Dkt. 110.

On June 10, 2024, Defendants filed a corrected Motion to Dismiss and their Second Amended Answer, Defenses, and Counterclaims ("SAA"), which was 267-pages long (exclusive of exhibits) and included 66 counterclaims and 41 affirmative defenses. *Id.*  The SAA also attached 94 Exhibits, which totaled 1669 pages.  Dkt. 113.

On July 1, 2024, only one week before BlenderBottle's deadline to seek dismissal of Defendants' SAA, Defendants filed their Third Amended Answer, Defenses, and Counterclaim ("TAA").  *See* Dkt. 118.  The TAA was longer at 290 pages (exclusive of exhibits) and includes 73 counterclaims and 34 affirmative defenses pled in over 1440 paragraphs.  *Id.*  Defendants also attach 107 Exhibits, which total 1679 pages.  Dkt. 118-1 – 118-107.  Defendants never sought BlenderBottle's consent or leave of Court before filing its TAA.

Within minutes after Defendants filed their TAA, BlenderBottle's counsel emailed counsel for Defendants requesting that they withdraw the TAA, or BlenderBottle would seek *ex parte* relief.  Razai Decl. Ex. 3.  Defendants' refused to withdraw the pleading, and argued the amended pleading was permitted under Fed. R. Civ. P. 15(a)(1). *Id.* Ex. 4. With less than a week before its deadline to file a Motion to Dismiss against Defendants' operative counterclaim, BlenderBottle is left shooting at a moving target with Defendants' TAA, which was filed in direct contravention of Fed. R. Civ. P. 15 and 16.  The Court should strike Defendants' TAA and sanction Defendants for its persistent pattern of flouting the fundamental rules that govern these proceedings.

## II.  ARGUMENT

### A.  Defendants' Third Amended Answer, Defenses, and Counterclaims Should Be Stricken Because They Did Not Seek Leave From the Court

Defendants should not be permitted to file yet another amended counterclaim in violation of this Court's scheduling orders and the federal rules.  Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleadings *once* as a matter of course.  All other amendments require the opposing

party's consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

Defendants allege that they can file the TAA as a right under Fed. R. Civ. P. 15(a)(1). However, Defendants have already amended their counterclaims once before, and therefore cannot file another amendment without leave of court. *Johnson v. Wash. Mut.*, No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009) ("The filing of a prior amendment extinguishes the right to amend as a matter of right."); *Areas USA SJC, LLC v. Mission San Jose Airport, LLC*, No. C11-04487 HRL, 2012 WL 1831576, at *1 (N.D. Cal. May 18, 2012) ("A party may amend its pleading once as a matter of course.... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Any subsequent amendment requires leave or consent.") (internal citations and quotations omitted).

Defendants have already amended their pleading once and cannot now amend a second time without leave of the Court. *See Johnson*, 2009 WL 2997661, at *1. Because the TAA was filed without leave of Court, and without consent from BlenderBottle, the Third Amended Counterclaims is a nullity and should be stricken. *Id*.

Moreover, permitting Defendants to file the TAA would be unduly prejudicial to BlenderBottle. BlenderBottle has already undertaken significant work in preparing a motion to dismiss Defendants' SAA, which was filed on June 10, 2024. Defendants should not be permitted to continuously move the target by filing successive gargantuan pleadings that assert an ever-changing litany of frivolous counterclaims and defenses.

Because Defendants did not seek leave to file their Third Amended Counterclaims, nor does BlenderBottle consent, Defendants' TAA should be stricken.

**B.   *Ex Parte* Relief Is Appropriate**

BlenderBottle's deadline to file a Motion to Dismiss against the SAA is July 8, 2024. Dkt. 110. Indeed, BlenderBottle would not be able to file a regularly noticed motion in time to understand whether the SAA or the TAA is the operative counterclaim to attack.

BlenderBottle has exercised diligence in resolving the issue without Court intervention. Although Defendants filed their TAA at 11:30 pm on July 1, BlenderBottle wrote within twenty minutes requesting that Defendants withdraw the TAA. On July 2, Defendants' counsel wrote

back and stated that Defendants would not withdraw the TAA.  This *ex parte* application was filed the next day, on July 3.

### C. The Court Should Sanction Defendants For Their Continued Flouting of the Rules

Unfortunately, this is not the first time BlenderBottle has been forced to spend significant time and expense to correct Defendants' inexcusable failure to follow this Court's or the Federal rules.  On December 1, 2023, BlenderBottle had to file an *ex parte* application to strike Hydra Cup's one hundred and eighteen (118) page opening claim construction brief for grossly ignoring this Court's Case Management Procedures that impose a twenty (20) page limit on all opening briefs.  Dkt. 37.  On March 25, 2024, BlenderBottle had to apply for an *ex parte* order striking Hydra Cup's untimely motion to compel, which was noticed several months after the close of fact discovery, in direct contravention of the Court's Scheduling Order.  Dkt. 88.  Hydra Cup's motion to compel was subsequently taken off calendar as being untimely.  Dkt. 94.  BlenderBottle was forced to oppose Hydra Cup's *ex parte* application to strike a reply brief BlenderBottle had filed, arguing that it was untimely because BlenderBottle filed it on a Monday when the deadline fell on a Sunday.  *See* Dkt. 89-1.  The Court, in denying Hydra Cup's motion, advised Defendant to "review both federal and local rules before making any additional filings with this Court."  Dkt. 95.

Defendants' pattern of reckless disregard for federal rules has unnecessarily multiplied BlenderBottle's costs of litigation.  BlenderBottle should not be required to continuously bear the burden of Defendants' failure to follow to Federal Civil Procedure.  Therefore, BlenderBottle requests that the Court issue sanctions against Defendants under the Court's inherent powers, and award BlenderBottle its costs and fees incurred in bringing the present *ex parte* application.

### III. CONCLUSION

For the reasons set forth above, BlenderBottle respectfully requests that this Court strike Defendants' Third Amended Answer, Defenses, and Counterclaims, Dkt. 118, and impose sanctions on Defendants, including an award of costs and fees that BlenderBottle incurred in preparing this *ex parte* application.

1
2        Respectfully submitted,
3
         KNOBBE, MARTENS, OLSON & BEAR, LLP
4
5
  Dated: July 3, 2024        By: */s/ Jacob R. Rosenbaum*
6                                Ali S. Razai
                                 Sean Murray
7                                Jacob R. Rosenbaum
                                 Christian D. Boettcher
8
                             Counsel for Plaintiff TROVE BRANDS, LLC d/b/a THE
9                            BLENDERBOTTLE COMPANY
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On July 3, 2024, I served **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANTS' THIRD AMENDED ANSWER** on Defendants TRRS Magnate LLC d/b/a Hydra Cup and Thomas Raymus shown below via CM/ECF:

CASEY SCOTT MCKAY
casey@mclaw.io
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
Telephone: (202) 743-1972

MEGHAN PRATSCHLER
meghan@meghantheattorney.com
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Telephone: (415) 335-9226

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 3, 2024, at Irvine, California.

*/s/ Estefania Munoz*
Estefania Munoz