Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP, and THOMAS RAYMUS, an individual,<br><br>Defendant. | No. 2:22-cv-02222-TLN-CKD<br><br>**BLENDERBOTTLE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' THIRD AMENDED ANSWER**<br><br>Hon. Troy L. Nunley<br>Hon. Carolyn K. Delaney |

Plaintiff Trove Brands, LLC ("BlenderBottle") hereby opposes Defendants' Application for Reconsideration of the Court's Order Granting Plaintiff's *Ex Parte* Application to Strike Defendants' Third Amended Answer [Dkt. 124].

## I. INTRODUCTION

Defendants seek reconsideration without identifying any newly discovered facts, any change in the governing law, or any clear error by the Court. Their application should be denied.

Defendants' lengthy, meritless application for reconsideration is part and parcel of Defendants' strategy to make work for BlenderBottle. Defendants have filed three different versions of their pleading responding to BlenderBottle's second amended complaint (SAC). Though the SAC merely added a defendant without altering the underlying patent and trade dress claims, each version of Defendants' responsive pleading has spanned hundreds of pages and included scores of frivolous new counterclaims and affirmative defenses. Defendants' penchant for immense and deficient pleadings has already forced BlenderBottle to file a lengthy motion to dismiss the second version of their responsive pleading, raising a dozen grounds for dismissal. If Defendants' motion for reconsideration is granted and Defendants are allowed to file a third version of their pleading, BlenderBottle will be forced to prepare another complex, expensive motion to dismiss.

Defendants' scorched-earth tactics are designed to make this litigation as costly as possible for BlenderBottle. Defendants hope BlenderBottle will throw in the towel, abandon its rights, and permit Defendants to continue selling knock-offs of BlenderBottle's products. Defendants' application should be denied and its tactics should be condemned.

## II. FACTUAL BACKGROUND

As explained in detail in BlenderBottle's *Ex Parte* Application to Strike (Dkt. 119), Defendants responded to BlenderBottle's Second Amended Complaint by filing an answer and counterclaims (Dkt. 106) and a motion to dismiss (Dkt. 105) on May 31, 2024. The answer and counterclaims were inaccurately titled "Amended Answer, Defenses, and Counterclaims to the Second Amended Complaint." Dkt. 106.

The vast majority of the counterclaims and defenses in Defendants' pleading were frivolous. *See* Dkt. 106. Accordingly, on June 3, 2024, BlenderBottle informed Defendants it intended to file a Rule 11 motion for sanctions. Dkt. 119-1 at 6. That same day, the parties met and conferred about the intended motion. During that conference, counsel discussed not only Defendants' answer and counterclaims, but also their motion to dismiss. Declaration of Ali S. Razai in Support of Opposition to Application for Reconsideration ¶ 4 ("Supp. Razai Decl."). BlenderBottle explained that Defendants' filings contained many errors. For example, BlenderBottle pointed to a portion of Defendants' motion to dismiss that erroneously cited a party's reply brief while describing it as the opinion of the court. *Id.* ¶ 5.

Later that same day, BlenderBottle wrote Defendants and stated: "BlenderBottle's deadline to respond to Defendants' Motion to Dismiss and Defendants' Answer and Counterclaims to the Second Amended Complaint is June 14, 2024. Please let us know if you consent to a 14-day extension of these deadlines." Dkt. 119-1 at 8. Defendants responded: "Would BlenderBottle be willing to agree to a 7-day extension for Hydra Cup to file its Amended MTD and Answer/Defenses/Counterclaims if Hydra Cup agrees to a 14-day extension for BlenderBottle to respond?" *Id*. That was the first time Defendants informed BlenderBottle that they intended to file an amended pleading. Supp. Razai Decl. ¶ 8. Defendants did not ask BlenderBottle to consent to the filing of an amended pleading – it merely asked to extend the deadline for filing an amended pleading. *Id.* ¶ 9; *see also* Dkt. 119-1 at 8. Likewise, BlenderBottle did not ask to see a redlined version of the amended pleading that Defendants intended to file, in order to assess whether it could consent. Supp. Razai Decl. ¶ 9, Ex. 1. Thus, when BlenderBottle accepted Defendants' proposed time extensions, it did not state that it would consent to the amendment. Defendants merely stated: "BlenderBottle agrees to a 7-day extension for Hydra Cup to file its amended Motion to Dismiss and Answer/Defenses/Counterclaims in exchange for a 14-day extension of BlenderBottle's deadline to respond to the amended filings." *Id*. Ex. 1.

At no point did the parties discuss whether BlenderBottle would consent to the amended pleading Defendants intended to file – they only discussed the extra time that each side wanted.

*Id.* ¶ 11. Indeed, Defendants acknowledge in their *ex parte* application that BlenderBottle did not consent to their amended pleading. Application at 18.

The parties filed a joint motion to modify the schedule, which the Court granted. Dkt. 109 and 110. On June 10, 2024, Defendants filed a corrected Motion to Dismiss (Dkt. 111) and an amended pleading styled "Second Amended Answer, Defenses, and Counterclaims" ("SAA"). Dkt. 112. On July 1, 2024, only one week before BlenderBottle's deadline to seek dismissal of the SAA, Defendants filed yet another amended pleading. This third pleading was entitled "Third Amended Answer, Defenses, and Counterclaim ("TAA"). Dkt. 118. On July 3, 2024, BlenderBottle filed an *ex parte* application to strike the TAA. Dkt. 119. Later that day, the Court granted the application to strike. Dkt. 120.

