Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
Christian D. Boettcher (SBN 342,950)
christian.boettcher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Trove Brands, LLC
d/b/a The BlenderBottle Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC d/b/a HYDRA CUP, a California limited liability company, and THOMAS RAYMUS an individual,<br><br>Defendants. | No. 2:22-cv-02222-TLN-CKD<br><br>**PLAINTIFF BLENDERBOTTLE'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND SECOND AMENDED ANSWER**<br><br>Hon. Troy L. Nunley<br><br>Date:          October 3, 2024<br>Time:          2:00 p.m.<br>Location:    Ctrm 2, 15th Fl. |

1

**TABLE OF CONTENTS**

2
**Page No.**

3   I.      INTRODUCTION ...................................................................................................1

4   II.     FACTUAL BACKGROUND..................................................................................1

5   III.    ARGUMENT...........................................................................................................3

6           A.      Defendants Have Not Satisfied Rule 16's Standard for Modifying the
                    Schedule..................................................................................................3
7
            B.      Defendants Have Not Satisfied Rule 15's Standard for Amending the
8                   Pleadings.................................................................................................4

9                   1.      Defendants' Proposed Amendment Is Futile .......................................4

10                  2.      Defendants' Amendment Was Proposed for an Improper
                            Purpose ...............................................................................................5
11
12                  3.      Defendants' Proposed Amendment Will Unduly Delay the
                            Proceedings and Prejudice BlenderBottle ..........................................6

13          C.      Defendants' Tolling Theory Is Legally Unsupported and Logically
                    Flawed...................................................................................................7
14
15   IV.    CONCLUSION........................................................................................................8

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1    Plaintiff Trove Brands, LLC ("BlenderBottle") opposes the motion for leave to amend

2   (Dkt. 129) of Defendants TRRS Magnate LLC d/b/a Hydra Cup and Thomas Raymus.

3                              I.  **INTRODUCTION**

4    By seeking leave to file a ***fourth*** version of their response to the Second Amended

5   Complaint, Defendants attempt to avoid rulings on BlenderBottle's fully briefed motion to

6   dismiss the second version of Defendants' pleading and its motion for sanctions.  Defendants'

7   gamesmanship is improper.  The Court should exercise its discretion to deny Defendants' motion

8   to amend and rule on the pending motion to dismiss and motion for sanctions.

9    Defendants' motion should also be denied for failure to satisfy either Rule 16 or Rule 15.

10  Defendants failed to even mention Rule 16, and they failed to show the diligence the rule requires.

11  Notably, Defendants ***offer no excuse whatsoever*** for their failure to raise their untimely and

12  unrelated counterclaims eighteen months ago, when they filed their original answer.

13   A motion for leave to amend may be denied under Rule 15 if the motion would be futile,

14  would unduly delay the litigation, would prejudice the opposing party, or was brought in bad faith.

15  Each of these grounds for denial is present here.  Defendants' motion is futile because its proposed

16  amended complaint suffers from almost all the fatal deficiencies identified in BlenderBottle's

17  motion to dismiss, such as the lack of subject matter jurisdiction that makes Defendants'

18  declaratory judgment counterclaims untenable.  Defendants' motion was also brought in bad faith.

19  As discussed in BlenderBottle's motion for sanctions, most of Defendants' new counterclaims

20  were brought for the improper purpose of threatening BlenderBottle intellectual property – patents

21  and trademarks unrelated to the previously asserted claims – in order to coerce BlenderBottle into

22  abandoning its case.  Finally, Defendants' motion should also be denied because it would

23  dramatically delay the case and cause BlenderBottle significant prejudice.

