UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROVE BRANDS, LLC dba THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRRS MAGNATE LLC dba HYDRA CUP, a California limited liability company, and THOMAS RAYMUS, an individual,<br><br>Defendants. | No. 2:22-cv-02222-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants TRRS Magnate LLC dba Hydra Cup ("Hydra Cup") and Thomas Raymus's ("Raymus") (collectively, "Defendants") Motion to Amend the Scheduling Order and for Leave to File an Amended Answer. (ECF No. 150.) Plaintiff Trove Brands, LLC dba The BlenderBottle Company ("Plaintiff") filed an opposition. (ECF No. 158.) Defendants filed a reply. (ECF No. 162.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion.

///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recite the full factual background of this case as it is set forth fully in the Court's prior order denying Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 161.) In short, this case arises out of an intellectual property dispute. (*Id.* at 2.) Plaintiff and Defendants manufacture and sell shaker bottles used to mix powder with liquid. (*Id.*) Plaintiff is a Utah limited liability company, Hydra Cup is a California limited liability company, and Raymus is the owner, CEO, and sole employee of Hydra Cup. (*Id.*) Plaintiff alleges Defendants manufacture, use, sell, offer for sale, promote, advertise, and/or import into the United States shaker bottles that infringe on Plaintiff's intellectual property rights. (*Id.* at 4–5.) Plaintiff initiated this action on December 14, 2022. (ECF No. 1.) Plaintiff filed the operative SAC on May 10, 2024, asserting various state law claims and federal patent and trade dress infringement claims. (ECF No. 102 at 21–37.)

On June 10 and 11, 2024, Defendants filed a 267-page answer with counterclaims and over 1,669 pages of exhibits. (ECF Nos. 112, 113.) On July 1, 2024, without seeking leave to amend, Defendants filed a 290-page amended answer with counterclaims and 1,689 pages of exhibits attached. (ECF No. 118.) Plaintiff filed an *ex parte* application to strike the amended answer, arguing the amended answer and counterclaims were procedurally improper. (ECF No. 119.) The Court agreed and struck the amended answer and counterclaims. (ECF No. 120.)

The parties filed a flurry of motions thereafter. On July 8, 2024, Plaintiff filed a motion to dismiss Defendants' counterclaims and strike Defendants' affirmative defenses. (ECF No. 121.) On July 17, 2024, Defendants file a motion for reconsideration of the Court's decision to strike the amended answer. (ECF No. 124.) On July 30, 2024, Defendants filed a motion to amend their answer. (ECF No. 129.) On August 1, 2024, Plaintiff filed a motion for sanctions, seeking sanctions for having to respond to Defendants' purportedly frivolous answer. (ECF No. 132.) On February 18, 2025, Defendants filed the instant motion to amend the scheduling order and motion to file an amended answer. (ECF No. 150.) On March 3, 2025, Defendants filed a motion for sanctions, seeking sanctions against Plaintiff for filing its motion for sanctions. (ECF No. 157.)

///

2

As will be discussed, the Court intends to grant Defendants' request to file an amended answer. Therefore, the motions that relate to the currently operative answer will be rendered moot. (ECF Nos. 121, 124, 129.) The Court will address the parties' pending motions for sanctions in a future order. Accordingly, the Court only addresses Defendants' most recent motion to amend herein. (ECF No. 150.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 16(b) states the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When the Court issues a scheduling order that establishes a timetable to amend the pleadings, Rule 16 governs any amendments to the pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, the moving party must show good cause for not having amended the pleadings before the time specified in the scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Granting or denying leave to amend rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

///

///

### III.    ANALYSIS

As seems to be the pattern with Defendants' filings, Defendants' motion to amend is lengthy, repetitive, disorganized, and difficult to follow. (*See* ECF No. 150-1 at 1–31; *see also* ECF No. 156 (unredacted version).) In summary, Defendants appear to argue Plaintiff impeded discovery efforts prior to the original discovery deadline and then produced over 21,000 files at the end of discovery. (ECF No. 150-1 at 2.) Defendants argue Plaintiff's tactical delays have severely impaired Defendants' ability to collect information during the discovery period. (*Id.*) Therefore, Defendants request an additional 60 days to complete discovery. (*Id.*) Defendants also seek leave to file an amended answer based on purportedly new information from the 21,000 files. (*Id.*) Defendants indicate the amended answer would: (1) withdraw certain defenses and twenty counterclaims no longer worth pursuing; (2) add and correct additional defenses and counterclaims based on Plaintiff's motion for sanctions; (3) update the "hastily filed pleadings," reduce the length by almost 30 percent, fix general issues throughout, and consolidate duplicative allegations; and (4) add allegations and claims and restructure certain defenses. (*Id.* at 3 n.1.)