On July 8, 2024, BlenderBottle filed its motion to dismiss the SAA. Dkt. 121. On July 10, 2024, BlenderBottle served a motion for sanctions under Fed. R. Civ. P. 11. Supp. Razai Decl. ¶ 12. The next day, Defendants asked BlenderBottle whether it would consent to an amended pleading. *Id*. at ¶ 12 and Ex. 2. BlenderBottle responded by asking Defendants to provide a redline of the proposed amended pleading so that it could clearly understand what Defendants intended to file. *Id*. at ¶ 12 and Ex. 3. On July 17, 2024, Defendants sent the proposed amended pleading to BlenderBottle, which they claimed would resolve the issues raised in BlenderBottle's Rule 11 motion. *Id*. at ¶ 12 and Ex. 4. That same day, Defendants filed the present application seeking reconsideration of the Court's order striking the TAA. Dkt. 124.

The proposed amended pleading is a fourth version of Defendants' pleading. Supp. Razai Decl. ¶ 16. Because it suffers from nearly all of the problems identified in BlenderBottle's motion to dismiss, and even introduces new issues that would need to be addressed in another motion to dismiss, BlenderBottle refused to consent to the amended pleading. *Id.* Ex. 5.

### III. ARGUMENT

**A.   Defendants Failed To Satisfy The Reconsideration Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Weiner v. Ocwen Fin. Corp.*, 343 F.R.D.

628, 630 (E.D. Cal. 2023) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). Defendants do not argue that the law has changed since the Court struck the TAA. Defendants were therefore obligated to identify newly discovered evidence or a clear error by the Court. *Id.* Defendants have done neither.

Defendants spend much of their brief arguing they are entitled to amend once as a matter of right. Dkt. 124-1 at 13-15, 23. No one would dispute that. But Defendants amended ***twice*** by filing the SAA and then the TAA. Defendants contend that BlenderBottle consented to the SAA, and that the TAA was therefore its one amendment as of right. Dkt. 124-1 at 22. Not so. Defendants never asked BlenderBottle to consent to the SAA, and never sent BlenderBottle a redline version of the SAA so that BlenderBottle could determine whether it could consent. *See supra*, at 2. For its part, BlenderBottle never asked for a redline version of the proposed amended pleading, and it never stated that it would consent to an amended pleading it had never seen. *See supra, at 2-3*. Indeed, Defendants actually concede in their application for reconsideration that BlenderBottle never consented to the SAA.[1] Dkt. 124-1 at 18. This conclusively establishes that the Court made no error, let alone clear error, when it struck the TAA.

In a last-ditch attempt to find clear error, Defendants argue that the "parties' mutual agreement to extend deadlines that was initiated by BlenderBottle effectively nullified Defendants Second Amended Answer" such that "Defendants incomplete answer and motion prematurely filed on 31 May 2024 were deemed null, void, and without legal effect." Dkt. 124-1 at 19. Defendants cite no authority for their "nullification" theory. Because Defendants provide no evidence that any court has ever considered their "nullification" theory, let alone adopted it, this Court's decision not to adopt such a theory cannot be clear error.

Finally, Defendants have not identified any relevant evidence that was newly discovered. Defendants' argument for reconsideration is based on the parties' correspondence about extending the parties' respective deadlines, but none of that correspondence is newly discovered evidence.

---

[1] As Defendants themselves acknowledge, the parties negotiated and agreed to a scheduling change. Dkt. 124-1 at 18.

BlenderBottle submitted that correspondence to the Court when it moved to strike Defendants' TAA. *See* Dkt. 119-1 at 6-53.

Defendants submitted one new email in which they suggest they might amend if they "misplead a counterclaim." Dkt. 124-6. But because they never asked for BlenderBottle's consent in that email, and because BlenderBottle never stated in a response that it would consent, this email does not support Defendants' claim that BlenderBottle consented to their amendment.

Because Defendants identify no change in the law, newly discovered evidence, or clear error by the Court, their request for reconsideration should be denied. *Weiner,* 343 F.R.D. at 630.

## B. Defendants' Request For Sanctions Is Baseless

Defendants ask that BlenderBottle be sanctioned for filing an application whose merit was so apparent that it was granted the same day it was filed. Defendants complain that BlenderBottle made its request through an *ex parte* application, but BlenderBottle had no alternative. BlenderBottle would have been required to respond to the gargantuan TAA before a regularly noticed motion could even be briefed. Moreover, BlenderBottle notified Defendants in advance that it would seek *ex parte* relief – it wrote Defendants and informed them it would seek such relief unless Defendants agreed to withdraw the TAA. Dkt. 119-1 at 31-33. In sum, BlenderBottle's conduct in connection with the TAA has been entirely proper. Defendants' request for sanctions is frivolous.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Application for Reconsideration and Request for Sanctions should be denied.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 31, 2024        By: */s/ Jacob R. Rosenbaum*
    Ali S. Razai
    Sean Murray
    Jacob R. Rosenbaum
    Christian D. Boettcher

Counsel for Plaintiff TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park E, Suite 400, Los Angeles, California 90067.

On July 31, 2024, I served **BLENDERBOTTLE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' THIRD AMENDED ANSWER** on Defendants TRRS Magnate LLC d/b/a Hydra Cup and Thomas Raymus shown below via CM/ECF:

CASEY SCOTT MCKAY
casey@mclaw.io
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
Telephone: (202) 743-1972

MEGHAN PRATSCHLER
meghan@meghantheattorney.com
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Telephone: (415) 335-9226

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 31, 2024, at Los Angeles, California.

*/s/ Phoebe Wong*
Phoebe Wong