24                          II.  **FACTUAL BACKGROUND**

25   On May 10, 2024, BlenderBottle filed its second amended complaint ("SAC"), pursuant

26  to the Court's order granting BlenderBottle leave to amend.  *See* Dkt. 102.  The SAC did not

27  change the asserted intellectual property or the accused products – it only added Thomas Raymus

28  as a defendant.  *See* Dkt. 102.  On May 31, 2024, Defendants filed a response to the SAC adding

1    for the first time dozens of new counterclaims and affirmative defenses.  Dkt. 105, 106.  After the

2    parties met and conferred, Defendants withdrew their pleading and filed an amended pleading on

3    June 10, 2024.  Dkt. 108, 112.  Defendants' second amended answer and counterclaims ("SAA")

4    still asserted more than 60 counterclaims, the vast majority of which were frivolous and new to

5    the case.  *See* Dkt. 112.  On July 1, 2024, Defendants filed a third amended answer and

6    counterclaims ("TAA") without BlenderBottle's consent or leave of the Court.  Dkt. 118.  The

7    TAA maintained the dozens of baseless counterclaims pled in the first two versions of

8    Defendants' pleading.  *Compare* Dkt. 106, 112, and 118.

9        On July 3, 2024, BlenderBottle filed an *ex parte* application to strike the TAA, which the

10   Court granted.  Dkt. 119 and 120.  On July 8, 2024, BlenderBottle filed its motion to dismiss the

11   SAA.  Dkt. 121.  On July 10, 2024, BlenderBottle served a motion for sanctions under Fed. R.

12   Civ. P. 11.  On July 17, 2024, Defendants sent yet another amended pleading to BlenderBottle,

13   one that was similar but not identical to any of the three versions it had filed with the Court.  That

14   same day, Defendants filed an application for reconsideration of the Court's order striking the

15   TAA.  *See* Dkt. 124.  Because the unfiled proposed amended pleading suffered from nearly all of

16   the problems identified in BlenderBottle's motion to dismiss and Rule 11 motion, BlenderBottle

17   refused to consent to the amended pleading.  On July 22, 2024, Defendants filed an opposition to

18   BlenderBottle's motion to dismiss the SAA.  Dkt. 127.

19       On July 30, 2024, twenty days after BlenderBottle served its Rule 11 motion, Defendants

20   filed the present motion.  Dkt. 129.  Defendants' motion attached a proposed amended pleading

21   (the "Proposed Pleading") that again differed from all three prior filed versions of its pleading,

22   and also from the unfiled version that Defendants sent to BlenderBottle on July 17.  Defendants

23   named the Proposed Pleading "Defendants' Third Amended Answer, Defenses, and

24   Counterclaims," the same name that it gave to the TAA that this Court struck.  Defendants did

25   not provide BlenderBottle or the Court with a redline document comparing the Proposed Pleading

26   with the identically titled TAA.  However, the two documents are not the same.  The Proposed

27   Pleading both deleted and added to the allegations in the TAA.

28

1   The Proposed Pleading still asserts 59 counterclaims, including nearly all of the

2   counterclaims addressed by BlenderBottle's motion to dismiss the SAA and its Rule 11 motion.

3   Dkt. 129-3; *see also* Dkt. 121 and 132.  In particular, Defendants proposed amended pleading

4   asserts 27 declaratory judgment claims directed to 13 unasserted patents and trademarks owned

5   by BlenderBottle.  Dkt. 129-3.

6   On July 31, 2024, BlenderBottle filed an opposition to Defendants' request for

7   reconsideration of the Court's order striking the TAA.  Dkt. 130.  The next day, August 1, 2024,

8   BlenderBottle filed its reply in support of its motion to dismiss the SAA (Dkt. 131), and its Rule

9   11 motion for sanctions (Dkt. 132).

10   ### III.  ARGUMENT

11   **A.   Defendants Have Not Satisfied Rule 16's Standard for Modifying the Schedule**

12   Where, as here, a court deadline to amend has passed, Rule 16(b) governs whether a

13   pleading may be amended after the deadline.  *See Johnson v. Mammoth Recreations, Inc.*, 975

14   F.2d 604, 609 (9th Cir. 1992).  Rule 16(b) requires the moving party to establish good cause for

15   the amendment by showing: (1) that it was diligent in proposing the initial scheduling order, (2)

16   that it was unable to comply with the deadline in that order because of matters that could not have

17   been reasonably foreseen at the time of the scheduling conference; and (3) that it was diligent in

18   seeking amendment.  *Pizana v. SanMedica Int'l LLC*, 2022 WL 1241098, at *5 (E.D. Cal. Apr.

19   27, 2022).  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

20   party seeking the amendment." *Johnson*, 975 F.3d at 609.

21   Defendants' motion does not even mention Rule 16 or argue that good cause exists to

22   modify the scheduling order.  Defendants address diligence only in arguing that they satisfied the

23   more lenient standard of Rule 15.  But their argument is completely without merit.  Defendants

24   argue they were diligent because they moved to amend "21 days after BlenderBottle filed its

25   motion to dismiss." *See* Dkt. 129-1 at 8.  But Defendants never explain why they could not have

26   brought their new counterclaims eighteen months ago when they filed their original answer.  All

27   of the unasserted BlenderBottle intellectual property that Defendants now seek to invalidate

28   existed when this case began.  And nothing has changed since that time.  BlenderBottle has not

3

1    mentioned any of the unasserted intellectual property in correspondence with Defendants, and it

2    has made no statement anywhere that it believes Defendants are infringing the unasserted

3    intellectual property.  Nor did BlenderBottle's SAC justify adding these new counterclaims.  The

4    SAC did not assert new intellectual property or accuse new Hydra Cup products of infringement

5    – it simply added Hydra Cup's CEO and sole employee as a defendant.  Significantly, Defendants

6    never even attempt to explain why they were unable to bring these claims earlier or how their 18-

7    month delay was diligent.  Accordingly, their motion should be denied for failure to satisfy Rule

8    16.  *See Pizana,* 2022 WL 1241098, at \*5 (explaining that the movant must show "it was unable

9    to comply with the deadline in [the scheduling] order because of matters that could not have been

10   reasonably foreseen" and that "it was diligent in seeking amendment"); *see also McAfee v.*

11   *California*, 2008 WL 1901338, at \*3 (E.D. Cal. Apr. 28, 2008).

12   **B.**      **Defendants Have Not Satisfied Rule 15's Standard for Amending the Pleadings**

13        Leave to amend should also be denied under Rule 15.  Under Rule 15, leave to amend

14   should not be granted if the amendment would be futile, would unduly delay the litigation, would

15   prejudice the opposing party, or is sought in bad faith.  *Pizana,* 2022 WL 1241098, at \*9.  All of

16   these grounds for denying leave to amend are present here.

17        **1.**      **Defendants' Proposed Amendment Is Futile**

18        BlenderBottle's motion to dismiss seeks dismissal of the SAA on numerous grounds under

19   Rule 8, Rule 12(b)(1) and Rule 12(b)(6).  Dkt. 121-2.  Almost all of those grounds for dismissal

20   would apply to Defendants' Proposed Pleading if Defendants were granted leave to file it.  For

21   example, Defendants' Proposed Pleading should be dismissed under Rule 8 because it spans over

22   130 pages and includes 59 counterclaims.  *See id.* at 4-5.  The Proposed Pleading also asserts 27

23   counterclaims that should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction

24   because the counterclaims seek declarations relating to unasserted patents and trademarks.  *See*

25   Dkt. 129-3 (Proposed Pleading) at 80-86, 88-92, 112-121; Dkt. 121-2 at 7-10 (motion to dismiss).

26   Defendants still plead baseless affirmative defenses that should be struck under Rule 12(f)

27   because they are unsupported by factual allegations, are directly contradicted by other portions of

28   the Proposed Pleading or are not cognizable defenses.  *See, e.g.*, Dkt. 129-3 (Proposed Pleading)

*1*  at ¶¶ 147, 149, 153-157, 161–170, 177; *see* Dkt. 121-2 (motion to dismiss) at 16-19.  Because

*2*  almost all of the grounds for dismissing the SAA would apply to the corresponding portions of

*3*  the Proposed Pleading, Defendants proposed amendment would be futile.

*4*        Defendants argue that BlenderBottle would not be prejudiced by an amendment because

*5*  it could simply repeat its arguments.  Dkt. 129-1 at 11.  But even if that were true, that does not

*6*  change the fact that Defendants' amendment would be futile and their Proposed Pleading would

*7*  be properly dismissed.

*8*              **2.**      **Defendants' Amendment Was Proposed for an Improper Purpose**

*9*        Defendants argue that their motion to amend is brought in "good faith" to "ensure all

*10*  related disputes between the parties are tried in the same case."  Dkt. 129-1 at 4-5.  Not so.  As

*11*  explained in BlenderBottle's motion for sanctions, Defendants' filing was brought to dramatically

*12*  increase the cost of litigation, delay the proceedings, and threaten unasserted IP in an effort to

*13*  extort a settlement that permits Defendants to continue to sell knock-offs of BlenderBottle's trade

*14*  dress and infringe its patented designs.  *See* Dkt. 132-2 at 18.

*15*        Defendants did not attempt to assert these new counterclaims until after BlenderBottle

*16*  amended its complaint to add Mr. Raymus in his individual capacity.[1]  That modest amendment

*17*  increased the size of BlenderBottle's operative pleading from 37 pages to 39 pages.  *Compare*

*18*  Dkt. 19 to 102.  In response, Defendants filed amended pleading containing ***over thirty baseless***

*19*  ***new affirmative defenses and over fifty baseless new counterclaims***, extending Defendants'

*20*  operative pleading from 30 pages to 414 pages.  *Compare* Dkt. 16 to 106.  If these defenses and

*21*  counterclaims were legitimate, Mr. Raymus would have caused Hydra Cup to assert them in its

*22*  original pleading eighteen months ago.  Defendants do not even argue that something prevented

*23*  them from doing so.

*24*

*25*

*26*         [1] Defendants argue that BlenderBottle delayed this case by adding Mr. Raymus, and that it did so to put pressure on Mr. Raymus to accept settlement.  But as the Court acknowledged in its order granting BlenderBottle's motion to amend, BlenderBottle was diligent in seeking to amend to add Mr. Raymus, and did so only after it learned of facts supporting Mr. Raymus's personal involvement in the infringing acts.  Dkt. 99 at 5.

*27*

*28*

1    In fact, these new claims and defenses are not legitimate, but retaliatory and coercive.

2  They were brought to waste BlenderBottle's time and resources and drive up BlenderBottle's

3  costs.  They were also meant to threaten BlenderBottle's IP portfolio in an effort to coerce

4  BlenderBottle into abandoning its legal rights and tolerating Defendants' continued willful

5  infringement.  Defendants' improper practice of repeatedly filing modified versions of its

6  pleading, and even seeking reconsideration of the Court's ruling on the TAA, caused

7  BlenderBottle to waste even more time and resources and aggravated the prejudice to

8  BlenderBottle.   Defendants' egregious misconduct with respect to its responsive pleading

9  constitutes bad faith and warrants denial of its motion for leave to amend.

10   **3.        Defendants' Proposed Amendment Will Unduly Delay the Proceedings and**

11   **Prejudice BlenderBottle**

12    Defendants argue that their proposed amendment would cause no delay because sixty days

13  of fact discovery remain and no trial date has been set.  Dkt. 129-1 at 9-10.  But they elsewhere

14  acknowledge this is untrue, and that their new claims and defenses would require that discovery

15  be extended an additional 60-90 days.  Dkt. 129-1 at 10 n.23.

16    Even four to five months of additional discovery would be insufficient to address eleven

17  new patents, two new registered trademarks, thirty new affirmative defenses and fifty new

18  counterclaims, including a complex monopolization claim and multiple counterclaims of

19  inequitable conduct of unasserted patents and trademarks.  The parties required almost two years

20  to reach the close of discovery, though BlenderBottle asserted only three patents and four trade

21  dresses. Defendants' antitrust claim alone could require a year of fact and expert discovery.  Their

22  challenges to eleven unasserted patents would require an entirely new claim construction process,

23  including the exchange of proposed constructions, multiple rounds of briefing, and another

24  hearing.   Thus, Defendants' contention that its enormous amendment would not delay the

25  proceedings is completely divorced from reality.  That amendment would require re-starting this

26  case from the beginning, dramatically delaying the case and severely prejudicing BlenderBottle

27  by delaying its day in court and the judgment that will finally put a stop to Defendants' blatant

28  infringement.  This significant delay, along with the concomitant prejudice to BlenderBottle, is

1    another reason Defendants' motion for leave should be denied.  *See Morongo Band of Mission*

2    *Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the district court's denial of leave

3    to amend based on "the inordinate delay, prejudice to the defendants, the fact that the amended

4    complaint would greatly change the nature of the litigation, and the potential futility of the

5    claims").

6    **C.      Defendants' Tolling Theory Is Legally Unsupported and Logically Flawed**

7              Finally, Defendants argue they should be permitted to amend because they filed their SAA

8    a few hours after they filed their motion to dismiss.  Dkt. 129-1 at 13.  Defendants point out that

9    their motion to dismiss tolled their deadline to respond to the SAC until fourteen days after Court

10   ruled on their motion.  *Id.*  But under Defendants' novel theory, when they nevertheless proceeded

11   to file their SAA and TAA, these pleadings were "legally ineffective" because they were filed

12   before the Court ruled on their motion to dismiss.  *Id.*  According to Defendants, their deadline to

13   respond is still tolled because the Court has not yet decided their motion.

14             For at least two reasons, Defendants' tolling argument is without merit.  First, even though

15   Defendant's deadline to file their response was tolled, nothing in Rule 12(a) prevented Defendants

16   from filing an answer earlier.  *See* Fed. R. Civ. P. 12(a)(4).  The rule never states that the response

17   may be filed only after the Court rules on the motion to dismiss.  Unsurprisingly, Defendants cite

18   no authority for their argument that the SAA and TAA were "ineffective" and should be treated

19   as if they never existed.

20             Defendants' argument is also logically inconsistent with their last two motions.

21   Specifically, if Defendants' tolling argument were sound, the TAA also would have been

22   "ineffective."  Defendants would have had no basis for seeking reconsideration of the Court's

23   decision to strike that pleading.  Similarly, Defendants' tolling argument would mean their

24   Proposed Pleading would also be "ineffective" under Rule 12(a), making the present motion for

25   leave futile.  Defendants are therefore advocating a novel legal theory that is completely

26   inconsistent with their last two motions.  All of the time and resources expended by BlenderBottle

27   and the Court would have been for nothing.  The Court should decline to adopt Defendants' tolling

28   theory.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for leave to amend should be denied.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 13, 2024        By: */s/ Jacob R. Rosenbaum*
                                           Ali S. Razai
                                           Sean Murray
                                           Jacob R. Rosenbaum
                                           Christian D. Boettcher

Counsel for Plaintiff TROVE  BRANDS,  LLC  d/b/a  THE BLENDERBOTTLE COMPANY

59812802

**CERTIFICATE OF SERVICE**

I am a citizen of the United States of America, and I am employed in Irvine**,** California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On August 13, 2024, I served **PLAINTIFF BLENDERBOTTLE'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND SECOND AMENDED ANSWER** on defendant TRRS Magnate LLC d/b/a Hydra Cup shown below via CM/ECF:

MEGHAN PRATSCHLER
meghan@meghantheattorney.com
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Telephone: (415) 335-9226

CASEY SCOTT MCKAY
casey@mclaw.io
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
Telephone: (202) 743-1972

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 13, 2024, at San Diego, California.

/s/ Estefania Munoz
Estefania Munoz

Blenderbottle's Opp'n to Motion to Amend
Case No. 2:22-CV-02222-TLN-CKD