In opposition, Plaintiff argues Defendants do not explain their failure to raise their untimely and unrelated counterclaims when they filed their original answer. (ECF No. 158 at 4.) Plaintiff further argues Defendants fail to explain why an additional 60 days of discovery is needed when the Court already granted a 60-day discovery period to Defendants to take five depositions and conduct "follow-up" discovery. (*Id.*) Lastly, Plaintiff argues Defendants' request to amend would unduly delay the present litigation, cause prejudice to Plaintiff, is brought in bad faith, and is futile. (*Id.*)

As to whether Defendants have shown good cause under Rule 16, while it is a close call, the Court finds Defendants have been reasonably diligent. Not only has this case been delayed by multiple discovery disputes from both parties, but Plaintiff does not refute Defendants' assertion that Plaintiff sent Defendants over 21,000 documents at the end of the original discovery deadline. Further, although Defendants' prior attempts to amend were procedurally improper, the Court cannot say Defendants have been careless. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

4

As for the Rule 15 factors, the Court agrees with Plaintiff that allowing Defendants to allege new counterclaims and defenses at this late stage would unduly delay the litigation, which has been pending since 2022, and cause significant prejudice to Plaintiff as discovery would need to be further extended to address the new counterclaims. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) ("[T]he consideration of prejudice to the opposing party … carries the most weight."). As previously mentioned, Defendants' briefing lacks clarity, and they fail to clearly or sufficiently justify how each of their proposed new claims and defenses are based on information not known or capable of being known to Defendants sooner. The Court also has serious concerns about Defendants' intentions in bringing new claims and defenses at this late stage and the viability of such claims, especially considering Defendants have repeatedly filed excessively long answers in the past that appear to have included at least some baseless claims and defenses. (*See, e.g.*, ECF No. 150-1 at 3 n.1, 7–8 (Defendants describe all the issues with their operative answer and discuss their past efforts to withdraw various counterclaims and defenses).) The Court will, however, allow Defendants to file an amended answer curing the deficiencies that Defendants acknowledge exist in the currently operative answer. Lastly, for the reasons already discussed, Defendants fail to convince the Court there is good cause to modify the current discovery deadline, which has already been extended by 60 days. (*See* ECF No. 117.)

The Court makes one final note. In the instant motion, which has over 300 pages of exhibits attached and includes 46 footnotes, Defendants assert "page length has no effect on the merit of the pleadings." (ECF No. 150-1 at 21.) While Defendants' assertion is technically true, the Court notes it is often the case — and it is certainly the case here — that excessively long, disorganized filings muddle the parties' arguments and greatly undermine the interests of judicial economy. *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief."). The Court has repeatedly reprimanded Defendants for such filings. For example, on January 17, 2025, the Court ordered the parties to file a joint status report

regarding how Defendants' motion to amend would impact the pending motions in this case. (ECF No. 142.)  Rather than file a clear, concise joint status report, Defendants filed a 25-page brief with over 300 pages of exhibits attached and 25 footnotes.  (ECF No. 144; *see also* ECF No. 146 (the Court noting in response to Defendants' request to seal that "Defendants have demonstrated a pattern of excessive and disorganized filings that have undermined the interests of judicial economy.").)  The Court is also concerned that Defendants continually seek to undermine the Court's standing order on page limits by submitting briefs using legal-sized paper and excessive footnotes.  The Court will strike Defendants' briefing that exceeds or is deemed to have circumvented the applicable page limits.  Finally, while the Court declines to address the parties' motions for sanctions in this Order, if the Court later determines that Defendants' past or future filings are frivolous, brought for an improper purpose, or are designed to cause needless delay, the Court will not hesitate to sanction Defendants.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Amend the Scheduling Order and for Leave to File an Amended Answer (ECF No. 150) as follows:

1. The Court GRANTS Defendants' request to file an amended answer.  However, Defendants' amendments are limited to withdrawing claims and defenses, correcting currently pleaded claims and defenses, and making general fixes to reduce the length and improve the clarity of the pleading.  Defendants may not add new defenses or counterclaims to the amended answer.  Defendants shall file the amended answer not later than thirty (30) days from the electronic filing date of this Order.  Plaintiff's responsive pleading to Defendants' counterclaims is due not later than twenty-one (21) days from the electronic filing date of the amended answer.

2. The Court DENIES Defendants' request to amend the Scheduling Order to extend the discovery deadline.

To the extent Defendants seek some other related forms of relief in their motion, those requests are DENIED.  Because Defendants' amended answer will supersede the currently

operative answer, the Court DENIES as moot Plaintiff's motion to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses (ECF No. 121), Defendants' motion for reconsideration of the Court's decision to strike the amended answer (ECF No. 124), and Defendants' prior motion to amend their answer and counterclaims (ECF No. 129). The Court will rule on the parties' motions for sanctions in a separate order.

The deadlines set forth in ECF No. 117 shall run from the electronic filing date of Defendants' amended answer. To be clear, this means the stay of discovery will be lifted upon the electronic filing date of Defendants' amended answer and the deadline to complete non-expert discovery to the extent allowed by the Court in ECF No. 99 will be sixty (60) days from the electronic filing date of Defendants' amended answer. The remaining deadlines will then follow the schedule set forth in ECF No. 117.

IT IS SO ORDERED.

Date: March 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE